















RYC    8/11/05    11:03

3:02-CV-02060    LUCENT TECHNOLOGIES V. GATEWAY INC

*325*

*O.*

FILED

05 AUG 11  AM 9: 24

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> GATEWAY, INC AND GATEWAY COUNTRY STORES LLC; MICROSOFT CORP.; and DELL, INC., ) <br><br> Defendants. ) | Case Nos.:  02CV2060-B(WMc); <br> 03CV0699-B(WMc); <br> 03CV1108-B(WMc) <br><br> **ORDER GRANTING IN-PART AND DENYING IN-PART MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT CLAIMS 13, 14, 15, 16, AND 17 OF U.S. PATENT NO. 5,227,878 ARE INVALID UNDER 35 U.S.C. § 112(2)** |

**I.**

Lucent Technologies, Inc. ("Lucent") is suing Microsoft, Inc. ("Microsoft") and two licensees, Dell, Inc. and Gateway, Inc., for infringing several patents relating to digital compression of audio and video files.  Microsoft has raised several defenses to infringement.  In the present motion, Microsoft asserts that independent Claim 13, and dependant Claims 14-17, of United States Patent No. 5,227,878 (the "'878 patent") are invalid under Title 35, Section 112 paragraph 2 for failure to specifically claim what the inventor regards as his invention.  Microsoft argues the claims are indefinite because the

1

02CV2060; 03CV0699; 03CV1108

325

1   United States Patent and Trademark Office (the "PTO") omitted a limitation from Claim 13

2   when it was printing the '878 patent. Lucent responds that the Court should correct any

3   error found in the patent as issued, or alternatively, that the patent is valid as issued. The

4   Court declines Lucent's request to correct the '878 patent. Furthermore, the Court finds

5   that Claim 13 and its dependent claims, as issued, are indefinite because these claims are

6   broader than the claims that were allowed by the PTO. Thus, the claims do not

7   "specifically claim what the inventor regards as his invention." Therefore, the Court

8   GRANTS summary adjudication that Claims 13, 14, 15, 16 & 17 are indefinite.[1]

9                                                **II.**

10          The '878 patent covers an adaptive video frame and field coder and decoder. The

11  patent issued on November 15, 1991, and lists Atul Puri and Rangajan Aravind as inventors

12  and AT&T Bell Laboratories as assignee. Lucent later succeeded to AT&T's interests in

13  the '878 patent.

14          Claim 13 of the '878 patent as allowed by the PTO reads:

15          13.  An apparatus for decoding a compressed digital video signal, comprising:

16                  a means for receiving a compressed digital video bit stream; and

17                  a means responsive to a motion compensation type signal for selectively and

18                  adaptively performing motion compensated decoding of frames <u>of the</u>

19                  <u>compressed digital video bit stream and fields</u> of the compressed video bit

20                  stream. (Emphasis added).

21          However, when the PTO prepared the final patent for publication it made a

22  transcription error and omitted the underlined language. Thus, Claim 13 in the issued

23  patent reads:

24

25  _____

26          [1] The Court grants summary adjudication on Claims 14, 16, & 17 to extent that these claims

27  are properly before the Court.

28                                              2                        02CV2060; 03CV0699; 03CV1108

13. An apparatus for decoding a compressed digital video signal, comprising:

       a means for receiving a compressed digital video bit stream; and

       a means responsive to a motion compensation type signal for selectively and adaptively performing motion compensated decoding of frames of the compressed video bit stream.

On its face, issued Claim 13 is broader than allowed Claim 13. Claim 13, as allowed, required a means responsive to a signal for decoding frames of the compressed digital video bit stream and fields of the compressed video bit stream, but the claim as issued only requires a means responsive to a signal for decoding frames of the compressed video bit stream. Thus, the issued claim lacks the fields limitation. Since the issued claim lacks this limitation, Microsoft contends the claim, and claims depending from it, are invalid under Section 112 because they fail to state what the inventors regarded as their invention.

## III.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The burden of establishing entitlement to summary judgment is on the moving party. *See Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1571 (Fed. Cir. 1991). Microsoft may discharge this burden by showing that "there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. If

02CV2060; 03CV0699; 03CV1108

1   Microsoft meets this burden, then Lucent cannot defeat summary judgment by merely

2   demonstrating "that there is some metaphysical doubt as to the material facts." *See*

3   *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Triton*

4   *Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995)(citing *Anderson*, 477

5   U.S. at 252 ("The mere existence of a scintilla of evidence in support of the non-moving

6   party's position is not sufficient.")) Rather, Lucent must "go beyond the pleadings and by

7   [its] own affidavits, or by 'the depositions, answers to interrogatories, and admission on

8   file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See Celotex*,

9   477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). On the other hand, all inferences drawn

10  from the underlying facts must be viewed in the light most favorable to Lucent. *See*

11  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

12  **IV.**

13      It is undisputed that the PTO erroneously transcribed Claim 13 of the '878 patent.

14  Lucent urges the Court to correct the PTO's error.[2] The Court may correct an error in a

15  patent where "(1) the correction is not subject to reasonable debate based on consideration

16  of the claim language and the specification and (2) the prosecution history does not suggest

17  a different interpretation of the claims." *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d

18  1348, 1357 (Fed. Cir. 2003). According to Lucent, that is the case here. Lucent contends

19  that the error is clear from the claim language and specification because "dependent claim

20  15 is directed to an embodiment of 'the apparatus of claim 13' that has a means for

21  responding to both 'frame motion vectors and field motion vectors.'"

22      The Court disagrees with Lucent's characterization of error at issue and therefore

23  refuses to correct Claim 13. Recently, the Federal Circuit reviewed application of the *Novo*

24  *Industries* test. In *Group One Ltd. v. Hallmark Cards, Inc.* the Federal Circuit affirmed a

25  _____

26      [2] The Court notes that Lucent has failed to bring a formal motion for correction. But Microsoft

27  addressed Lucent's position in its reply and the issue was fully discussed at oral argument.

28  4

1    trial court finding that an uncorrected patent was indefinite. *See* 2005 WL 1138998 at *1, 4

2    (Fed. Cir. May 16, 2005). There, a transcription error by the PTO resulted in the deletion

3    of a phrase from Group One's patent. *Id.* at *3.[3] Because of the nature of the deletion,

4    someone reading the *Group One* patent could not "discern what language is missing from

5    the patent simply by reading the patent." *Id.* at *4. The Federal Circuit agreed with the

6    trial court that, where the reader of a patent cannot ascertain an error from the face of the

7    patent, the error can only be corrected by the PTO. *Id.* at *3 (citing *Novo Industries*, 350

8    F.3d at 1357-58). Here, the PTO erroneously omitted an entire phrase from Claim 13.

9    Claim 13, as issued, is grammatically correct and would provide no notice to one of skill in

10   the art that several words were missing. Furthermore, the specification supports the scope

11   of Claim 13 as issued. Since the error in Claim 13 is not apparent from reading the patent,

12   the Court may not correct the error.

13          Since the Court cannot correct the PTO's transcription error, the Court must decide

14   whether the uncorrected Claim 13 is indefinite because it fails to claim what the inventors

15   regard as their invention. Title 35 Section 112, paragraph 2, provides: "[t]he specification

16   shall conclude with one or more claims particularly pointing out and distinctly claiming the

17   subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2.

18   Ordinarily the requirement to "distinctly" claim means that the correctly construed claim

19   must have a meaning discernible to one of ordinary skill in the art. *Union Pac. Res. Co. v.*

20   *Chesapeake Energy Corp.*, 236 F.3d 684, 692 (Fed.Cir.2001). Here, there is little debate

21   that both the issued claim and the approved claim have meanings that are discernible to one

22

23          [3] In *Group One* claim 1 of the issued patent ended with the phrase "stripping means (36) for

24   separating the ribbon from said mechanical drive wheel means." *Group One* at *2. However, the end

25   of claim 1 should have read "stripping means (36) for separating the ribbon from said mechanical drive

26   wheel means *in order to prevent said ribbon from adversely affecting operation of said mechanical*

27   *drive wheel means by adhering to said mechanical drive wheel means.*" *Group One*, at *3.

28                                              5                      02CV2060; 03CV0699; 03CV1108

1    of ordinary skill in the art. Rather, Microsoft argues that Claim 13 is indefinite because it

2    lacks an element that was part of the invention as conceived by the inventors, and allowed

3    by the PTO.

4         There is no case that is directly on point. Microsoft cites *Novo Indus., L.P. v. Micro*

5    *Molds Corp.* and *Group One Ltd. v. Hallmark Cards, Inc.* as cases where a patent could not

6    be corrected by the trial court and was therefore held indefinite. But these cases are

7    inapposite to the situation here. In *Novo Industries* the trial court construed the word "a" to

8    mean "and." *See* 350 F.3d at 1353 (Fed. Cir. 2003). The Federal Circuit reversed the trial

9    court, and held the patent indefinite. *Id.* at 1349. However, in reaching its decision the

10   Circuit Court noted that several potential definitions of the terms at issue were advanced,

11   including more than one by the patentee. *Id.* at 1352, 1353, and 1358. Here, unlike *Novo*

12   *Industries*, there is no argument that the claim language is open to several interpretations.

13        *Group One* also is distinguishable. As already discussed, in *Group One* the Federal

14   Circuit affirmed a trial court finding that an uncorrected patent was indefinite because a

15   transcription error by the PTO omitted a phrase from one of the claims. *See* 2005 WL

16   1138998 at *1, 3, and 4. But unlike this case, the *Group One* patentee "made no claim that

17   the omitted language is not essential to validity." *Id.* at 4. Here, Lucent disputes that the

18   omitted language is essential to validity. Lucent asserts that Claim 13 as issued is

19   sufficiently definite and encompasses Claim 13 as allowed. According to Lucent, since the

20   issued Claim 13 covers decoding of frames, it must also cover decoding of frames and

21   fields.

22        Lucent cites *Allen Eng'g Corp. v. Bartell Indus., Inc.*, in support of its position that

23   Claim 13 is sufficiently definite as issued. 299 F.3d 1336 (Fed. Cir. 2002). But this case,

24   too, is distinguishable. The *Allen Eng'g* Court held a patent indefinite where the claims as

25   issued excluded what the patentees perceived as their invention. *Allen Eng'g* says nothing

26   about whether a claim that is issued in a broader form than allowed by the PTO fails to

27   particularly point out and distinctly claim the subject matter of the invention. Therefore

28

02CV2060; 03CV0699; 03CV1108

1  *Allen Eng'g* is of little or no application because Lucent's position is not the same as the

2  patentee's in *Allen Eng'g*.

3          Thus, neither party has provided the Court with caselaw that is on point.

4  Furthermore, the Court's own research has not uncovered any case where the PTO similarly

5  erroneously omitted a claim element, the patentee failed to seek correction of the patent,

6  and the patentee nevertheless successfully obtained enforcement of the patent because the

7  claim was supported by the specification and therefore valid.

8          The Court finds that Claim 13, as issued, is broader than what was allowed by the

9  PTO, and therefore enforcing the uncorrected Claim 13 would grant Lucent the power to

10  exclude products from the marketplace that are not covered by the allowed claim.  At oral

11  argument, Lucent contended that it was entitled to such power.  Lucent even argued that, as

12  long as the specification supported the overly broad claim 13, the Court cannot refuse to

13  enforce the issued Claim 13 against an accused infringer unless the claim is anticipated, or

14  otherwise legally defective.  The Court rejects Lucent's position.  The Court holds that

15  under the factual circumstances of this case, Claim 13 is invalid for indefiniteness because

16  it fails to particularly point out and distinctly claim the subject matter which the applicants

17  regarded as their invention.  Here, the Court defines "the subject matter which the

18  applicants regarded as their invention" to mean the claims the applicant presented to the

19  PTO that were allowed.

20  *Dependent Claims 14-17*

21          Microsoft also argues that Claims 14 - 17 are indefinite because these claims depend

22  from Claim 13.  The Court first considers Claim 15 because Lucent has affirmatively

23  asserted only Claims 13 and 15 against the defendants.

24  //

25  //

26  //

27  //

28                                    7                   02CV2060; 03CV0699; 03CV1108

1  Claim 15 reads:

2      15. The apparatus in claim 13, in which the decoding means

3  comprises:

4        a means responsive to a motion compensation type signal and

5        selectively responsive to frame motion vectors and field motion

6        vectors for producing an adaptive motion compensated estimate

7        of a decoded video signal;

8        a means responsive to the compressed digital video bit stream

9        for producing a decoded estimate error signal; and

10        a means responsive to the adaptive motion compensated

11        estimate and the estimate error signal for producing a decoded

12        video signal.

13      Microsoft argues that Claim 15 suffers from the same defect as Claim 13 because

14  Claim 15 incorporates Claim 13. Lucent responds that Claim 15 includes a field limitation

15  that rescues Claim 15 from the flaw of Claim 13. The omitted field limitation in Claim 13

16  is "a means responsive to a motion compensation type signal for selectively and adaptively

17  performing motion compensated decoding of ... fields ..." Claim 15 includes as a limitation

18  "a means responsive to a motion compensation type signal and selectively responsive to

19  frame motion vectors and field motion vectors ..." However, Lucent provides no analysis

20  for its position, other than to hold the words of each claim beside each other. Given this

21  lack of analysis, the Court finds that Lucent has failed to demonstrate that this field

22  limitation in Claim 15 is equivalent to the field limitation omitted from Claim 13.

23  Therefore, the Court similarly finds Claim 15 indefinite because it depends on

24  incorporation of an omitted portion of Claim 13.

25      Microsoft also argues that dependent Claims 14, 16, & 17 are indefinite for the same

26  reason as Claim 15. Lucent responds that these claims are not properly before the Court

27  because Lucent has not asserted the claims agaisnt Microsoft. However, Lucent has not

28

8

1 | filed a motion to dismiss Microsoft's request for declaratory relief for lack of subject matter

2 | jurisdiction. Furthermore, neither party has provided the Court with evidence regarding

3 | whether Microsoft has a reasonable apprehension of being accused of infringing Claims 14,

4 | 16, & 17. Under the circumstances the Court finds that, to the extent Claims 14, 16, & 17

5 | are properly before the Court, these claims are indefinite for failure to particularly point out

6 | what the applicants regarded as their invention.[4]

7 |                                         **V.**

8 |     Microsoft's motion for summary adjudication is GRANTED as to Claims 13 and 15,

9 | and GRANTED as to Claims 14, 16, and 17 to the extent the Court has subject matter

10 | jurisdiction over these claims.

11 |

12 | **IT IS SO ORDERED.**

13 |

14 |

15 | Dated:    8-9-05          _____

16 |                          UNITED STATES SENIOR DISTRICT JUDGE

17 | cc:    All Parties

18 |        The Honorable William McCurine Jr., United States Magistrate Judge

19 |

20 |

21 |

22 |

23 |

24 |

25 |     [4] If Claims 14, 16, & 17 are not before the Court, then Microsoft's motion must be denied as

26 | to these claims because the Court lacks subject matter jurisdiction of the claims. However, in either

27 | event Claims 14, 16, & 17 are no longer in the suit.

28 |                                         9                    02CV2060; 03CV0699; 03CV1108