**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervenor and Counter-claimant, <br><br>_____ <br><br> MICROSOFT CORPORATION, <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant and Counter-claimant <br><br>_____ <br><br> LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC., <br><br> Defendant. <br><br>_____ | **Civil No:** 02CV2060-B(CAB) <br> consolidated with <br> **Civil No:** 03CV0699-B (CAB) and <br> **Civil No:** 03CV1108-B (CAB) <br><br> **ORDER ON MOTIONS IN LIMINE FOR GROUP 2 TRIAL** |

02CV2060-B (CAB)

1    On January 3, 2007, the Court heard motions *in limine* for the upcoming trial on
2 Group 2 patents, U.S. Patent Nos. 5,341,457 ("the '457 patent") and RE 39,080 ("the '080
3 patent"), at issue between Lucent and Microsoft. Based on the arguments presented and the
4 briefs submitted by the parties, the Court hereby rules on these motions as follows:

| Motion No. | Motion *in limine* | Ruling |
|---|---|---|
| Lucent No. 1 [Docket No. 615] | Preclude testimony of James D. Johnston | **GRANTED-IN-PART/DENIED-IN-PART**; Inventor may not testify as to any issues of invalidity. |
| Lucent No. 2 [Docket No. 616] | Preclude expert testimony of John Rogitz on inequitable conduct, ownership, inventorship and USPTO procedures | **DENIED** |
| Lucent No. 3 [Docket No. 617] | Preclude testimony on Lucent's ePAC software as an embodiment | **DENIED** |
| Lucent No. 4 [Docket No. 618] | Preclude testimony, evidence re *Dolby* case | **GRANTED**; Prior statements may be used for purposes of impeachment but no references may be made to the Dolby case, opinions, judgments thereon. |
| Lucent No. 5 [Docket No. 619] | Preclude testimony on Lucent's unrelated legal matters | **GRANTED** |
| Lucent No. 6 [Docket No. 620] | Preclude expert testimony of unsupported allegations of non-infringing alternatives | **GRANTED** |
| Lucent No. 7 [Docket No. 621] | Preclude Microsoft from presenting evidence about future trials | **GRANTED**; Statements made in reference to issues presented in other trials may be admissible for impeachment but no reference may be made to the future trials. |
| Lucent No. 8 [Docket No. 622] | Preclude Microsoft from presenting evidence and argument regarding settlement negotiations | **GRANTED** |

| Motion No. | Motion *in limine* | Ruling |
|---|---|---|
| Lucent No. 9 [Docket No. 623] | Preclude Microsoft from presenting evidence and argument regarding Lucent's market capitalization, licencing revenues or valuation | **GRANTED** |
| Lucent No. 10 [Docket No. 624] | Preclude Microsoft from presenting evidence not disclosed in discovery (foreign distribution of software) | **GRANTED** |
| Lucent No. 11 [Docket No. 625] | Preclude testimony of untimely disclosed witnesses | **DENIED**; all witnesses disclosed before close of discovery may testify; Dr. Quackenbush also may testify; Lucent may depose these witnesses as necessary before trial. |
| Lucent No. 12 [Docket No. 626] | Preclude evidence offered in Napper's 10/23/06 supplemental expert report and 11/10/06 deposition | **DENIED** |
| Lucent No. 13 [Docket No. 627] | Preclude testimony regarding alleged "design-arounds" | **DENIED** |
| Lucent No. 14 [Docket No. 628] | To bifurcate equitable defenses into a separate bench trial and preclude jury from hearing evidence, argument or reference to the equitable issues | **DENIED** |
| Lucent No. 15 [Docket No. 629] | Preclude elicitation of duplicative testimony from multiple experts at trial | **GRANTED** |
| Lucent No. 16 [Docket No. 630] | Preclude evidence or argument on documents first produced on Dec. 10, 2006 | **DENIED** |
| Microsoft No. 1 [Docket No. 637] | Preclude mention of other legal proceedings regarding Microsoft | **DENIED**; Prior statements may be used but no references may be made to the other proceedings, opinions, judgments thereon. |
| Microsoft No. 2 [Docket No. 639] | Preclude reference to Microsoft's unaccused products | **DENIED** |
| Microsoft No. 3 [Docket No. 641] | Preclude Lucent from arguing that its inventions drive sales of Windows or computer systems | **DENIED** |

| Motion No. | Motion *in limine* | Ruling |
|---|---|---|
| Microsoft No. 4 [Docket No. 643] | Preclude presentation of a damages model that depends on price of third party computers rather than Microsoft's software | **DENIED** |
| Microsoft No. 5 [Docket No. 645] | Preclude Roger Smith from testifying about IBM's licensing policy or "the industry's" purported adoption of such | **DENIED** |
| Microsoft No. 6 [Docket No. 647] | Preclude testimony about IBM's licensing policy or "the industry's" purported adoption of such | **DENIED** |
| Microsoft No. 7 [Docket No. 649] | Preclude Lucent's damage experts from endorsing the work of others | **GRANTED**; Expert may base his or her opinion on calculations of another but may not vouch for those calculations. |
| Microsoft No. 8 [Docket No. 651] | Preclude testimony on Lucent's damages theories | **DENIED** |
| Microsoft No. 9 [Docket No. 653] | Preclude testimony on the number of accused '457 units | **GRANTED** |
| Microsoft No. 10 [Docket No. 655] | Exclude testimony on the number of accused '080 units | **DENIED** |
| Microsoft No. 11 [Docket No. 657] | Exclude Nov 6 2006 supplemental report of expert Jayant and all opinions and deposition testimony thereon | **DENIED** |
| Microsoft No. 12 [Docket No. 659] | Preclude Lucent from discussing (1) the AHT of the HQ encoder; (2) the "short blocks" for the fast encoder and HQ encoders and the operation of the HQ encoder | **GRANTED-IN-PART/DENIED-IN-PART**; Experts may testify only to opinions contained in their expert reports. |
| Microsoft No. 13 [Docket No. 661] | Preclude introduction of Lucent's tests concerning the HQ encoder | **GRANTED** |
| Microsoft No. 14 [Docket No. 663] | Exclude reference to patent application no. 11/248,622 | **GRANTED** |
| Microsoft No. 15 [Docket No. 665] | Preclude Lucent from alleging an error was made in the '938 patent beyond what is stated in the file history | **GRANTED** |

| Motion No. | Motion *in limine* | Ruling |
|---|---|---|
| Microsoft No. 16 [Docket No. 667] | Preclude opinions or evidence on unreliability of debugger on Microsoft's secure computer | **DENIED** |
| Microsoft No. 17 [Docket No. 669] | Preclude argument or suggestion that Microsoft's removal of HQ encoder in WMP11 is an admission of liability of infringement | **GRANTED** |
| Microsoft No. 18 [Docket No. 671] | Preclude Lucent from alleging that Johnston was hired by Microsoft to defend this case | **GRANTED** |
| Microsoft No. 19 [Docket No. 673] | Preclude suggestion that Microsoft's lack of an opinion of counsel indicates anything regarding willfulness | **DENIED** |
| Microsoft No. 20 [Docket No. 675] | Preclude Lucent from mentioning whether its experts have been retained by Fish & Richardson in other cases | **DENIED** |
| Microsoft No. 21 [Docket No. 677] | Preclude Lucent from mentioning the irrelevant Intel/Broadcom litigation or any portion thereof | **DENIED** |
| Microsoft No. 22 [Docket No. 679] | Preclude Lucent from mentioning the existence and contents of draft expert reports | **GRANTED** |
| Microsoft No. 23 [Docket No. 681] | Preclude Lucent from discussing the value of cross-licenses | **DENIED** except that experts may testify to desirability of cross-licenses; experts may not testify to any monetary figures. |
| Microsoft No. 24 [Docket No. 683] | Preclude Lucent from introducing evidence or argument regarding Microsoft's foreign sales | **DENIED** |

**IT IS SO ORDERED**

DATED:   January 8, 2007

Hon. Rudi M. Brewster
United States Senior District Judge

cc: Hon. Cathy Ann Bencivengo
    United States Magistrate Judge

    All Counsel of Record