# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br>    Plaintiff and Counterclaim-defendant, <br><br>v. <br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br>    Defendants and Counter-claimants, <br><br>and <br><br>MICROSOFT CORPORATION, <br><br>    Intervenor and Counter-claimant, <br>_____ <br><br>MICROSOFT CORPORATION, <br><br>    Plaintiff and Counterclaim-defendant, <br><br>v. <br><br>LUCENT TECHNOLOGIES INC., <br><br>    Defendant and Counter-claimant <br>_____ <br><br>LUCENT TECHNOLOGIES INC., <br><br>    Plaintiff, <br><br>v. <br><br>DELL, INC., <br><br>    Defendant. <br>_____ | **Civil No:** 02CV2060-B(CAB) <br>consolidated with <br>**Civil No:** 03CV0699-B (CAB) and <br>**Civil No:** 03CV1108-B (CAB) <br><br>**ORDER ON LUCENT'S MOTION FOR SUMMARY ADJUDICATIONS REGARDING U.S. PATENT NO. 4,701,954** |

02CV2060-B (CAB)

## I. INTRODUCTION

Lucent moves the Court for summary adjudication on a multitude of issues with respect to U.S. Patent No. 4,701,954 ("the '954 patent"). The issues were fully briefed by the parties and oral argument was heard on January 8, 2007. The Court now rules on these issues as explained herein.

## II. BACKGROUND

Lucent sued Dell and Gateway in 2002. The case was originally filed in the Eastern District of Virginia and then transferred to the Southern District of California. Microsoft filed a declaratory judgment action against Lucent in 2003. The cases were eventually consolidated and then the issues separated into "groups" of technologies for trial. The instant Group 3 concerns the speech coding patent U.S. Patent No. 4,701,954 ("the '954 patent"). This patent describes and claims methods related to digital speech codecs which transform speech signals into electrical pulses. Lucent, the patentee, has accused Dell, Gateway and Microsoft of infringing this patent. Claims 1, 2 and 6, all methods claims, are at issue.

## III. ANALYSIS

### A. STANDARD OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In considering the motion, the court must examine all the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). If the Court is unable to render summary judgment upon an entire case and finds that a trial is necessary, it shall if practicable grant summary adjudication for any issues as to which, standing alone, summary judgment would be appropriate. Fed. R. Civ. P. 56(d).

When the moving party does not bear the burden of proof, summary judgment is

2

warranted where the moving part demonstrates an absence of facts to support the non-moving party's case and where the non-moving party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).

### B.     Issues for Summary Adjudication

Lucent moves the Court for summary adjudication on the following issues regarding U.S. Patent No. 4,701,954 ("the '954 patent"): no invalidity for anticipation; no invalidity under 35 U.S.C. § 102(f) for failure to name inventors; and no invalidity under 35 U.S.C. § 112 for lack of written description and enablement. Lucent also moves for summary adjudication that Defendants'[1] affirmative defenses of laches, equitable estoppel/implied license/waiver, patent misuse and unclean hands lack evidentiary support. Finally, Lucent moves the Court for summary adjudication regarding the date of actual notice to Microsoft.

#### 1.     Unopposed Issues

Under the Federal Rules of Civil Procedure, if an adverse party does not respond to a motion for summary adjudication, the Court may enter judgment against the adverse party if it is appropriate. Fed. R. Civ. P. 56(e) (West 2006). Here, Defendants have chosen not to respond or not to oppose a number of issues presented by Lucent for summary adjudication.

Having considered these unopposed motions, the Court finds it appropriate and **GRANTS** summary adjudication in Lucent's favor on the following:

        a.      No Invalidity for Anticipation
        b.      No Invalidity under § 102(f) for failure to name inventors
        c.      No Invalidity under § 112 (written description/enablement)
        d.      No Prior Settlements (Gateway's affirmative defense)

---

[1] Defendants collectively refers to Microsoft, Dell and Gateway.

### 2. Laches

Lucent moves the Court for summary adjudication that Defendants' affirmative defense of laches lacks evidentiary support. Lucent sets forth two grounds: (1) laches is inapplicable to Microsoft because Lucent is seeking only post-suit damages; and (2) Dell and Gateway have presented no evidence of their own to support laches but only rely on Lucent's conduct towards Microsoft, which Lucent contends is insufficient as a matter of law.

Laches is an equitable defense. Halstead v. Grinnan, 152 U.S. 412, 417 (1894); A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020, 1032 (Fed. Cir.1992). In patent cases, when applied, laches bars only pre-filing damages; it will not bar post-filing damages or injunctive relief. Aukerman, 960 F.2d at 1040. For laches to apply, a defendant must prove that plaintiff unreasonably delayed in filing suit from the time plaintiff knew or should have known of the infringement and that there was resulting prejudice to the defendant. Id. The resulting prejudice may be evidentiary, affecting the defendant's ability to put on a full and fair defense, or the prejudice may be economic. Id. at 1033. For economic prejudice, the defendant must demonstrate damages or monetary loss that would not have been incurred if the plaintiff had not delayed filing suit; "[s]uch damages or monetary losses are not merely those attributable to a finding of liability for infringement." Id.

Here, since Lucent is seeking only post-suit damages against Microsoft, based on Aukerman, a defense of laches is not available to Microsoft. See Aukerman, 960 F.2d at 1040. Therefore, Lucent's motion to preclude Microsoft from the use of laches as an affirmative defense is **GRANTED**.

As to Microsoft's customers, Co-Defendants Dell and Gateway, the issue requires additional considerations. Dell and Gateway have relied on Microsoft to argue this defense on their behalf, and neither Dell or Gateway has presented any evidence on their own to support a claim of laches against Lucent. Microsoft argues that because Lucent assiduously

1  avoided filing infringement claims against Microsoft, Lucent's delay should not only bar
2  recovery from Microsoft but also bar recovery of the same damages from Microsoft's
3  indemnified customers, Dell and Gateway. For Microsoft (and therefore Dell and Gateway)
4  to prevail on such an argument, Microsoft must show that Lucent unreasonably delayed
5  filing against Microsoft resulting in prejudice, and that if this conduct were to give rise to
6  laches, as a matter of law, that defense would necessarily be available to Microsoft's
7  customers.

8      With respect to the first point, Microsoft has raised sufficient issues of genuine
9  material fact to preclude a determination that Lucent's conduct does not give rise to laches.
10 Microsoft sets forth several pieces of evidence in regards to unreasonable delay, : (1)
11 Lucent should have known of Microsoft's use of the G.723.1 standard in its Netmeeting
12 software as early as April 26, 1996, based on its meetings with Lucent and press releases
13 for the software; (2) as of April 1997, Lucent had actual knowledge of Microsoft's
14 potential infringement based on an email sent to Lucent on April 6, 1997, where Microsoft
15 announced it was shipping product with the Intel G.723 codec; (3) emails between
16 Microsoft and Lucent in October 1997 discussed plans for Microsoft's expanded use of the
17 G.723 standard; (4) Lucent's awareness that the '954 patent covered the G.723 standard.

18     With respect to resulting prejudice, Microsoft argues that there is both economic and
19 evidentiary prejudice.  Witnesses and documentary evidence are now unavailable (*e.g.*, the
20 death in 2003 of Lucent's licensing manager on standards, an expert on the G.723.1
21 standard; two additional witnesses who represented Lucent in licensing negotiations who
22 now cannot remember relevant facts and Lucent documents that were purportedly thrown
23 away at some point).  As for economic prejudice, Microsoft contends that Lucent's delay
24 resulted in Microsoft and its customers continued use of the G.723.1 codec where it could
25 have chosen a non-infringing alternative such as the G.711 codec that was used in earlier
26 versions of the software. See Aukerman, 960 F.2d at 1033 (noting that patentee may not
27 intentionally lie in wait where alleged infringer could have made a switch to a non-
28

infringing activity).[2]

However, Microsoft has not demonstrated that as a matter of law Lucent's conduct towards Microsoft necessarily "transfers" to Dell and Gateway. Microsoft's premise relies on <u>Odetics, Inc. v. Storage Technology Corp</u>., 919 F. Supp. 911 (E.D. Va. 1996) <u>vacated on other grounds</u>, 116 F.3d 1497 (Fed. Cir 1997), <u>on remand</u>, 14 F. Supp. 2d 800 (E.D. Va. 1998), <u>aff'd in part, rev'd in part</u>, 185 F.3d 1259 (Fed Cir 1999). In <u>Odetics</u>, the plaintiff became aware of the alleged infringing activity when the defendant manufacturer's products appeared in a trade journal, but did not begin to investigate any possible infringement until 6 years later. <u>Id.</u> at 916. It then waited two more years before initiating suit against the manufacturer and two of its customers. <u>Id.</u> Thus, in <u>Odetics</u>, the customers had no more knowledge than the manufacturer and plaintiff's delay thus applied to all of the parties.

The instant case however presents very different circumstances from <u>Odetics</u>. Here, irrespective of Lucent's silence towards Microsoft, Lucent communicated with Dell and Gateway regarding infringement. Thus, unlike <u>Odetics,</u> where the customers had no more notice than the manufacturer, here, Lucent's conduct towards Dell and Gateway was individualized and entirely separate from its conduct towards Microsoft. Therefore, Microsoft's analogy to <u>Odetics</u> is insufficient as a matter of law to make the defense of laches available to Dell and Gateway. Moreover, absent evidence that would demonstrate laches should apply based on conduct by Lucent towards Dell and Gateway, there is no issue of material fact. Therefore, Lucent's motion to preclude the defense of laches by Dell and Gateway is **GRANTED**.

---

[2] Microsoft also claims that since Lucent should have known of the alleged infringement in 1996, more than 6 years before its suit with Microsoft was initiated, a presumption of laches should arise. <u>See</u> <u>Aukerman</u>, 960 F.2d at 1028 (presumption of laches arises where the delay was more than 6 years from the time the patentee knew or should have known of the alleged infringement). However, the evidence presented is insufficient to invoke the presumption; there remains at least an issue of fact as to whether a 6 year period had elapsed when Lucent should have known of the alleged infringing activities.

### 3. Equitable Estoppel

Equitable estoppel has three elements: (1) "[t]he patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer"; (2) "[t]he alleged infringer relies on that conduct"; (3) "[d]ue to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." Aukerman, 960 F.2d at 1028. Lucent argues first that Microsoft has presented insufficient evidence to support two of these elements, misleading conduct and reliance. With respect to Gateway and Dell, Lucent argues that their basis for the defense is insufficient as matter of law.

In regards to Microsoft's defense, Microsoft has failed to meet its burden to provide sufficient evidence of misleading conduct as a basis for this defense. First, Microsoft contends that it told Lucent that Microsoft believed it had a license to the G.723.1 codec through Intel and Lucent remained silent. "Silence alone will not create an estoppel unless there was a clear duty to speak," Aukerman, 960 F.2d at 1043, and Microsoft has not presented sufficient facts to demonstrate Lucent had a duty to correct Microsoft's misconception. Second, Microsoft points to a hearsay statement allegedly made by an unknown Lucent employee to someone at Microsoft that "Microsoft was not on Lucent's radar with regard to Lucent's patent portfolio."

Even if this evidence were to warrant further analysis, Microsoft has not presented sufficient evidence of reliance to preclude summary judgment. Microsoft has not pointed to a single witness who relied on Lucent's statement regarding Microsoft not being on its radar or who relied on Lucent's silence regarding the misconception over the Intel license. Therefore, since Microsoft has not presented sufficient evidence to demonstrate a genuine issue of fact in regards to essential elements of its defense, Lucent's motion as it pertains to Microsoft is **GRANTED**.

Turning to Dell's and Gateway's defenses, these parties rely solely on Microsoft's arguments made on their behalf that if equitable estoppel applies to Microsoft, so too

should it apply to Microsoft's customers. Gateway's and Dell's defenses thus fail on two grounds. First, since the Court has determined that the defense of equitable estoppel is not available to Microsoft, it is thereby unavailable for Dell and Gateway.

Second, even if the defense would be available to Microsoft, Dell and Gateway have not demonstrated as a matter of law that this defense would necessarily be available to them. Their argument (as made by Microsoft) relies on an unpublished case, Forest Laboratories, Inc. v. Abbott Laboratories, 1999 WL 33299123, *1 (W.D.N.Y.1999), where the court found equitable estoppel applied to defendant Forest on two grounds: Forest could demonstrate all of the elements of equitable estoppel based on the plaintiff's behavior towards Forest and that as a matter of law, any implied license to the manufacturer should run to its customer. Id. at *23.

Application of this case here is problematic. Forest is not precedential for this court or any other court as it is an unreported district court opinion. Additionally, unlike defendant Forest, Dell and Gateway have presented no facts of their own that would demonstrate equitable estoppel. Finally, as with the laches argument considered above, Lucent's conduct towards Dell and Gateway was individualized and entirely separate from its dealings with Microsoft. Therefore, Dell and Gateway have failed to meet their burden to provide any evidence in support their defense of equitable estoppel; Lucent's motion as to Dell and Gateway defense is thus **GRANTED**.

### 4. Implied License/Waiver

Lucent moves the Court for summary adjudication on Microsoft's and Gateway's affirmative defense of implied license/waiver. "An implied license signifies a patentee's waiver of the statutory right to exclude others from making, using, selling, offering to sell, or importing, the patented invention." Winbond Electronics Corp. v. International Trade Com'n, 262 F.3d 1363, 1374 (Fed. Cir. 2001). The defense has three elements that closely resemble those of equitable estoppel: "(1) the patentee, through statements or conduct, gave an affirmative grant of consent or permission to make, use, or sell to the alleged infringer;

8

(2) the alleged infringer relied on that statement or conduct; and (3) the alleged infringer would, therefore, be materially prejudiced if the patentee is allowed to proceed with its claim." Id. at 1374. The arguments presented by the parties mirror those for equitable estoppel.[3] Thus, for the reasons given above regarding equitable estoppel, Lucent's motion as it applies to implied license/waiver also is **GRANTED**.

### 5. Exhaustion

Lucent moves the Court for summary adjudication on Microsoft's affirmative defense of exhaustion. Lucent however did not brief this issue at all;[4] therefore this motion is **DENIED**.

### 6. Patent Misuse

Lucent contends that Microsoft and Gateway lack sufficient evidentiary support for their affirmative defense of patent misuse. Patent misuse addresses whether "the patentee has impermissibly broadened the 'physical or temporal scope' of the patent grant with anticompetitive effect." B. Braun Medical, Inc. v. Abbott Laboratories, 124 F.3d 1419, 1426 (Fed. Cir. 1997).

Having considered the arguments and evidence presented by the parties,[5] the Court finds that Microsoft and Gateway have failed to make any showing that genuine issues of fact remain with regard to this defense. Although these Defendants have alleged that Lucent impermissibly extended its monopoly on the '954 patent by declaring it "essential" to the G.723.1 standard, they have failed to provide any evidence or law to demonstrate that this representation constitutes patent misuse. Microsoft and Gateway simply have presented

---

[3] Gateway simply joined Microsoft's motion as to implied license and waiver; thus, all rulings on these issues pertaining to Microsoft should be applied to Gateway.

[4] In its reply brief, Lucent contends that simply stating Microsoft's defense lacks evidentiary support is sufficient. However, under Rule 56, the moving party must make at least a "demonstration of an absence of facts to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Bare general allegations without any "demonstration" as to specifics of the defense are insufficient.

[5] Gateway again simply joins with Microsoft and presented no arguments on its own.

9

a number of unsupported allegations and conclusions that do not raise a genuine issue of material fact. Lucent's motion is therefore **GRANTED**.

### 7. Unclean Hands

Lucent moves the Court for summary adjudication on all Defendants' affirmative defense of unclean hands, contending that the Defendants have failed to provide any evidence to support this defense. "The doctrine of unclean hands is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." Princess Cruises, Inc. v. U.S., 397 F.3d 1358, 1369 (Fed Cir. 2005) (quoting Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945)).

Microsoft and Gateway rely on the same argument as presented for patent misuse regarding Lucent's representation to the standards body that the '954 patent was essential to the G.723.1 codec.[6] Again, other than bare allegations, Microsoft and Gateway have failed to meet their burden to demonstrate how Lucent's representations to the standards body amount to an extension of its patent monopoly and thus unclean hands. Therefore, Lucent's motions as to Microsoft and Gateway are **GRANTED**.

Dells' theory of unclean hands rests on an alleged failure of Lucent to do a proper pre-filing investigation of Dells' products. To support this contention, it submits a snippet of a deposition of a Lucent corporate witness who answers "I don't know" in response to the question of whether Lucent ever purchased and analyzed Dell products. This evidence appears woefully insufficient and Dell has provided no legal basis why this evidence would support an unclean hands defense. Therefore, Lucent's motion as it pertains to Dell is **GRANTED**.

---

[6] Gateway again simply joins with Microsoft and so all discussions and recommendations apply equally to Lucent's motion on Gateway's defense.

### 8. Date of Actual Notice

Lucent moves the Court for summary adjudication that the date of actual notice of infringement provided to Microsoft is April 8, 2003, the date Microsoft filed its declaratory judgment action. Microsoft contends that the actual date of notice is May 9, 2003, the date Lucent answered Microsoft's declaratory judgment complaint and cross-complained for infringement.

The Federal Circuit has held generally, that "notice must be an affirmative act on the part of the patentee which informs the defendant of infringement . . . [and it] must focus on the action of the patentee, not the knowledge of the infringer." Lans v. Digital Equipment Corp., 252 F.3d 1320, 1327 (Fed. Cir. 2001). Furthermore, "the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement" SRI Intern., Inc. v. Advanced Technology Laboratories, Inc., 127 F.3d 1462, 1470 (Fed. Cir. 1997).[7]

A declaratory judgment complaint does not meet these standards. Its purpose is a declaration of no infringement; the party bringing the action for declaratory relief believes that the activity in question is *not* an infringement. It is not an action taken by the patentee. A declaratory judgment complaint also is not proposal to abate the infringement, but rather a statement of intent by the party filing the action to continue the activity in question. Furthermore, although Lucent argues that Microsoft's declaratory judgment complaint acknowledges its infringement, an examination of the complaint's allegations reveal no such admissions; the declaratory judgment complaint does not plead any facts related to actual notice by Lucent pertaining to the '954 patent.

---

[7] 35 U.S.C § 287(a) refers to the recovery of damages by a patentee that has failed to mark and where the patentee must then give actual notice of the alleged infringement. While marking is not at issue here, neither party is contending that damages should begin before Microsoft received actual notice, and thus it is only the definition of "actual notice" that remains at issue.

11

Therefore, Lucent's first affirmative action as patentee, notifying Microsoft that its activity is believed to be an infringement triggers actual notice. This date is May 9, 2003, the date of Lucent's answer and cross-complaint for infringement to Microsoft's declaratory judgment complaint. Therefore, Lucent's motion to set the date of notice at April 8, 2003, is **DENIED**.

**IT IS SO ORDERED**

DATED: January 12, 2007

Hon. Rudi M. Brewster
United States Senior District Judge

cc: Hon. Cathy Ann Bencivengo
United States Magistrate Judge

All Counsel of Record

12