| | |
|---|---|
| 1 | |
| 2 | **UNITED STATES DISTRICT COURT** |
| 3 | **SOUTHERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., | |
|     Plaintiff and Counterclaim-defendant, | |
| v. | |
| GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | |
|     Defendants and Counter-claimants, | **Civil No:** 02CV2060-B(CAB) consolidated with **Civil No:** 03CV0699-B (CAB) and **Civil No:** 03CV1108-B (CAB) |
| and | |
| MICROSOFT CORPORATION, | **ORDER DENYING MOTIONS BY DELL AND GATEWAY FOR SUMMARY ADJUDICATION REGARDING PRE-SUIT DAMAGES** |
|     Intervenor and Counter-claimant, | |
| MICROSOFT CORPORATION, | |
|     Plaintiff and Counterclaim-defendant, | |
| v. | |
| LUCENT TECHNOLOGIES INC., | |
|     Defendant and Counter-claimant | |
| LUCENT TECHNOLOGIES INC., | |
|     Plaintiff, | |
| v. | |
| DELL, INC., | |
|     Defendant. | |

02CV2060-B (CAB)

## I. INTRODUCTION

Dell and Gateway each move the Court for summary adjudication that Lucent may not recover pre-suit damages for infringement of U.S. Patent No. 4,701,954. The parties fully briefed the issue and the Court heard the motions on Monday, January 8, 2007.[1] For the reasons herein, the motions are **DENIED**.

## II. BACKGROUND

Lucent sued Dell and Gateway in 2002 for patent infringement. The case was originally filed in the Eastern District of Virginia and then transferred to the Southern District of California. Microsoft filed a declaratory judgment action of non-infringement against Lucent in 2003. The cases were eventually consolidated and then the issues separated into "groups" of technologies for trial. The instant Group 3 concerns the speech coding patent U.S. Patent No. 4,701,954 ("the '954 patent"). This patent describes and claims methods related to digital speech codecs which transform speech signals into electrical pulses.

Although Lucent is not seeking pre-suit damages against Defendant Microsoft, it is seeking such damages from Dell and Gateway. At issue is when and how Lucent provided notice of infringement to Dell and Gateway. In particular, Dell and Gateway each contend that Lucent did not provide notice prior to August 4, 2003, when Lucent filed an amended complaint asserting the '954 patent against them.

### 1. Pre-suit interactions between Dell and Lucent

In dispute is whether meetings that occurred between Dell and Lucent on July 31, 2001 ("the July meeting") and/or January 10, 2002 ("the January meeting") provided notice. According to Dell, the July meeting only mentioned new patents, including the '954 patent but made no mention of infringement or Dell products. With respect to the January meeting, Dell claims no mention was made to Dell of infringement  Dell also

---

[1] Dell also moved for summary adjudication of no infringement. This motion, along with a related motion by Microsoft, was deferred to March 1, 2007.

1  argues that any communication by Lucent at most identified a standard, not a specific Dell
2  product.

3       In contrast, Lucent claims that it told Dell at the July meeting that Dell's PC's which
4  used the G.723 speech coding standard infringed Lucent's patents.  Lucent also contends
5  that at the January meeting it presented claim charts to Dell to demonstrate how a PC
6  incorporating the G.723 standard would infringe.  In addition, Lucent argues that its history
7  of negotiations with Dell provide a context for actual notice.  According to Lucent's
8  history, the parties began discussions in 1998 on other patents not involving the '954 patent
9  and Lucent charged Dell with infringement of these other patents in October 1998, which
10 Dell then acknowledged.

11      Finally, Lucent points to email communications as evidence of actual notice.  An
12 email sent on February 27, 2002 from Dell's outside counsel states that Lucent asserted the
13 '954 patent against the G.723 standard in Microsoft products.  Lucent also points to another
14 email sent from Dell to Microsoft in April 2002, requesting indemnification.  The request
15 states that Lucent is asserting certain patents against Dell products, including the '954
16 patent asserted against the G.723 standard in relation to Microsoft's Windows 2000 and
17 Windows XP that include NetMeeting.

18      **2.    Pre-suit Interactions between Gateway and Lucent**

19      Prior to the time of filing suit, Lucent and Gateway also communicated regarding
20 Lucent's patent portfolio.  In February 1998, Lucent approached Gateway about potential
21 infringement of its patents pertaining to video coding (not at issue here) and offered to
22 license this technology.  Then, in July 2001, Lucent and Gateway sent email
23 communications regarding licenses of a number of Lucent's patents. In an email dated July
24 17, 2001 ("the July 2001 email"), Lucent's Intellectual Property Director Steven Samuels
25 wrote to Gateway's Intellectual Property Counsel Mark Walker about a royalty issue
26 preventing the two parties from completing a licensing agreement.  In that email, Lucent
27 listed "specifics"  on which their proposed royalty was based.  In the list of specifics "for
28

use in PCs" was the inclusion of the '954 patent in the line that stated "Speech -VOIP - G.72x (e.g. 4,617,676, 4,701,954, 4910,781; 5,339,384)."[2]

Another email was sent from Lucent to Gateway on March 20, 2002, "in an effort to resolve our differences regarding a patent license agreement between our companies." It included a list entitled "PARTIAL LIST OF PATENTS USED IN PCs" and within that list, a sub-heading "G.723/ G.729 / Voice Over the Internet (VOIP)" under which the '954 patent was listed. Lucent contends that its course of conduct including the two above-mentioned emails constitute Lucent's actual notice of infringement to Gateway sufficient to permit recovery of pre-suit damages.

## III. ANALYSIS

### A. STANDARD OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In considering the motion, the court must examine all the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). If the Court is unable to render summary judgment upon an entire case and finds that a trial is necessary, it shall if practicable grant summary adjudication for any issues as to which, standing alone, summary judgment would be appropriate. Fed. R. Civ. P. 56(d).

When the moving party does not bear the burden of proof, summary judgment is warranted where the moving part demonstrates an absence of facts to support the non-moving party's case and where the non-moving party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has

---

[2] "VOIP" refers to voice over internet protocol. "G.72x" refers to a family of speech coding standards.

the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).

**B.     Applicable Law Regarding Pre-Suit Damages**

Under 35 U.S.C. § 287(a), where a patentee produces a patented product and sues another for infringement, the patentee's damages are limited to acts occurring after the patentee has given the alleged infringer notice of infringement. The notice may be accomplished by the patentee's marking of its products with the patent number (constructive notice) or by providing the alleged infringer with actual notice. 35 U.S.C.§ 287(a) (West 2006).

Under Federal Circuit rule, "notice must be an affirmative act on the part of the patentee which informs the defendant of his infringement," simply that a defendant knew of or should have known of a patent is not enough. Amsted Industries Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 187 (Fed. Cir. 1994). Mere notice that the patent exists or that the patentee owns particular intellectual property is not sufficient. Id. "[T]he actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise." SRI Intern., Inc. v. Advanced Technology Laboratories, Inc., 127 F.3d 1462, 1470 (Fed. Cir. 1997).

"Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." Amsted, 24 F.3d at 187. The charge of infringement must refer to some present activity of the accused infringer. Compare Wokas v. Dresser Industries, Inc., 978 F. Supp. 839, 844 (N.D. Ind. 1997) (letter stating "[i]t has come to my attention that vapor recovery hoses, nozzle spouts, and seals contained in my patent number 4,165,485 are now being or planned to be marketed" was sufficient to raise an issue of actual notice) with Amsted, 24 F.3d at 186 (letter to multiple companies stating "you should acquaint yourself with the ['269 patent] and refrain from supplying or offering to supply component parts which would infringe or contribute to the infringement of the patent" found to be simply informational and insufficient to provide

5

notice).

### C. Pre-suit Damages as they apply to Dell and Gateway

Here, the parties do not dispute that Lucent produced patented products or that it failed to mark. Rather, the dispute focuses on whether Lucent's pre-suit actions and communications provided Dell and Gateway with actual notice or whether it was not until Lucent filed its amended complaint alleging infringement of the '954 patent that actual notice was satisfied. "This issue is properly decided upon summary judgment when no reasonable jury could find that the patentee either has or has not provided actual notice." Gart v. Logitech, Inc., 254 F.3d 1334, 1339 (Fed. Cir. 2001).

#### 1. Dell's Motion

The evidence presented by Dell and Lucent regarding actual notice raises issues of genuine material fact that cannot be resolved on summary adjudication. First, there is an issue of fact as to whether and when any charge of infringement was made by Lucent sufficient to be considered an affirmative communication. See Amsted, 24 F.3d at 187. Much of the testimony regarding the face-to-face meetings between the parties hangs on a battle of the recollections of the witnesses.[3] For example, Lucent points to deposition testimony of its Director of the Intellectual Property Division Stephen Samuels attesting that Lucent told Dell that its PC's incorporating the G.723 standard infringed the '954 patent. Dell, however, points to other testimony of Samuels and of Lucent's 30(b)(6) witness which support the contention that Lucent did not mention infringement or any specific charge against Dell.

Second, although Lucent offers emails from Dell to Lucent and from Dell to Microsoft that purportedly acknowledge actual notice, these emails are not communications

---

[3] The July and January meetings were oral communications. As for whether as a matter of law oral notice is sufficient to satisfy 35 U.S.C. 287(a), remains an unanswered question. Only one district court case has addressed the issue, concluding only that recollections of an oral meeting between the companies was sufficient evidence to defeat a summary judgment motion on actual notice. Articulate Systems, Inc. v. Apple Computer, Inc., 53 F. Supp.2d 78, 83 (D. Mass.1999).

6

1  from Lucent.  A patentee cannot rely on an assumption that a defendant knew of or should
2  have known of the patent and the alleged infringement, the patentee must demonstrate an
3  affirmative communication was made.  See  Amsted , 24 F.3d at 187; SRI Intern, 127 F.3d
4  at 1470.  Dell's subjective belief of whether it received actual notice is not relevant.
5  However, the admissions made in the emails may constitute at least some evidence that
6  Lucent actually communicated accusations of infringement to Dell. See Wokas, 978 F.
7  Supp. at 846; Hoover Co. v. Bissell Inc., 38 F. Supp. 2d 519, 526 (N.D. Ohio 1999).

8       Nevertheless, these emails raise a further question with respect to actual notice -
9  whether or not the identification of the G723 standard relative to Microsoft's software is
10  sufficient, without more, to provide Dell with actual notice. Rather than identify a
11  particular product, the emails only state that Lucent had asserted certain patents against the
12  G.723 standard in relation to Microsoft's Windows 2000 and Windows XP that include
13  NetMeeting.

14        Identification of a type of product may or may not be sufficient depends on the
15  circumstances.  Compare Amsted, 24 F.3d at187 (concluding that as a matter of law that a
16  letter  notifying and generally warning a whole industry including defendant against
17  infringement was not notice); and GTE Wireless v. Qualcomm, 192 F.R.D. 284, 288 (S.D.
18  Cal. 2000) (a letter to a technology industry association found not to constitute actual notice
19  where the patentee stated it would license it to anyone interested in using it but did not
20  specifically allege that defendant's products were infringing) with Novo Nordisk A/S v.
21  Becton Dickinson and Co., 96 F. Supp.2d 309, 320 (S.D.N.Y. 2000) (identifying Novo's
22  insulin pens and pen-type needle in complaint for infringement without listing actual
23  product names was sufficient notice ).

24      Here, given the issues of material fact raised by the evidence, whether Lucent's
25  communications are sufficient to satisfy actual notice remains a determination for the jury.
26  Dell's motion for summary adjudication to bar Lucent's recovery of pre-suit damages is
27  **DENIED**.

28         7

### 2. Gateway's Motion

The issues between Gateway and Lucent focus on two emails sent by Lucent on July 17, 2001 ("the July 2001 email") and March 20, 2002 ("the March 2002 email"). Gateway contends that these emails are insufficient notice because they fail to identify any specific Gateway products by model number, trade name or by reference to software. Additionally, Gateway argues that neither communication makes a charge of infringement but simply represents an offer to license patents in Lucent's portfolio. Lucent responds that identification of the standard in reference to the '954 patent is sufficient to accused specific products and that taking into account the words used in the email in the context of the totality of the circumstances, this is sufficient to constitute a charge of infringement.

Having considered the arguments of the parties and evidence offered in support thereof, the Court finds that genuine issues of material fact remain which preclude summary adjudication on this issue. First, with regards to whether a specific Gateway product was accused in the emails, as explained above with reference to Dell, it is unresolved whether a reference to a standard is sufficient. Lucent argues that the '954 patent is one of the patents listed as "applicable to PCs," the '954 patent is listed in connection with the G.723 standard or a G.72x family of standards, and Gateway's literature identified their products as using the G.723 standard. Gateway argues in response that the identification of the standards is incorrect since its products use G.723.1, not G.723, and the reference to G.72x is too vague because it covers many different standards.

Second, neither of the emails contain a direct accusation of infringement. The emails use only phrases such as "apply to," "specifics," "applicable to PCs," and "for use in PCs" in reference to the '954 patent and the standards. The July 2001 email refers to negotiations on a royalty between Lucent and Gateway, but not to any dispute of the parties as to whether Gateway might "require" a license or be "of concern" to Lucent. Similarly, the March 2002 email does not make any such accusations. Although Lucent argues that these emails must be taken in context of the parties' earlier interactions between 1998-

8

2001, Lucent offers no evidence that these earlier communications had any bearing on the '954 patent.

The use of the word "infringement" is not required; however, generally a communication must evidence at least a belief or concern that the accused may be infringing.  See e.g., Maxwell v. Kmart Corp., 880 F. Supp 1323, 1339 (D. Minn 1995) (actual notice demonstrated by patentee's correspondence stating the sales of defendant's accused product were "of concern" and that products with particular features infringed the particular patent); Wokas v. Dresser Industries, Inc.,  978 F. Supp. 839, 844 (N.D. Ind. 1997) (letter stating "[i]t has come to my attention that vapor recovery hoses, nozzle spouts, and seals contained in my patent number 4,165,485 are now being or planned to be marketed" was sufficient to raise an issue of actual notice). A general announcement of ownership or an offer of a license without more are insufficient to demonstrate actual notice.  See e.g., GTE Wireless, 192 F.R.D. at 288 (letter to a technology industry association was found to be only informational in nature where the patentee stated it owned the patent and would license it to anyone interested in using it but made no accusations against anyone purportedly using the technology).; Amsted, 24 F.3d at 186 (letter warning industry not to infringe without making any specific charge against a party found not to constitute actual notice); Soverain Software LLC v. Amazon.com,  383 F. Supp.2d 904, 911 (E.D.Tex. 2005) (meeting to discuss proposal to license software without more is insufficient to evidence actual notice of infringement).

In sum, while Lucent has by no means definitively proven actual notice, it has raised sufficient issues of material fact to preclude summary adjudication.  Since the Court cannot conclude that no reasonable jury would find actual notice, Gateway's motion is **DENIED**.

//
//
//
//

9

## IV. CONCLUSION

For the reasons stated herein, the motions by Dell and Gateway for summary adjudication that Lucent may not recover pre-suit damages are **DENIED**.

**IT IS SO ORDERED**

DATED: January 12, 2007

Hon. Rudi M. Brewster
United States Senior District Judge

cc: Hon. Cathy Ann Bencivengo
  United States Magistrate Judge

  All Counsel of Record