1  Alison P. Adema, SBN 149285
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-8474
3  Telephone (619) 235-2100
   Facsimile  (619) 235-2101
4
   Attorneys for Lucent Technologies Inc. and
5  Multimedia Patent Trust

6  *Additional counsel listed on the last page*

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10 LUCENT TECHNOLOGIES INC. and
   MULTIMEDIA PATENT TRUST,              Case No. 02-CV-2060 B (CAB)
11                                                consolidated with
                          Plaintiffs,    Case No. 03-CV-0699 B (CAB)
12        v.                             Case No. 03-CV-1108 B (CAB)

13 GATEWAY, INC., GATEWAY COUNTRY
   STORES LLC, GATEWAY COMPANIES, INC.,
14 GATEWAY MANUFACTURING LLC and
   COWABUNGA ENTERPRISES, INC.,          **SECOND AMENDED COMPLAINT**
15                                       **IN CASE NO. 02-CV-2060 B (CAB)**
                          Defendants,
16 and
                                         JURY TRIAL DEMANDED
17 MICROSOFT CORPORATION,

18                        Intervener.

19 MICROSOFT CORPORATION,

20                        Plaintiff,

21        v.

22 LUCENT TECHNOLOGIES INC.,

23                        Defendant.

24 LUCENT TECHNOLOGIES INC. and
   MULTIMEDIA PATENT TRUST,
25
                          Plaintiffs,
26
          v.
27
   DELL INC.,
28
                          Defendant.

**SECOND AMENDED COMPLAINT**

In accordance with the Court's January 8, 2007 Order, Plaintiffs Lucent Technologies Inc. ("Lucent") and Multimedia Patent Trust, for their Second Amended Complaint against Gateway, Inc., Gateway Country Stores LLC, Gateway Companies, Inc., Gateway Manufacturing LLC and Cowabunga Enterprises, Inc. (collectively "Gateway") hereby demand a jury trial and allege as follows:

**Parties**

1.  Plaintiff Lucent Technologies Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 600 Mountain Avenue, Murray Hill, NJ 07974.

2.  Lucent is a leading global supplier of computer and communications equipment, including data, software, voice, and wireless-networking technologies.  Researchers at Lucent's Bell Laboratories have developed a wide variety of key innovations that have greatly enhanced the capabilities and utility of personal computers.  Common features such as video display, audio encoding, networking, and user interfaces have all benefited from Lucent's research and development efforts.

3.  Plaintiff Multimedia Patent Trust is a Delaware Statutory Trust organized under the Delaware Statutory Trust Act, 12 Del. C. §§ 3801, *et seq.*, having as trustee Mr. Gerard A. deBlasi, an individual having a business address of 991 Route 22 West, Bridgewater, NJ, 08807.

4.  On information and belief, Defendant Gateway, Inc. is a company organized under the laws of the state of Delaware with its principal place of business at 14303 Gateway Place, Poway, CA 92064.

5.  On information and belief, Defendant Gateway Country Stores LLC is a company organized under the laws of the state of Delaware with its principal place of business at 610 Gateway Drive, North Sioux City, SD 57049.

6.  On information and belief, Defendant Gateway Companies, Inc. is a company organized under the laws of the state of Delaware with a place of business at 14303 Gateway Place, Poway, CA 92064.

1       7.  On information and belief, Defendant Gateway Manufacturing LLC is a company

2 organized under the laws of the state of Delaware with a place of business at 14303 Gateway Place,

3 Poway, CA 92064.

4       8.  On information and belief, Defendant Cowabunga Enterprises, Inc. is a company

5 organized under the laws of the state of Delaware with a place of business at 610 Gateway Drive,

6 North Sioux City, SD 57049.

7       9.  Gateway makes, uses, sells, and offers for sale in the United States, and imports

8 into the United States, computer systems, components, and accessories.

9 **Nature of the Action**

10       10. This is a civil action for infringement of eleven United States Patents. This action

11 is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

12 **Jurisdiction and Venue**

13       11. This Court has jurisdiction over the subject matter of this action under 28 U.S.C.

14 §§ 1331 and 1338(a).

15       12. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b)

16 because Gateway has committed acts of infringement in this district and because Gateway is subject

17 to personal jurisdiction in this district.

18 **The Patents**

19       13. United States Patent No. 4,317,956 (the "Torok '956 Patent"), entitled "Remote

20 Chalkboard Automatic Cursor," was duly and legally issued on March 2, 1982, to Torok et al.  A

21 copy of the Torok '956 Patent is attached hereto as Exhibit A.

22       14. United States Patent No. 4,383,272 (the "Netravali '272 Patent"), entitled "Video

23 Signal Interpolation Using Motion Estimation," was duly and legally issued on May 10, 1983, to

24 Netravali et al.  A copy of the Netravali '272 Patent is attached hereto as Exhibit B.

25       15. United States Patent No. 4,439,759 (the "Fleming '759 Patent"), entitled

26 "Terminal Independent Color Memory For A Digital Image Display System," was duly and legally

27 issued on March 27, 1984, to Fleming et al.  A copy of the Fleming '759 Patent is attached hereto as

28 Exhibit C.

16. United States Patent No. B1 4,582,956 (the "Doughty '956 Patent"), entitled "Method And Apparatus For Displaying At A Selected Station Special Service Information During A Silent Interval Between Ringing," was duly and legally issued on April 15, 1986, to Carolyn A. Doughty.  A reexamination certificate confirming the patentability of the invention of the Doughty '956 Patent was duly and legally issued on September 20, 1994.  A copy of the Doughty '956 Patent is attached hereto as Exhibit D.

17. United States Patent No. 4,617,676 (the "Jayant '676 Patent"), entitled "Predictive Communication System Filtering Arrangement," was duly and legally issued on October 14, 1986, to Jayant et al.  A copy of the Jayant '676 Patent is attached hereto as Exhibit E.

18. U.S. Patent No. 4,763,356 (the "Day '356 Patent"), entitled "Touch Screen Form Entry System," was duly and legally issued on August 9, 1988, to Day, Jr. et al. A copy of the Day '356 Patent is attached hereto as Exhibit F.

19. United States Patent No. 4,958,226 (the "Haskell '226 Patent"), entitled "Conditional Motion Compensated Interpolation Of Digital Motion Video," was duly and legally issued on September 18, 1990, to Haskell et al.  A copy of the Haskell '226 Patent is attached hereto as Exhibit G.

20. United States Patent No. 4,701,954 (the "Atal '954 Patent"), entitled "Multipulse LPC Speech Processing Arrangement," was duly and legally issued on October 20, 1987 to Atal et al.  A copy of the Atal '954 Patent is attached hereto as Exhibit H.

21. United States Patent No. 4,910,781 (the "Ketchum '781 Patent"), entitled "Code Excited Linear Predictive Vocoder Using Virtual Searching," was duly and legally issued on March 20, 1990, to Ketchum et al.  A copy of the Ketchum '781 Patent is attached hereto as Exhibit I.

22. United States Patent No. 5,227,878 (the "Puri '878 Patent"), entitled "Adaptive Coding and Decoding of Frames and Fields of Video," was duly and legally issued on July 13, 1993, to Puri et al.  A copy of the Puri '878 Patent is attached hereto as Exhibit J.

23. United States Patent No. 5,347,295 (the "Agulnick '295 Patent"), entitled "Control of a Computer Through a Position-Sensed Stylus," was duly and legally issued on

1   September 13, 1994, to Agulnick et al.  A copy of the Agulnick '295 Patent is attached hereto as

2   Exhibit K.

3        24. The Torok '956, Netravali '272, Fleming '759, Doughty '956, Jayant '676, Day

4   '356, Haskell '226, Atal '954, Ketchum '781, Puri '878, and Agulnick '295, Patents are collectively

5   referred to herein as the "Patents-in-Suit."

6        25. Lucent owns the following Patents-in-Suit, with the right to sue for past

7   infringement: the Torok '956, Fleming '759, Doughty '956, Jayant '676, Day '356, Atal '954, and

8   Agulnick '295 Patents (the "Lucent Patents-in-Suit").

9        26. On November 28, 2006, Lucent entered into a Patent Assignment with

10  Multimedia Patent Trust.  Pursuant to that Patent Assignment, Lucent, which owned the patents with

11  the right to sue for past infringement, assigned its entire right, title, and interest in and to the

12  Netravali '272, Haskell '226, Ketchum '781, and Puri '878 Patents (the "Trust Patents-in-Suit") to

13  Multimedia Patent Trust including the right to sue for past infringement.  Multimedia Patent Trust

14  thus presently owns the Trust Patents-in-Suit with the right to sue for past infringement.

15       27. On January 8, 2007, the Court granted leave to amend the pleadings in view of the

16  assignment of the Trust Patents-in-Suit to Multimedia Patent Trust.

17  ### COUNT I

18  ### (Patent Infringement of United States Patent No. 4,317,956)

19       28. Paragraphs 1 through 27 are incorporated by reference as if stated fully herein.

20       29. The Torok '956 Patent is valid and enforceable.

21       30. Before the expiration of the Torok '956 Patent, Gateway made, used, sold, and

22  offered to sell products that infringed at least one claim of the Torok '956 Patent.

23       31. Before the expiration of the Torok '956 Patent, Gateway also contributed to

24  and/or induced the infringement of at least one claim of the Torok '956 Patent.

25       32. Although Lucent notified Gateway of its infringement of the Torok '956 Patent,

26  Gateway continued its infringement after receiving this actual notice.

27       33. Gateway's infringement of the Torok '956 Patent was willful.

28       34. Lucent has been damaged by Gateway's infringement of the Torok '956 Patent.

1

2

## COUNT II

### (Patent Infringement of United States Patent No. 4,383,272)

3      35. Paragraphs 1 through 27 are incorporated by reference as if stated fully herein.

4      36. The Netravali '272 Patent is valid and enforceable.

5      37. Before the expiration of the Netravali '272 Patent, Gateway made, used, sold, and

6 offered to sell products that infringed at least one claim of the Netravali '272 Patent.

7      38. Before the expiration of the Netravali '272 Patent, Gateway also contributed to

8 and/or induced the infringement of at least one claim of the Netravali '272 Patent.

9      39. Although Lucent notified Gateway of its infringement of the Netravali '272

10 Patent, Gateway continued its infringement after receiving this actual notice.

11      40. Gateway's infringement of the Netravali '272 Patent was willful.

12      41. Multimedia Patent Trust has been damaged by Gateway's infringement of the

13 Netravali '272 Patent.

14

## COUNT III

### (Patent Infringement of United States Patent No. 4,439,759)

16      42. Paragraphs 1 through 27 are incorporated by reference as if stated fully herein.

17      43. The Fleming '759 Patent is valid and enforceable.

18      44. Before the expiration of the Fleming '759 Patent, Gateway made, used, sold, and

19 offered to sell products that infringed at least one claim of the Fleming '759 Patent.

20      45. Before the expiration of the Fleming '759 Patent, Gateway also contributed to

21 and/or induced the infringement of at least one claim of the Fleming '759 Patent.

22      46. Although Lucent notified Gateway of its infringement of the Fleming '759 Patent,

23 Gateway continued its infringement after receiving this actual notice.

24      47. Gateway's infringement of the Fleming '759 Patent was willful.

25      48. Lucent has been damaged by Gateway's infringement of the Fleming '759 Patent.

26

## COUNT IV

### (Patent Infringement of United States Patent No. 4,582,956)

28      49. Paragraphs 1 through 27 are incorporated by reference as if stated fully herein.

1    50. The Doughty '956 Patent is valid and enforceable.

2    51. Gateway makes, uses, sells, and offers to sell products that infringe at least one

3  claim of the Doughty '956 Patent.

4    52. Gateway also contributes to and/or induces the infringement of at least one claim

5  of the Doughty '956 Patent.

6    53. Although Lucent notified Gateway of its infringement of the Doughty '956

7  Patent, Gateway continued its infringement after receiving this actual notice.

8    54. Gateway's infringement of the Doughty '956 Patent was, and continues to be,

9  willful.

10    55. Lucent has been damaged by Gateway's infringement of the Doughty '956 Patent

11  and will suffer irreparable injury unless the infringement is enjoined by this Court.

12                    **COUNT V**

13         **(Patent Infringement of United States Patent No. 4,617,676)**

14    56. Claims dismissed pursuant to stipulation of the parties.

15    57. Claims dismissed pursuant to stipulation of the parties.

16    58. Claims dismissed pursuant to stipulation of the parties.

17    59. Claims dismissed pursuant to stipulation of the parties.

18    60. Claims dismissed pursuant to stipulation of the parties.

19    61. Claims dismissed pursuant to stipulation of the parties.

20    62. Claims dismissed pursuant to stipulation of the parties.

21                    **COUNT VI**

22         **(Patent Infringement of United States Patent No. 4,763,356)**

23    63. Paragraphs 1 through 27 are incorporated by reference as if stated fully herein.

24    64. The Day '356 Patent is valid and enforceable.

25    65. Gateway makes, uses, sells, and offers to sell products that infringe at least one

26  claim of the Day '356 Patent.

27    66. Gateway also contributes to and/or induces the infringement of at least one claim

28  of the Day '356 Patent.

67. Although Lucent notified Gateway of its infringement of the Day '356 Patent, Gateway continued its infringement after receiving this actual notice.

68. Gateway's infringement of the Day '356 Patent was, and continues to be, willful.

69. Lucent has been damaged by Gateway's infringement of the Day '356 Patent and will suffer irreparable injury unless the infringement is enjoined by this Court.

<u>**COUNT VII**</u>

<u>**(Patent Infringement of United States Patent No. 4,958,226)**</u>

70. Paragraphs 1 through 27 are incorporated by reference as if stated fully herein.

71. The Haskell '226 Patent is valid and enforceable.

72. Gateway makes, uses, sells, and offers to sell products that infringe at least one claim of the Haskell '226 Patent.

73. Gateway also contributes to and/or induces the infringement of at least one claim of the Haskell '226 Patent.

74. Although Lucent notified Gateway of its infringement of the Haskell '226 Patent, Gateway continued its infringement after receiving this actual notice.

75. Gateway's infringement of the Haskell '226 Patent was, and continues to be, willful.

76. Multimedia Patent Trust has been damaged by Gateway's infringement of the Haskell '226 Patent and will suffer irreparable injury unless the infringement is enjoined by this Court.

<u>**COUNT VIII**</u>

<u>**(Patent Infringement f United States Patent No. 4,701,954)**</u>

77. Paragraphs 1 through 27 are incorporated by reference as if stated fully herein.

78. The Atal '954 Patent is valid and enforceable.

79. Gateway makes, uses, sells, and offers to sell products that infringe at least one claim of the Atal '954 Patent.

80. Gateway also contributes to and/or induces the infringement of at least one claim of the Atal '954 Patent.

1    81. Although Lucent notified Gateway of its infringement of the Atal '954 Patent,
2  Gateway continued its infringement after receiving this actual notice.

3    82. Gateway's infringement of the Atal '954 Patent was, and continues to be, willful.

4    83. Lucent has been damaged by Gateway's infringement of the Atal '954 Patent and
5  will suffer irreparable injury unless the infringement is enjoined by this Court.

6                              **COUNT IX**

7      **(Patent Infringement of United States Patent No. 4,910,781)**

8    84. Claims dismissed pursuant to stipulation of the parties.

9    85. Claims dismissed pursuant to stipulation of the parties.

10   86. Claims dismissed pursuant to stipulation of the parties.

11   87. Claims dismissed pursuant to stipulation of the parties.

12   88. Claims dismissed pursuant to stipulation of the parties.

13   89. Claims dismissed pursuant to stipulation of the parties.

14   90. Claims dismissed pursuant to stipulation of the parties.

15                              **COUNT X**

16     **(Patent Infringement of United States Patent No. 5,227,878)**

17   91. Claims dismissed pursuant to summary judgment order.

18   92. Claims dismissed pursuant to summary judgment order.

19   93. Claims dismissed pursuant to summary judgment order.

20   94. Claims dismissed pursuant to summary judgment order.

21   95. Claims dismissed pursuant to summary judgment order.

22   96. Claims dismissed pursuant to summary judgment order.

23   97. Claims dismissed pursuant to summary judgment order.

24                              **COUNT XI**

25     **(Patent Infringement of United States Patent No. 5,347,295)**

26   98. Paragraphs 1 through 27 are incorporated by reference as if stated fully herein.

27   99. The Agulnick '295 Patent is valid and enforceable.

28

1       100.    Gateway makes, uses, sells, and offers to sell products that infringe at least

2   one claim of the Agulnick '295 Patent.

3       101. Gateway also contributes to and/or induces the infringement of at least one claim

4   of the Agulnick '295 Patent.

5       102. Lucent has been damaged by Gateway's infringement of the Agulnick '295 Patent

6   and will suffer irreparable injury unless the infringement is enjoined by this Court.

7                                 **Lucent's Prayer for Relief**

8       **WHEREFORE**, Lucent prays for judgment as follows:

9       A.    That Gateway has willfully infringed the Lucent Patents-in-Suit;

10      B.    That Gateway, its officers, agents, servants and employees, and those persons

11              in active concert or participation with any of them, and their successors and

12              assigns be permanently enjoined from infringement, inducement of

13              infringement, and contributory infringement of each of the Lucent Patents-in-

14              Suit not yet expired, including but not limited to making, importing, using,

15              offering for sale, or selling any devices or systems that infringe, or using

16              processes that infringe, the Lucent Patents-in-Suit before the expiration dates

17              of those patents;

18      C.    That Lucent be awarded all damages adequate to compensate it for Gateway's

19              infringement of the Lucent Patents-in-Suit, such damages to be determined by

20              a jury and, if necessary to adequately compensate Lucent for the infringement,

21              an accounting, and that such damages be trebled and awarded to Lucent with

22              prejudgment interest;

23      D.    That this case be declared an exceptional case within the meaning of 35

24              U.S.C. § 285 and that Lucent be awarded the attorney fees, costs, and

25              expenses that it incurs prosecuting this action; and

26      E.    That Lucent be awarded such other and further relief as this Court deems just

27              and proper.

28      .

**Multimedia Patent Trust's Prayer for Relief**

**WHEREFORE**, Multimedia Patent Trust prays for judgment as follows:

A.      That Gateway has willfully infringed the Trust Patents-in-Suit;

B.      That Gateway, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, and their successors and assigns be permanently enjoined from infringement, inducement of infringement, and contributory infringement of each of the Trust Patents-in-Suit not yet expired, including but not limited to making, importing, using, offering for sale, or selling any devices or systems that infringe, or using processes that infringe, the Trust Patents-in-Suit before the expiration dates of those patents;

C.      That Multimedia Patent Trust be awarded all damages adequate to compensate it for Gateway's infringement of the Trust Patents-in-Suit, such damages to be determined by a jury and, if necessary to adequately compensate Multimedia Patent Trust for the infringement, an accounting, and that such damages be trebled and awarded to Multimedia Patent Trust with prejudgment interest;

D.      That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Multimedia Patent Trust be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

E.      That Multimedia Patent Trust be awarded such other and further relief as this Court deems just and proper.

1

2

**JURY DEMAND**

3       Lucent and Multimedia Patent Trust demand a trial by jury on all issues triable of

4 right by a jury.

5

6

7 Dated: January 26, 2007                By:        s/Alison P. Adema

8                                                   Alison P. Adema
                                                    HAHN & ADEMA

9                                                   John M. Desmarais (admitted *pro hac vice*)
                                                    Robert A. Appleby (admitted *pro hac vice*)
10                                                  James E. Marina (admitted *pro hac vice*)
                                                    KIRKLAND & ELLIS LLP
11                                                  153 East 53rd Street
                                                    New York, New York  10022
12                                                  Telephone:  (212) 446-4800
                                                    Facsimile:  (212) 446-4900
13
                                                    Attorneys for Lucent Technologies Inc. and
14                                                  Multimedia Patent Trust

15

16

17

18

19

20

21

22

23

24

25

26

27

28