James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

Joseph A. Micallef (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

Joel M. Freed (Admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096
Telephone:  (202) 756-8000
Facsimile:  (202) 756-8087

Attorneys for *Dell Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

LUCENT TECHNOLOGIES INC. and
MULTIMEDIA PATENT TRUST,

    Plaintiff and Counterclaim-defendant,

v.

GATEWAY, INC. AND GATEWAY
COUNTRY STORES LLC, GATEWAY
COMPANIES, INC., GATEWAY
MANUFACTURING LLC and
COWABUNGA ENTERPRISES, INC.,

    Defendants and Counter-claimants,

and

MICROSOFT CORPORATION,

    Intervener and Counter-claimant,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 02-CV-2060 B (CAB)
consolidated with Case No. 03-CV-0699 B
(CAB) and Case No. 03-CV-1108 B (CAB)

**DELL INC.'S OPPOSITION TO
LUCENT'S MOTION FOR SUMMARY
JUDGMENT CONCERNING U.S.
PATENT NO. 5,649,131 TO ACKERMAN
ET AL.**

Judge Rudi M. Brewster

Hearing:  March 2, 2007, 9:00 a.m.
Location: Courtroom 2, 4th Floor

1 MICROSOFT CORPORATION, )
            )
2   Plaintiff and Counter-defendant, )
            )
3 v. )
            )
4 LUCENT TECHNOLOGIES, INC., )
            )
5   Defendant and Counter-claimant, )
            )
6            )
 LUCENT TECHNOLOGIES, INC., )
7            )
   Plaintiff, )
8            )
 v. )
9            )
 DELL INC., )
10           )
   Defendant. )
11           )

1

# TABLE OF CONTENTS

2

3                                                                                                                    <u>Page</u>

4   I.      INTRODUCTION ......................................................................................................1

5   II.     APPLICABLE LEGAL STANDARD...........................................................................2

6   III.    ARGUMENT .............................................................................................................2

7           A.      Dell Has Presented Sufficient Evidence of Intent  To Deceive To
                    Create a Triable Issue of Fact .......................................................................2
8
9           B.      There are Factual Disputes with Respect to the IETM System  and
                    Documents that Preclude an Award of Summary Judgment ...........................5

10          C.      There are Factual Disputes on the Laches Issue  that Preclude an
                    Award of Summary Judgment .......................................................................7
11
12                  1.      There is a Factual Dispute as To When Lucent Knew or Should
                            Have Known of the Alleged Infringement.........................................7

13                  2.      There is a Factual Dispute Concerning Whether Dell was Unfairly
                            Prejudiced By Lucent's Unreasonable Delay ....................................8
14
15          D.      Equitable Estoppel, and Unclean Hands...........................................................9

16          E.      Implied License, Waiver, Exhaustion and Patent Misuse.................................9

17          F.      Failure to Name an Inventor , On-Sale Bar, Presuit Notice and
                    Time-bar.........................................................................................................9
18  IV.     CONCLUSION.........................................................................................................10

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

3

Page(s)

**FEDERAL CASES**

4

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.,*
   960 F.2d 1020 (Fed. Cir. 1992)..................................................................... 8, 9

5

6

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986) ........................................................................................ 2

7

*Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs., Ltd.,*
   394 F.3d 1348 (Fed. Cir. 2005)....................................................................... 3, 5

8

9

*Canron, Inc. v. Plasser American Corp.,*
   474 F.Supp. 1010 (E.D.Va. 1978).................................................................... 6

10

*Caterpillar Inc. v. Sturman Indus., Inc.,*
   387 F.3d 1358 (Fed. Cir. 2004)....................................................................... 2

11

12

*Chambers v. TRM Copy Centers Corp.,*
   43 F.3d 29 (2d Cir. 1994)............................................................................... 2

13

*Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus.,*
   145 F.3d 1303 (Fed. Cir. 1998)....................................................................... 2

14

*Dark v. Curry County,*
   451 F.3d 1078 (9th Cir. 2006).......................................................................... 2

15

16

*Ferring B.V. v. Barr Labs., Inc.,*
   437 F.3d 1181 (Fed. Cir. 2006)....................................................................... 1, 3, 5

17

*Fox Indus., Inc. v. Structural Preservation Sys., Inc.,*
   922 F.2d 801 (Fed. Cir. 1990)......................................................................... 4

18

19

*In re Kopfenstein,*
   380 F.3d 1345 (Fed. Cir. 2004)....................................................................... 6

20

*Merck & Co. v. Danbury Pharmacal, Inc.,*
   873 F.2d 1418 (Fed. Cir. 1989)....................................................................... 3

21

22

*Online Policy Group v. Diebold, Inc.,*
   337 F. Supp. 2d 1195 (N.D. Cal. 2004) ........................................................... 2

23

*Purdue Pharma L.P. v. Endo Pharm. Inc.,*
   438 F.3d 1123 (Fed. Cir. 2006)....................................................................... 5

24

25

**STATUTES**

26

Fed.R.Evid. 902(5)................................................................................................. 6

27

28

1     **I.      INTRODUCTION**

2          Lucent is not entitled to summary judgment on the inequitable conduct issue because Dell

3     has advanced evidence from which a jury could find an intent to deceive the Patent Office.  As

4     demonstrated below, Dell has advanced evidence from which a jury could reasonably conclude that

5     highly material information was not disclosed to the Patent Office during the prosecution of the

6     Ackerman patent, that those involved with the prosecution of the patent knew of that information at

7     the relevant time, and that they knew or should have known that the information was material.

8     Under prevailing law, such evidence not only creates a genuine issue of fact regarding intent to

9     deceive sufficient to avoid summary judgment, but also has been found to warrant summary

10    judgment that the patentee <u>did</u> intend to deceive the Patent Office.  *Ferring B.V. v. Barr Labs., Inc.*,

11    437 F.3d 1181, 1191 (Fed. Cir. 2006).  Given the unequivocal evidence of inequitable conduct

12    advanced by Dell and the proper legal standard, Lucent's motion must be denied.

13         Lucent is also not entitled to summary judgment with respect to the IETM prior art.  Dell

14    has provided claim charts, interrogatory responses and an expert report setting forth exactly how the

15    IETM system and documents anticipate, or in the alternative render obvious, the asserted claims of

16    the Ackerman patent.  At a minimum, Dell has come forward with enough evidence to create a

17    factual dispute regarding whether the IETM documents are prior art publications.

18         The record indicates that Dell has not given up its laches affirmative defense, and Mr.

19    Garrana's testimony on that point is certainly not unambiguous support for Lucent's position.  Dell

20    has come forward with evidence from which a reasonable jury could conclude that Lucent knew or

21    should have known about the alleged infringement on or about the time the Ackerman patent issued,

22    and that Dell has suffered economic harm as a result of Lucent's unreasonable delay in filing suit.

23         As to the remainder of Lucent's motion, Dell has not asserted patent misuse.  Dell's Answer

24    and Counterclaim to Lucent's Second Amended Complaint (also filed today) does not assert the

25    affirmative defenses of equitable estoppel and unclean hands.  Additionally, Dell is not asserting the

26    affirmative defenses of implied license, waiver and exhaustion against the Ackerman patent.

27    Accordingly, Lucent's motion on these issues is moot.

28

1  Dell has asserted the defenses of "failure to name an inventor" and "on-sale bar" because it

2  incorporated by reference Microsoft's defenses.  Dell, however, is not opposing Lucent's motion on

3  those issues.  Dell has not asserted that presuit notice should have been given with respect to the

4  Ackerman patent or that Lucent's damages claims as to the Ackerman patent are time barred.

5  Accordingly, Lucent's motion on those issues is also moot.

6  **II.     APPLICABLE LEGAL STANDARD**

7  Summary judgment is inappropriate unless "there is no genuine issue as to any material fact

8  and . . . the moving party is entitled to a judgment as a matter of law." *Caterpillar Inc. v. Sturman*

9  *Indus., Inc.,* 387 F.3d 1358, 1373 (Fed. Cir. 2004).  The court must assume that all evidence

10  presented by the non-movant is credible, with all doubts resolved in favor of the non-movant. *See*

11  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Chiuminatta Concrete Concepts, Inc. v.*

12  *Cardinal Indus.,* 145 F.3d 1303, 1307 (Fed. Cir. 1998).  It is also true that "the burden on the

13  nonmoving party is not a heavy one; the nonmoving party simply is required to show specific facts,

14  as opposed to general allegations, that present a genuine issue worthy of trial." *Dark v. Curry*

15  *County*, 451 F.3d 1078, 1082 (9th Cir. 2006) (internal citations omitted).  Therefore, "[i]f, as to the

16  issue on which summary judgment is sought, there is any evidence in the record from any source

17  from which a reasonable inference could be drawn in favor of the nonmoving party, summary

18  judgment is improper." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994).

19  "Summary judgment thus is not appropriate if the nonmoving party presents evidence from which a

20  reasonable jury could resolve the material issue in his or her favor." *Online Policy Group v.*

21  *Diebold, Inc.,* 337 F. Supp. 2d 1195, 1199 (N.D. Cal. 2004).

22  **III.    ARGUMENT**

23
   **A.     Dell Has Presented Sufficient Evidence of Intent
24            To Deceive To Create a Triable Issue of Fact**

25  Lucent's only basis for requesting summary judgment on the issue of inequitable conduct is

26  the assertion that there is no evidence that the inventors and their attorneys intended to deceive the

27  Patent Office when they withheld certain material prior art.  Dell need not provide direct evidence

28

- 2 -

of an intent to deceive. Rather, it need only advance evidence from which a jury could reasonably infer such an intent. "Intent need not, and rarely can, be proven by direct evidence." *Merck & Co. v. Danbury Pharmacal, Inc.*, 873 F.2d 1418, 1422 (Fed. Cir. 1989).

While there is no hard and fast rule concerning when intent must be inferred, the Federal Circuit has identified several scenarios in which an intent to deceive may be properly inferred. For example, where the applicants knew of the undisclosed prior art and knew or should have known of its materiality, an intent to deceive will generally be inferred unless the applicant can provide a credible explanation for the failure to disclose. "[I]n the absence of a credible explanation, intent to deceive is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material information." *Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs., Ltd.*, 394 F.3d 1348, 1354 (Fed. Cir. 2005). Indeed, the Federal Circuit has held that summary judgment *against the patentee*,

> is appropriate on the issue of intent if there has been a failure to supply highly material information and if the summary judgment record establishes that (1) the applicant knew of the information; (2) the applicant knew or should have known of the materiality of the information; and (3) the applicant has not provided a credible explanation for the withholding.

*Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1191 (Fed. Cir. 2006).

For purposes of this motion, Lucent does not dispute that the prior art patents withheld from the Patent Office—including U.S. Patent No. 5,195,130 ("the '130 patent")—were highly material to the Ackerman patent application or that those individuals substantively involved in the prosecution of the Ackerman patent knew of that prior art and of its materiality. *See* Lucent Mot., at 11. Nor could it dispute those facts in this context, since Dell has advanced evidence upon which a fact finder could find them to be true.

Specifically, Dell's technical expert, Dr. John Kelly, has opined that the '130 patent anticipates the asserted claims of the Ackerman patent:

> 248. The '130 patent meets all the requirements of claims 1-7 and 10 of the '131 patent, as explained above. It therefore anticipates that claim and represents important information beyond what was provided to the examiner of the '131 patent. Specifically, no single reference considered by the examiner satisfies each element of that claim.

- 3 -

249.    Moreover, the '130 patent adds important information beyond what was considered by the Examiner in any of the documents in the record. Specifically, none of the documents considered by the Examiner disclosed use of a communications protocol for a smart phone or telephone based computer in which individual data elements are communicated between a terminal device and a host computer by specifying an identification for the element instead of transmitting the entire data element.

Declaration of Joseph A. Micallef in Support of Dell Inc.'s Opposition to Lucent's Motion for Summary Judgment Concerning U.S. Patent No. 5,649,131 to Ackerman et al. [hereinafter "Micallef Decl."],  Ex. A, at 98 (Expert Report of John P. J. Kelly, Ph.D. regarding the Invalidity of U.S. Patent No. 5,649,131 [hereinafter "Kelly Invalidity Report"]).  A reference that anticipates several claims of the patent-in-suit clearly would have been highly material during prosecution.[1] *Fox Indus., Inc. v. Structural Preservation Sys., Inc.*, 922 F.2d 801, 804 (Fed. Cir. 1990).  And while Lucent may present evidence that the '130 patent does not satisfy every limitation of the asserted claims, Dr. Kelley's opinion raises at least a fact issue on that point that must be resolved in Dell's favor in this procedural context.[2]

Dell has also advanced evidence demonstrating that the '130 patent was known, or should have been known, to those substantively involved in the prosecution of the Ackerman patent application.  For example, while the Ackerman patent application was still pending in the patent Office, the '130 patent was cited during the prosecution of a patent application relating to the Ackerman patent and which named three of the same inventors as the Ackerman patent and included much of the same technical disclosure as the Ackerman patent.  *See* Micallef Decl., Ex. B, at 119 (Expert Report of the Honorable Gerald J. Mossinghoff on U.S. Patent Nos. 5,649,131 to Ackerman et al. and 4,317,956 to Torok et al. [hereinafter "Mossinghoff Report"] at ¶¶ 14-16).  Those individuals substantively involved in the prosecution of the Ackerman patent application therefore knew, or should have known, about the '130 patent and of its materiality to the Ackerman

[1] Indeed, relying on Dr. Kelly's analysis, Mr. Mossinghoff (Dell's expert on *inter alia* the duty of candor and good faith to the Patent Office and a former Commissioner of the U.S. Patent and Trademark Office) has opined that the '130 patent was material to the prosecution of the Ackerman patent.  Micallef Decl., Ex. B, at 120 (Mossinghoff Report at ¶¶ 18-19).

[2] Moreover, Lucent has not moved for summary judgment of no anticipation by the '130 patent, thereby implicitly conceding at least a fact issue on that question.

- 4 -

patent application.  And while Lucent may argue otherwise, such arguments present no more than an issue of fact that, again, the Court must resolve in Dell's favor for purposes of this motion.

Accordingly, under the prevailing law, to be entitled to summary judgment on the issue of intent, Lucent must demonstrate a credible explanation for the inventor's failure to disclose the '130 patent and that no factual dispute concerning that explanation exists.  *See Ferring*, 437 F.3d at 1191.  That is, Lucent must not only advance an explanation, but must also show that no reasonable jury could reject it.

Lucent's motion, however, is devoid of any explanation whatsoever, and it has no evidence to demonstrate an explanation in any event.  Thus, because Lucent has not shown any credible explanation for the failure to disclose the '130 patent, its motion must be denied.[3]  *Bruno*, 394 F.3d at 1354 (Fed. Cir. 2005).

**B.      There are Factual Disputes with Respect to the IETM System and Documents that Preclude an Award of Summary Judgment**

Lucent next argues that Dell has offered no evidence or claim charts to show how the asserted patents are invalid in view of the IETM prior art.  *See* Lucent Mot., at 8.[4]  That is incorrect.  Dell provided to Lucent interrogatory responses setting forth its invalidity contentions with respect to the IETM prior art.[5]  *See*  Micallef Decl., Ex. C, at 126-58 (Invalidity claims chart with respect to IETM prior art).  Additionally, Dell's expert provided a detailed analysis setting forth his opinion that the asserted claims are anticipated by, or in the alternative obvious in view of, the IETM prior

---

[3]      Lucent's reliance on the *Purdue Pharma* case is misplaced because in that case the Federal Circuit was reviewing the district court's decision on inequitable conduct *after* a full trial on the issue.  Furthermore, the Federal Circuit remanded the decision on inequitable conduct in part because the district court improperly discounted the evidence of good faith put forward by the patentee.  *Purdue Pharma L.P. v. Endo Pharm. Inc.*, 438 F.3d 1123, 1134 (Fed. Cir. 2006).  Lucent has provided no such evidence of good faith.  Thus, *Purdue Pharma* neither negates nor weakens the clear standard set forth in the *Ferring* case with respect to summary judgment on the issue of inequitable conduct.  *Ferring*, 437 F.3d at 1191.

[4]      Lucent's argument on this point is disingenuous.  That an expert has not offered evidence that the claims are invalid in view of any *single* IETM document does not equate with an absence of evidence that asserted patents are invalid in view of the IETM references.

[5]      Dell also has not conceded that it is relying solely on three IETM documents.  In his report on invalidity issues, Dell's expert explicitly cites to the IETM documents that he has considered and is entitled to rely on.

- 5 -

CASE NO. 02-CV-2060-B (CAB) consolidated with CASE NO. 03-CV-0699-B (CAB) and CASE NO. 03-CV-1108-B (CAB)
DELL INC.'S OPPOSITION TO LUCENT'S MOTION FOR SUMMARY JUDGMENT
CONCERNING U.S. PATENT NO. 5,649,131 TO ACKERMAN ET AL.

1    art.  Micallef Decl., Ex. A, at 77-85 (Kelly Invalidity Report at ¶¶ 201-19) (Dr. Kelly also reviewed

2    and adopted into his report as Exhibit F the invalidity claim chart provided in Defendants'

3    interrogatory response and attached as Exhibit C to the Micallef Declaration.)  Accordingly,

4    sufficient evidence exists from which a jury could find that the asserted claims are invalid in view

5    of the IETM prior art.

6         Dell has also come forward with sufficient evidence to support a finding that the IETM

7    documents were published more than one year prior to the filing date of the Ackerman patent.

8    Indeed, on their face the documents indicate they were published more than one year before the

9    filing date of the Ackerman patent, and that they are U.S. government publications that were

10   "unclassified," and "approved for public release; distribution is unlimited."  Micallef Decl., Exs. D,

11   E, F, and G.  The date a document bears is the presumptive date of publication.  *Canron, Inc. v.*

12   *Plasser American Corp.*, 474 F.Supp. 1010, 1016 (E.D.Va. 1978).

13        Furthermore, Lucent wants this Court to ignore that all of the references are government

14   documents published by the U.S. Navy's David Taylor Research Center, but this Court should not

15   do so. *See, e.g.*, Fed.R.Evid. 902(5) (stating that "[b]ooks, pamphlets, or other publications

16   purporting to be issued by public authority" are self-authenticating documents).  Additionally, these

17   documents were easily and readily findable and obtainable by defendants through the U.S.

18   Department of Commerce's National Technical Information Service.  Micallef Decl., Ex. H, at 504

19   (Deposition of Dr. John P. J. Kelly on July 6, 2006 [hereinafter "Kelly Dep."] at lines 20-21).

20        Given that at the summary judgment stage all reasonable inferences must be viewed in the

21   light most favorable to the nonmovants, Dell has certainly come forward with enough evidence

22   from which a jury could conclude that the publications were publicly accessible more than one year

23   prior to the filing date of the Ackerman patent.[6]

24   _____

25   [6]      Lucent's assertion that Dell's expert "assumed" that the documents were publicly accessible
     is a red herring.  As discussed above, Dell has produced sufficient evidence from which a jury could
     conclude that the documents were publicly accessible, or at least sufficient evidence to raise a
26   factual dispute on the point.  Moreover, when viewed in its proper context, it is clear that Dell's
     expert was testifying that he assumed the documents were indexed and cataloged.  Micallef Decl.,
27   Ex H, at 504 (Kelly Dep. at lines 16-23).  As recognized by the very cases relied on by Lucent in its
     opposition, however, indexing and cataloging is not a precondition for printed publication status.  *In*
28   (Footnote Cont'd on Following Page)

1

**C.     There are Factual Disputes on the Laches Issue
that Preclude an Award of Summary Judgment**

2

Summary judgment on Dell's affirmative defense of laches is not appropriate as there are

3

numerous factual questions with respect to Lucent's unreasonable delay and unfair prejudice to Dell

4

that need to be resolved before the Court makes an equitable determination regarding laches.[7]

5

*1.     There is a Factual Dispute as To When Lucent Knew or
Should Have Known of the Alleged Infringement*

6

7

Contrary to Lucent's self serving contrary position, there is a factual dispute regarding when

8

Lucent knew *or should have known* about Dell's alleged infringement.  Lucent alleges that the use

9

of the <FORM> element within HTML constitutes infringement of the Ackerman patent.  Micallef

10

Decl., Ex. I, at 512-4 (Expert Report of Dr. Nathaniel Polish Regarding Infringement of U.S. Patent

11

No. 5,649,131).  Indeed, Lucent's has taken the position in this litigation that one cannot conduct

12

commerce over the internet without using the <FORM> element in a manner that infringes the

13

Ackerman patent.  For example, Lucent's technical expert has opined:

14

> HTML forms, which incorporates the invention of the Ackerman patent,
> revolutionized the way that people use the Internet by enabling websites to
> ask for and receive information directly from a user sitting at a personal
> computer.  For instance, online commerce has grown explosively over the
> last ten years. . . .

15

16

17

> . . . . **Therefore, companies that offer goods or services on the Internet
> benefit commercially from the invention claimed in the '131 patent**.

18

19

Micallef Decl., Ex. J, at 551 (Rebuttal Expert Report of Dr. Nathaniel Polish Regarding Validity of

20

U.S. Patent No. 5,649,131).  In July 1997—i.e., when the Ackerman patent issued—Dell was

21

---

(Footnote Cont'd From Previous Page)

22

*re Kopfenstein*, 380 F.3d 1345 (Fed. Cir. 2004) ("We find the appellants' argument unconvincing
and disagree with their characterization of our controlling precedent. . . .  [Our precedents] do not

23

limit this court to finding something to be a "printed publication" *only* when there is distribution
and/or indexing.") (emphasis on original).

24

[7]     Dell has **not** conceded that it is not asserting laches with respect to the Ackerman patent, and
Lucent's reliance on the deposition of Henry Garrana for that alleged concessioin is unavailing.

25

Mr. Garrana's testimony relied on by Lucent was in the context of a discussion of the Netravali and
Haskel patents; Lucent's attempt to promote that into a concession about the Ackerman patent is an

26

attempt at argument out of context.   At best Lucent can ask for an inference that Mr. Garrana
conceded something other than what was in context, but on summary judgment any such inference

27

must be drawn against Lucent in favor of Dell, the nonmovant.

28

---

- 7 -

1    already engaged in online commerce and its activity in that respect was open and notorious.  *See,*

2    *e.g.*, Micallef Decl., Ex. K, at 615-31 (Rebuttal Expert Report of John P. J. Kelly, Ph.D. on

3    Secondary Considerations of Non-Obviousness Regarding United States Patent No. 5,640,131

4    [hereinafter "Kelly Secondary Considerations Rebuttal Report"]).  Moreover, Lucent contends that it

5    first contacted Dell regarding its patent portfolio on September 28, 1998, and must have

6    investigated, and therefore been aware of, Dell's business activities prior to that date.  Based on

7    these facts, a fact finder can reasonably conclude that Lucent was or should have been aware of

8    Dell's online commerce activities at the time the Ackerman patent issued, and that Lucent knew or

9    should have known of the alleged infringement, especially given Lucent's position (which Dell

10   disputes) that one cannot engage in online commerce without infringing the Ackerman patent.

11        Nor does the fact that Lucent allegedly entered into license negotiations regarding the

12   Ackerman patent in July 2001 entitle Lucent to summary judgment.  By that time, Lucent had

13   already delayed filing suit for four years.  Allegedly commencing negotiations at that late date does

14   not excuse the delay that came before it.  Rather, the alleged negotiations are only one factor which

15   must be evaluated in the context of the entirety of the facts.  *See A.C. Aukerman Co. v. R.L. Chaides*

16   *Const. Co.*, 960 F.2d 1020, 1033 (Fed. Cir. 1992) (en banc).  Thus, if anything, Lucent's alleged

17   negotiations and the circumstances surrounding them only raise additional factual disputes that must

18   be resolved before the Court can reach an ultimate decision regarding laches.

19                    2.      *There is a Factual Dispute Concerning Whether Dell was*
                             *Unfairly Prejudiced By Lucent's Unreasonable Delay*
20

21        There is also a factual dispute concerning the prejudice prong of the laches analysis.

22   *Aukerman*, 960 F.2d at 1033.  Dell's expert has opined that at the time that the alleged infringement

23   occurred, Dell could have redesigned its web site to operate in a manner that does not infringe the

24   Ackerman patent even under Lucent's infringement theory.  Micallef Decl., Ex. L, at 683-4,

25   (Rebuttal Expert Report of John P. J. Kelly, Ph.D. re Non-Infringement of United States Patent No.

26   5,649,131 at ¶ 144); Micallef Decl., Ex. K, at 558-9, 563-70, and 572-613 (Kelly Secondary

27   Considerations Rebuttal Report at ¶ 16, Exhibits A and B).  In short, there is evidence that had

28

- 8 -

1   Lucent not unduly delayed filing this action, Dell could have redesigned its web site in a manner

2   that avoids infringement even under Lucent's theories and avoided most of the damages that Lucent

3   now seeks.[8]

4        Accordingly, Dell has raised sufficient facts from which the Court can exercise its discretion

5   to find laches.  At a minimum, Dell has raised factual disputes that need to be resolved before the

6   Court exercises its discretion with respect to the equitable doctrine of laches.  Summary judgment is

7   not the time for resolution of disputed facts.

8        **D.    Equitable Estoppel, and Unclean Hands**

9        The Answer and Counterclaims of Dell Inc. in Reply to Second Amended Complaint in

10  Case No. 03-CV-1108 B (CAB), filed this day, does not assert defenses of equitable estoppel or

11  unclean hands with regard to the Ackerman patent.  Accordingly, Lucent's motion for summary

12  judgment on these issues is moot.  In the event that the Court determines that these issues are not

13  moot, in view of its recently filed Answer, Dell does not oppose Lucent's motion for summary

14  judgment as to equitable estoppel and unclean hands with regard to the Ackerman patent.

15       **E.    Implied License, Waiver, Exhaustion and Patent Misuse**

16       Dell has not asserted implied license, waiver, exhaustion or patent misuse with respect to the

17  Ackerman patent.  Therefore, Lucent's motion for summary judgment on that point is inappropriate

18  or otherwise moot.

19       **F.    Failure to Name an Inventor , On-Sale Bar, Presuit Notice and Time-bar**

20       Dell asserted the defenses of "failure to name an inventor" and "on-sale bar" by

21  incorporating by reference Microsoft's defenses. Dell, however, is not opposing Lucent's motion on

22  those issues.  Furthermore, Dell has not asserted that presuit notice should have been given with

23  respect to the Ackerman patent or that Lucent's damages claims as to the Ackerman patent are time

24  barred.  Accordingly, Lucent's motion on those issues is also moot.

25

26  _____
    [8]       Additionally, it is to be noted that Lucent's delay totals five and a half years, only six
27  months short of the period that would have resulted in a <u>presumption</u> of laches.  *Aukerman*,
    960 F.2d at 1034-35.  That Dell is not entitled to the presumption does not change the law that on
    summary judgment Dell is entitled to all favorable <u>inferences</u>.

28

- 9 -

1

## IV.    CONCLUSION

2          For the foregoing reasons, Lucent's motion for summary judgment should be denied with

3   respect to the inequitable conduct, IETM and laches issues.

4

5   February 9, 2007                                ARNOLD & PORTER LLP
                                                    James S. Blackburn
6                                                   Joseph A. Micallef

7
                                                    McDERMOTT WILL & EMERY LLP
8                                                   Joel M. Freed

9
                                                    By:      /s/ Joseph A. Micallef
10                                                          _____
                                                            Joseph A. Micallef
11                                                          Attorney for Dell Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 02-CV-2060-B (CAB) consolidated with CASE NO. 03-CV-0699-B (CAB) and CASE NO. 03-CV-1108-B (CAB)
DELL INC.'S OPPOSITION TO LUCENT'S MOTION FOR SUMMARY JUDGMENT
CONCERNING U.S. PATENT NO. 5,649,131 TO ACKERMAN ET AL.