**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervenor and Counter-claimant, <br><br>———————————————————— <br><br> MICROSOFT CORPORATION, <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant and Counter-claimant <br><br>———————————————————— <br><br> LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC., <br><br> Defendant. <br><br>———————————————————— | **Civil No:** 02CV2060-B(CAB) <br> consolidated with <br> **Civil No:** 03CV0699-B (CAB) and <br> **Civil No:** 03CV1108-B (CAB) <br><br> **ORDER GRANTING SUMMARY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NO. 5,649,131** |

02CV2060-B (CAB)

## I. BACKGROUND

Dell and Microsoft (herein collectively "Defendants") move the Court for summary judgment that the accused products do not infringe U.S. Patent No. 5,649,131 ("the '131 patent"). The '131 patent is directed to a method of operating a host processor to transmit information to a terminal device. Lucent has accused the operation of Microsoft's and Dell's web-servers communicating with client computers over the internet as infringing the '131 patent. Defendants now move for summary judgment of no infringement of the '131 patent.

## II. DISCUSSION

### A. STANDARD OF LAW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(e) (West 2006). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering the motion, the court must examine all the evidence in the light most favorable to the non-moving party and "all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 257 (1986).

When the moving party does not bear the burden of proof, summary judgment is warranted by demonstration of an absence of facts to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Summary judgment must be granted if the party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323.

### B. ANALYSIS

#### 1. Literal Infringement

"Literal infringement of a claim exists when every limitation recited in the claim is

found in the accused device, i.e., when the properly construed claim reads on the accused device exactly." <u>Cole v. Kimberly-Clark Corp.</u>, 102 F.3d 524, 532 (Fed. Cir. 1996). The claims of the '131 patent are directed to methods of operating a host processor device (a computer that communicates with one or more users to provide services such as transaction processing or database access) communicating with a terminal device (such as a data terminal, workstation, portable computer or smart phone). Defendants argue that the accused web servers do not infringe the '131 patent because they lack one or more claim elements of the claims at issue.

All of the claims relate to the communication of a host processor with a terminal device. The Court defined a "terminal device" as "a computing device such as a data terminal, workstation, portable computer, or smart phone that enables a user to communicate with a host processor. It manages its associated display itself and manages its internal memory with the assistance of the host processor."

Defendants contend that their web servers specify, at least in part, the details of how information is displayed on the client's computer including the order and location of the information on the display. Defendants argue that the client's computer cannot meet the definition of terminal device because it does not manage its associated display *itself*. Lucent, however, claims that the client's computer dictates the actual physical location on the screen; for example, the physical location of a "window" displaying a web page. Although Lucent concedes that the web servers may control aspects of the arrangement and relative positioning of objects within the web page, according to Lucent this control does not violate the "manages its associated display itself" requirement as it pertains to the terminal device.

The Court construed "terminal device" to include this limitation based upon the use of the term in the specification and prosecution history of the patent. The '131 specification states in the summary of invention section:

The terminal device, in turn and in accord with an aspect of the invention, displays

>   the object in a form determined *solely by the terminal device* but in accordance with respective predefined policies.

('131 patent. Col. 2:19-22) (emphasis added). During prosecution, the patentee distinguished his invention from the prior art of the Busboom patent, stating:

>   *the host computer does not specify where an object is to be displayed on the display of a terminal.* The reason for this is that it is the terminal and not the host computer that decides where an object is to be displayed on the terminal display.

(emphasis added). Furthermore, according to the '131 patent, although the host processor may provide some attributes of the objects displayed on the terminal device, such as by providing commands to hide objects, highlight, and display user buttons, none of these attributes control the *location* of objects in the display. Referring to how a REGION command (from the host processor) partitions a display into regions, the specification states "[i]t is to be understood, however, that the way in which a display is actually partitioned into such regions is under the control of the station set or computer terminal. . . ." ('131 patent Col.8:12-15).

The Court therefore finds that based on the '131 patent specification and prosecution history, that the definition of the terminal device excludes arrangements where the host processor controls the positioning of objects on the display of the terminal device. In the instant case, because Defendants' web servers use a position attribute to display objects at certain coordinates programmed relative to the upper left hand corner of the display or upper left hand corner of items on the web page, the web server (host processor) participates in determining the actual location of items in the display of the client's computer. Thus, in the accused devices, the client's computer does not manage its associated display itself and it is not a terminal device under the Court's claim construction.

Defendants' motion also argues that the accused devices fail to meet the requirement that the terminal device "manages its internal memory with the assistance of the host processor," and fail to meet the additional claim limitations of "transmitting said identifier and its respective input object type to said device" and "assigning an identifier." Having

4

1  considered each of these remaining limitations based on the parties' detailed briefs, the
2  evidence in support thereof and the oral argument presented by the parties, the Court finds
3  that Lucent sufficiently raised genuine issues of material fact on each of these limitations.
4      However, although Lucent has raised genuine issues of with material fact with
5  regard to these other claim elements, as explained herein, Lucent has failed to show an
6  issue of fact that the accused devices contain a terminal device as required by the claims of
7  the '131 patent. Since this is an essential element of Lucent's infringement case on which
8  Lucent has failed to raise an issue of fact, Defendants' motion for no literal infringement is
9  **GRANTED**.

10      **2.    Doctrine of Equivalents**

11      Defendants assert that they are entitled to summary judgment of no infringement
12  under the doctrine of equivalents for two reasons: (1) Lucent has failed to come forward
13  with any allegations, evidence or argument on this issue; and (2) prosecution history
14  estoppel precludes the application of the doctrine of equivalents to the claim limitations at
15  issue.
16      Defendants point to the absence of any mention of the doctrine of equivalents in
17  Lucent's interrogatory responses.  An examination of the submitted interrogatory reveals
18  that it contains a conclusory statement that the accused web sites infringe under the
19  doctrine of equivalents, but the attached infringement claim charts do not refer to
20  equivalents and thus offer no evidence to support this contention. Furthermore, Lucent is
21  unable to point to any other evidence to support its theory of infringement under the
22  doctrine of equivalents.  Lucent's expert reports do not opine on this theory of
23  infringement. At deposition, Lucent's expert Dr. Polish stated that he had not performed a
24  doctrine of equivalents analysis, had not formed any such opinions and had not been asked
25  to do so.
26      Defendants also put forth the prosecution history of the '131 patent on the
27  limitations of "transmitting said identifier" and "manages its associated display itself" as
28

5

evidence of prosecution history estoppel that would limit the application of the doctrine of equivalents. Lucent has not offered any evidence to refute these assertions. In combination with the above-described failure of Lucent to bring forth any evidence to support its infringement contentions under this theory, Lucent has thus failed to meet its burden on summary judgment. Therefore, Defendants' motion as to no infringement under the doctrine of equivalents is **GRANTED**.

### 3. Indirect Infringement

Lucent also has accused Dell and Microsoft of indirectly infringing the '131 patent through inducing infringement and/or contributory infringement. Liability for indirect infringement requires a showing of direct infringement. Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement. . . ."). Because there is no direct infringement of the '131 patent(literal or under the doctrine of equivalents), there can be no indirect infringement. Therefore, on this ground, Defendants' motion for summary judgment of no inducing infringement and no contributory infringement is **GRANTED**.

## IV. CONCLUSION

For the reasons herein, Defendants' motion for non-infringement is **GRANTED** on all grounds including no literal infringement, no infringement under the doctrine of equivalents, no inducing infringement and no contributory infringement.

**IT IS SO ORDERED**

DATED: March 8, 2007

*/s/ Rudi M. Brewster*

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
    United States Magistrate Judge

    All Counsel of Record