**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>    Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>    Intervenor and Counter-claimant,<br>_____<br>MICROSOFT CORPORATION,<br><br>    Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>    Defendant and Counter-claimant<br>_____<br>LUCENT TECHNOLOGIES INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DELL, INC.,<br><br>    Defendant.<br>_____ | **Civil No:** 02CV2060-B(CAB)<br>consolidated with<br>**Civil No:** 03CV0699-B (CAB) and<br>**Civil No:** 03CV1108-B (CAB)<br><br>**ORDER GRANTING SUMMARY ADJUDICATION OF NO INFRINGEMENT OF CLAIMS 1, 2, 6, 7, 10-12, 15, AND 16 OF U.S. PATENT NO. 4,763,356** |

**I.    INTRODUCTION**

Gateway moves the Court for summary judgment[1] that it does not infringe claims 1, 2, 6, 7, 10-12, 15 and 16 of U.S. Patent No. 4,763,356 ("the '356 patent"). Defendants Dell and Microsoft join Gateway's motion.[2]  For the reasons herein, the Court **GRANTS** the motion.

**II.   BACKGROUND**

Lucent has asserted the '356 patent against Defendants Dell, Gateway and Microsoft. This patent relates to a form entry system for filling out computerized forms using on-screen tools, in particular, without using a physical keyboard. Lucent contends that Gateway's and Dell's computers infringe the '356 patent when programmed with Microsoft Money, Microsoft Outlook, Intuit Quicken and Microsoft Windows Mobile and Pocket PC operating software.

Claims 1, 2, 6, 7, 10-12 15, and 16 in the '356 patent are means plus function claims. At the Markman hearing for the '356 patent, the Court construed each of the "means" to cover a function and a corresponding structure. In each case, the corresponding structure includes "a microprocessor 211" programmed with a particular algorithm identified with reference to the figures and column and line numbers of the '356 patent specification.

Defendants now move for summary judgment that the accused products do not infringe these means-plus-function claims. The motion was heard on March 7, 2007.

**III.  DISCUSSION**

  **A.    STANDARD OF LAW**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

---

[1] The parties titled the instant motion as "summary judgment." However, the Court treats it as a motion for summary adjudication (or partial summary judgment) under Fed. R. Civ. P. 56(d) because the motion does not encompass the entire case on the '356 patent.

[2] Gateway, Dell and Microsoft are referred to herein collectively as "Defendants."

1 is no genuine issue as to any material fact and that the moving party is entitled to judgment
2 as a matter of law." Fed. R. Civ. P. 56(e) (West 2006).  A dispute about a material fact is
3 genuine "if the evidence is such that a reasonable jury could return a verdict for the
4 nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In
5 considering the motion, the court must examine all the evidence in the light most favorable
6 to the non-moving party and "all justifiable inferences are to be drawn in his favor."
7 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 257 (1986).

8      When the moving party does not bear the burden of proof, summary judgment is
9 warranted by demonstration of an absence of facts to support the non-moving party's case."
10 Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Summary judgment must be granted if
11 the party responding to the motion fails "to make a sufficient showing on an essential
12 element of her case with respect to which she has the burden of proof." Id. at 323.

13     **B.    ANALYSIS**

14          **1.    Corresponding Structure for Means Plus Function Limitations**

15      The main point of contention between the parties is whether or not Lucent has
16 identified corresponding structure in the accused devices to meet the limitations of the
17 mean-plus-function claims.  According to Defendants, Lucent has not offered any evidence
18 that accused devices employ identical or equivalent algorithms to those set forth in the
19 corresponding structures for the '366 patent claims.  Defendants contend that Lucent's
20 expert has not examined or opined on the source code for the accused devices; instead
21 Lucent's expert only points to the functions performed by the accused products.

22      Lucent, however, argues that it is relying on circumstantial evidence of
23 infringement.  Lucent points to the opinion of its expert Mr. Tognazzini which identifies
24 each of the algorithms as set forth in the claims to perform specific functions.  According to
25 Lucent, the claims are not directed to a specific algorithm because the algorithms disclosed
26 by the '356 patent are simply generic algorithms, easily understood by a person of ordinary
27 skill in the art.  Hence, Lucent contends that so long as its expert puts forth evidence that

28

the accused products contain such a generic algorithm, Lucent has put forward sufficient evidence of infringement to defeat summary judgment.

When construing means plus function limitations that concern a computer or microprocessor that carries out an algorithm, the structure is limited by the algorithm as disclosed by the patent. See WMS Gaming, Inc. v. Int'l Game Tech., 184 F.3d 1339, 1348-49 (Fed. Cir. 1999); Harris Corp. v. Ericsson Inc., 417 F.3d 1241, 1253 (Fed. Cir. 2005). For example, in WMS Gaming, the corresponding structure of "an algorithm executed by a computer" was too broad; the appropriate corresponding structure according to the Federal Circuit was a microprocessor programmed with the steps of the algorithm as illustrated in the relevant figure of the patent. Id. at 1349. Similarly, in Harris, the Court construed the means-plus-function limitations to correspond to microprocessors programmed with the disclosed algorithms, referring to specific figures and columns in the specification. 417 F.3d at 1254.

While Lucent points to cases where algorithms have not been defined as the corresponding structure for a means plus function limitation, these examples are limited to particular circumstances and explored in other contexts. For instance, in Medical Instrumentation and Diagnostics Corp. v. Elekta AB, 344 F.3d 1205, 1214 (Fed. Cir. 2003), the Court found that nothing in the specification linked the described software to the means plus function limitation at issue and thus the corresponding structure did not encompass this software. In Intel Corp. v. VIA Technologies, Inc., 319 F.3d 1357, 1366 (Fed. Cir. 2003), a generic core logic software disclosed without any more specific algorithm did not render a means-plus-function claim indefinite.

In contrast, in the instant circumstances, there is no dispute that the corresponding structure is a microprocessor programmed with an algorithm, nor is there an issue that the specification has failed to disclose an algorithm linked or associated with the claimed function. The Court identified the linked algorithms in its claim construction order. Hence, in accordance with the established case law, the algorithm as identified in the patent

1  specification and figures is part of the defined corresponding structure for the means plus
2  function limitations.  WMS Gaming, 184 F.3d at 1348-49; Harris Corp., 417 F.3d at 1253;
3  see also Medical Instrumentation, 344 F.3d at 1212 ("[T]he requirement of looking to the
4  disclosure to find the corresponding structure comes from section 112, paragraph 6 itself. It
5  is not proper to look to the knowledge of one skilled in the art apart from and unconnected
6  to the disclosure of the patent.").

### 2.     Infringement

"Literal infringement of a means-plus-function claim limitation requires that the relevant structure in the accused device perform the identical function recited in the claim and be identical or equivalent to the corresponding structure in the specification." Applied Medical Resources Corp. v. U.S. Surgical Corp., 448 F.3d 1324, 1333 (Fed. Cir. 2006). A structure is an equivalent to the disclosed structure if "the two perform the identical function in substantially the same way, with substantially the same result." Id.

To establish infringement Lucent must show that the accused products have an identical or equivalent corresponding structure, i.e. a microprocessor with identical or equivalent algorithms to the algorithms identified in the Court's claim construction order. An algorithm is a series of steps that carry out a particular task.  To this end, Lucent must demonstrate that the steps used by the accused product to achieve the function of the means-plus-function limitation are identical or equivalent to the steps set forth in the algorithms of the corresponding structure for that means-plus-function limitation.

However, the evidence presented by Lucent in opposition to Defendants' summary judgment motion does not offer this analysis. The only identification of structure made by Lucent's expert Mr. Tognazzini are conclusory statements that "the identical function is carried out by an identical structure, namely a computer algorithm distributed across [the software] and the underlying Windows operating system." For example, with respect to the "means for identifying for each field the kind of information to be inserted therein" as required by the claims, the corresponding structure for is "an algorithm that displays a form

1501-1502" and the claim construction refers to Figure 15 and col. 13:24-31 in reference to this algorithm where the steps are detailed:

> Turning then to FIGS. 15 and 16, there is shown a flowchart of an application program, as represented by block 1501, and the form entry system program, as represented by blocks 1502 through 1533. FIGS. 15 and 16 should be arranged as shown in FIG. 17. Hereinafter the form entry system program will be referred to as the program. It is assumed that the application program at block 1501 is arranged to pass the name of a file containing the commands for displaying a customized form to block 1502. Upon receiving the name of the file, the program at block 1502 executes the commands contained in the file, the commands being, for example, the above mentioned puthline, putvline and puttext commands.

('356 patent, Col. 13:24-31) (emphasis added). However, Lucent's expert does not directly opine on whether these steps or their equivalent are carried out by the accused products. Instead, Lucent contends that because the fields of the accused Microsoft Money software are labeled "Pay to" and "Date," the product must have the necessary algorithm

Similarly, the "means for indicating" limitation of the claims was construed by the Court to refer to "a microprocessor 211 (see Fig. 13) programmed with the algorithm that indicates the currently active information field and displays a tool 1503-1515 (see Fig. 15) an associated "controller" - 220 and/or 219 (see Fig. 1 & 13), and a "display" - 21 and/or (16 and 18)). (See Fig. 13; Col. 13: 31-51; 57-58; 64-68; Col. 14: 1-20; 25-29) (emphasis added). Again, 1503-1515 of Figure 15 set out a series of steps in a flow chart. Lucent's expert identifies a blinking cursor or highlight which indicates the currently active field but his opinion does not compare the steps used by the accused device to identify the currently active field with those shown in the algorithm of Figure 15 of the '356 patent.

Although Lucent contends that its evidence circumstantially proves that the algorithms are present in the accused product, the evidence does nothing more than demonstrate that the accused products reach the same result; the evidence does not demonstrate circumstantially or otherwise anything about steps used by the accused

6

1  products to arrive at that result.[3]

2  In sum, Lucent has pointed to no evidence that even suggests that the accused
3  devices perform the steps of the algorithms as disclosed in the '356 patent. Without this
4  evidence Lucent cannot show that the accused devices meet each and every limitation of
5  the claims at issue.  See e.g., Overhead Door Corp. v. Chamberlain Group, Inc.,194 F.3d
6  1261, 1273 (Fed. Cir. 1999) (no infringement found where the software in the accused
7  product used an algorithm that did not perform the steps of the algorithm as shown in the
8  figure of the patent construed as the corresponding structure for the means-plus-function
9  limitation); WMS Gaming, 184 F.3d at 1350 (accused slot machine did not infringe
10 because the microprocessor was programmed differently and did not carry out the four
11 steps of the algorithm construed to be the corresponding structure for a "means for
12 assigning"). Therefore, Lucent has failed to raise an issue of fact that the accused devices
13 include the corresponding structures either literally or equivalently for the means-plus-
14 function limitations of claims 1, 2, 6, 7, 10-12, 15, and 16 of the '356 patent.  Since this is
15 an essential element of Lucent's infringement case on which Lucent has failed to raise an
16 issue of fact, Defendants' summary judgment motion for no infringement of claims 1, 2, 6,
17 7, 10-12, 15, and 16 of the '356 patent is **GRANTED**.

//
//
//
//
//
//

---

[3] In this respect, Jackson v. VTech Telecommunications Ltd., 289 F. Supp.2d 969, 976 (N.D. Ill. 2003), is unpersuasive.  In Jackson, although the plaintiff did not demonstrate the presence of the precise algorithm in the accused device, plaintiff's analysis incorporated at least some of the software of the accused device to demonstrate that it performed in a similar way to achieve a similar result. Id. Here, however, Lucent fails to provide any evidence as to the way the result is achieved.

7

## IV. CONCLUSION

For the reasons herein, the Court **GRANTS** summary adjudication of no infringement of claims 1, 2, 6, 7, 10-12, 15, and 16 of the ‘356 patent. This Order does not dispose of the remaining infringement issues in the case with respect to the method claims 19 and 21 of the ‘356 patent. These issues will be resolved in summary judgment motions scheduled to be heard on April 27, 2007, or they will proceed to trial set for May 21, 2007.

**IT IS SO ORDERED**

DATED: March 14, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
United States Magistrate Judge

All Counsel of Record