**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervenor and Counter-claimant, <br> _____ <br> MICROSOFT CORPORATION, <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant and Counter-claimant <br> _____ <br> LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC., <br><br> Defendant. <br> _____ | **Civil No:** 02CV2060-B(CAB) <br> consolidated with <br> **Civil No:** 03CV0699-B (CAB) and <br> **Civil No:** 03CV1108-B (CAB) <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART LUCENT'S MOTION FOR SUMMARY ADJUDICATION OF U.S. PATENT NO. 4,317,956** |

**I.   INTRODUCTION**

Lucent moves the Court for summary adjudication[1] regarding U.S. Patent No. 4,317,956 ("the '956 patent") on the following issues: (1) no anticipation by the Telestrator System; (2) no anticipation by the White article; (3) no invalidity under § 112; and (4) dismissal of Defendants' affirmative defenses which lack evidentiary support including laches, equitable estoppel/implied license/waiver, exhaustion, prior settlements, patent misuse, and unclean hands.

**II.   BACKGROUND**

The '956 patent, titled "Remote Chalkboard Automatic Cursor," relates to methods and devices which allow a user to write on a special surface and have the image appear on a remote screen. Lucent has asserted the '956 patent against Microsoft, Gateway and Dell, alleging that the Microsoft's software "NetMeeting" when used in conjunction with the graphics/drawing applications "Paint" or "Whiteboard" on Dell's and Gateway's computers infringe the claims of the '956 patent.  The '956 patent expired on November 10, 2000.

Defendants Dell, Gateway and Microsoft have counterclaimed for invalidity of the '956 patent on a number of grounds, as well as asserted a number of affirmative defenses. Lucent now moves for summary adjudication on a number of grounds related to these counterclaims and affirmative defenses.

**III.   DISCUSSION**

**A.   STANDARD OF LAW**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(e) (West 2006).  A dispute about a material fact is

---

[1] Lucent titled the instant motions a "summary judgment." However, the Court treats it as a motion for summary adjudication (or partial summary judgment) under Fed. R. Civ. P. 56(d) because the motion does not encompass the entire case on the '956 patent.

genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering the motion, the court must examine all the evidence in the light most favorable to the non-moving party and "all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 257 (1986).

When the moving party does not bear the burden of proof, summary judgment is warranted by demonstration of an absence of facts to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Summary judgment must be granted if the party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323.

### B. ISSUES FOR SUMMARY ADJUDICATION

#### 1. Anticipation by the Telestrator System

Defendants have asserted that claims 1, 3, 5, 15, 17, 18, and 21 are anticipated by the public use and sale of the Telestrator System ("the Telestrator"). Lucent now moves for summary adjudication that the Telestrator does not anticipate these claims on the grounds that Defendants have failed to provide a single reference or device that sets forth the Telestrator.

Under 35 U.S.C. § 102(a), a patent will not be granted if "the invention was known or used by others in this country" or under § 102(b), if the invention was "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." Defendants have alleged that the Telestrator was known, used and on sale many years before the '956 patent was filed. To support this contention, Defendants offer deposition testimony by the inventor of the Telestrator, a patent related to the Telestrator (U.S. Patent No. 3,617,630) and other reference articles and documents that describe the Telestrator.

Lucent argues that this evidence is insufficient because no *single* piece of evidence demonstrates that the Telestrator anticipates. This argument however, has little merit. It is

3

1 the Telestrator device that Defendants are advancing as prior art, not the actual printed
2 references or patents per se.  All Defendants need demonstrate is that this device possessed
3 the features of the claims as issue and the device was known, available or on sale before the
4 filing of the '956 patent. See In re Epstein, 32 F.3d 1559, 1567-68 (Fed. Cir. 1994).

5       The Court finds no authority for the requirement that this demonstration must be
6 accomplished only by direct evidence, by a single piece of evidence or by a single printed
7 reference. The statute and supporting case law only support the rule that a single device or
8 a single publication must anticipate; here Defendants put forth a single device.  How
9 Defendants choose to prove the features and existence of the device, in this case
10 circumstantially through a combination of deposition testimony, a patent and reference
11 articles, in no way contradicts the statute or any relevant law.  In fact, it follows the general
12 principle that while oral testimony may be used to evidence prior knowledge and prior use,
13 it is more likely to meet the clear and convincing burden of proof if supporting evidence
14 such as physical documentation (e.g. notes, letters, sketches, invoices) is offered.
15 Woodland Trust v. Flowertree Nursery, Inc., 148 F.3d 1368, 1373 (Fed. Cir. 1998); Lacks
16 Industries, Inc. v. McKechnie Vehicle Components USA, Inc., 322 F.3d 1335, 1349 (Fed.
17 Cir. 2003).  Therefore, Lucent's motion for summary adjudication on this ground is
18 **DENIED**.

19       **2.    Anticipation by the White Article**

20       Lucent moves the Court for summary adjudication that the claims of the '956 patent
21 are not anticipated by the reference "The Article Design Considerations for
22 Teleconferencing Systems" authored by Andrew White ("the White article"). According to
23 Lucent, Defendants have failed to put forth evidence demonstrating that this reference
24 discloses each and every claim limitation.

25       Defendants do not oppose Lucent's motion as it pertains to claims 1, 3, 5, 15, 17 and
26 21 of the '956 patent.  Thus, as to these claims, Lucent's motion is **GRANTED**.

27       With regard to claim 18, Lucent argues that the White article fails to disclose the

28

step of "generating separate from said drawn images distinctive graphic images" as set forth in the claimed method because the White article does not disclose any drawn images. The White article describes teleconferencing systems and some experiments and surveys to assess desirable features of such systems.  According to Defendants, the article discloses "drawn images" where it refers in the conclusion to future conference images that may be "computer generated graphics or image files drawn from remote data bases."  Although Lucent argues that Defendants have misinterpreted this sentence, the determination of whether this sentence sufficiently discloses the "drawn images" should be left to the jury. Additionally, although Lucent argues that the language cited by Defendants teaches away from this claim limitation,"teaching away" is not a concept relevant to anticipation. Celeritas Technologies, Ltd. v. Rockwell Intern. Corp., 150 F.3d 1354, 1361 (Fed. Cir.1998) (whether a reference "teaches away" from the invention is inapplicable to an anticipation analysis).  Hence, whether the White article makes reference that would disparage this disclosure is irrelevant. Therefore, given that issues of genuine material fact remain, Lucent's motion as to claim 18 is **DENIED**.[2]

### 3.  **Indefiniteness**

Lucent's motion appears to move for summary adjudication that claims 15 and 17 of the '956 patent are not invalid for indefiniteness; there is some confusion however because the title of Lucent's motion refers to written description and enablement.  To the extent that this motion concerns only indefiniteness, it is not opposed by the Defendants.  Under the Federal Rules of Civil Procedure, if an adverse party does not respond to a motion for summary adjudication, the Court may enter judgment against the adverse party if it is appropriate.  Fed. R. Civ. P. 56(e) (West 2006).   Having considered this unopposed motion, the Court finds it appropriate and therefore **GRANTS** Lucent's motion for

---

[2] Although Lucent's reply brief contends that other features of claim 18 may not be disclosed by the White article, since these issues were not raised in Lucent's opening brief and hence, did not offer the Defendants an opportunity to respond, these issues are not be considered here.

summary adjudication of no indefiniteness of claims 15 and 17.

### 4. Affirmative Defenses

Lucent moves for summary adjudication that several of Defendants' affirmative defenses lack evidentiary support. Defendants do not oppose these motions as to laches, patent misuse, unclean hands and prior settlements.[3] Therefore, Lucent's motion for summary adjudication to dismiss these affirmative defenses is **GRANTED**.

As to the affirmative defenses of equitable estoppel, implied license, waiver and exhaustion, the parties chose to address these related affirmative defenses together in their briefs. To clarify the Court's ruling herein, the Court separates these affirmative defenses into two groups: (1) equitable estoppel, waiver and any implied license arising therefrom; and (2) exhaustion and any implied license arising therefrom.

As regards equitable estoppel, waiver and any implied license arising therefrom Lucent argues that the these affirmative defenses lack evidentiary support. Dell contends that it is not asserting the defense of equitable estoppel or in the alternative, that it relies on the availability of these defenses as they pertain to Microsoft. Gateway also contends that it relies on the availability of these defenses as they pertain to Microsoft. Microsoft offers the identical arguments presented to the Court on this issue with respect to the motions for summary adjudication on U.S. Patent No.4,701,954. Thus, in keeping with its earlier ruling as well as for the reasons herein, the Court **GRANTS** Lucent's motion as it pertains to Microsoft, Dell, and Gateway.

With regard to exhaustion and any implied license arising therefrom only Defendant Microsoft raised this defense in its pleadings and none of the Defendants have offered any opposition to Lucent's motion on this issue. Therefore, the Court **GRANTS** Lucent's motion as to no exhaustion and any implied license arising therefrom.

---

[3] The affirmative defense of prior settlements is asserted only by Gateway; the defense of patent misuse is asserted only by Microsoft and Gateway (not Dell).

## IV.  CONCLUSION

For the reasons herein, the Court rules on Lucent's motions as follows.

The Court **GRANTS** summary adjudication on the following:

    a.    No anticipation of claims 1, 3, 5, 15, 17 and 21 by the White article;

    b.    No invalidity for indefiniteness of claims 15 and 17;

    c.    No laches;

    d.    No patent misuse;

    e.    No unclean hands;

    f.    No prior settlements;

    g.    No equitable estoppel, waiver and any implied license arising therefrom;

    h.    No exhaustion and any implied license arising therefrom;

The Court **DENIES** summary adjudication on the following:

    a.    No anticipation by the Telestrator;

    b.    No anticipation of claim 18 by the White article.

**IT IS SO ORDERED**

DATED: March 19, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
     United States Magistrate Judge

     All Counsel of Record

7