**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>　　Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>　　Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>　　Intervenor and Counter-claimant,<br>_____<br><br>MICROSOFT CORPORATION,<br><br>　　Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>　　Defendant and Counter-claimant<br>_____<br><br>LUCENT TECHNOLOGIES INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>DELL, INC.,<br><br>　　Defendant.<br>_____ | **Civil No:** 02CV2060-B(CAB)<br>consolidated with<br>**Civil No:** 03CV0699-B (CAB) and<br>**Civil No:** 03CV1108-B (CAB)<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART MICROSOFT'S MOTION FOR SUMMARY JUDGMENT OF NO INDIRECT INFRINGEMENT OF U.S. PATENT NO. 5,347,295** |

## I. INTRODUCTION

Microsoft moves the Court for summary judgment of no indirect infringement of U.S. Patent No. 5,347,295 ("the '295 patent"). On March 2, 2007, the Court heard and granted Dell's motion for summary adjudication that its Axim® line of PDAs does not infringe. Microsoft, accused by Lucent of indirectly infringing the '295 patent, joined Dell's motion and its motion was granted to the extent of Dell's judgment only. In the instant motion, Microsoft moves the Court for summary judgment that there is no indirect infringement as it pertains to all th remaining accused devices. For the reasons herein, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion.

## II. BACKGROUND

Lucent has accused Defendant Microsoft of indirectly infringing the '295 patent by making, using, selling, offering to sell, and/or importing Windows Mobile and Pocket PC operating software ("Windows Mobile OS") included in the accused personal digital assistants (PDAs) and Windows XP Tablet PC Edition operating system ("Windows Tablet OS") included in the accused Tablet PCs.

The '295 patent is directed to a notebook computer that is controlled by a stylus. Using the stylus, the user can enter commands. The computer and stylus contain complementary circuitry to detect proximity with, contact and movement of the stylus on the computer screen The claims at issue in the '295 patent are apparatus claims drafted in mean-plus-function language. At the March 2, 2007 hearing, the Court found that "the first detecting means" excluded devices that contain a front mounted digitizer; these devices did not perform the identical function to the first detecting means because the stylus did not come into contact with the screen. The Court found that since there was no direct infringement of Dell's Axim® line of PDAs which contain a front mounted digitizer, there could be no indirect infringement by Microsoft with respect to these devices.

## III. DISCUSSION

### A. STANDARD OF LAW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(e) (West 2006). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering the motion, the court must examine all the evidence in the light most favorable to the non-moving party and "all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 257 (1986).

When the moving party does not bear the burden of proof, summary judgment is warranted by demonstration of an absence of facts to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Summary judgment must be granted if the party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323.

### B. Analysis

#### 1. Contributory Infringement

Under 35 U.S.C 217(c), contributory infringement requires a showing that the defendant sold or offered to sell or imported into the United States a component of a patented invention that constitutes a material part of the invention, knowing it to be especially made or especially adapted an infringing use and that the component is not a staple article or commodity of commerce suitable for substantial noninfringing use.

On the element of substantial noninfringing use, it is the plaintiff's burden to make a prima facie showing that there is no substantial non-infringing use, which the defendant must then rebut. Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1363 (Fed. Cir. 2006). The question focuses on "the thing sold" by the one accused of contributing to

3

infringement. Hodosh v. Block Drug Co., Inc., 833 F.2d 1575, 1578 (Fed. Cir. 1987); see also Aquatex Industries, Inc. v. Techniche Solutions, 419 F.3d 1374, 1380 n.\*\* (Fed. Cir. 2005) (noting that the proper question for contributory infringement was whether defendant's product as sold was a staple article, not whether the product contained components that themselves could have other noninfringing uses).

Here, Microsoft contends that Lucent has failed to provide any evidence that there are no substantial noninfringing uses of the components Microsoft sells. The accused components fall into two classes. The first class, Windows Mobile OS is used in PDAs and can be used in PDAs with either front or rear mounted digitizers. The Court found that the front mounted digitizers do not infringe the claims of the '295 patent. Thus, the PDAs containing front mounting digitizers constitute a substantial noninfringing use of Windows Mobile OS. Therefore, as to Windows Mobile OS, there is no contributory infringement by Microsoft; Microsoft's motion for no contributory infringement is **GRANTED** as to Windows Mobile OS.

The second class of accused component is the Windows Tablet OS. As to this software, the parties' evidence is conflicting as to whether there is no substantial noninfringing use of this software or whether the software is adapted and sold especially for use in the accused devices. A genuine issue of material fact thus exists which precludes summary judgment. Microsoft's motion for no contributory infringement is **DENIED** as to the Windows Tablet OS.

### 2. Inducing Infringement

Proof of inducing infringement requires the establishment of a high level of specific intent. Plaintiff must establish that the defendant "actively and knowingly aided and abetted" another to directly infringe the patent. DSU Medical Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1305 (Fed. Cir. 2006). Mere "knowledge of the acts alleged to constitute infringement is not enough. . . mere knowledge of possible infringement by others does not amount to inducement." Id. This high standard breaks down into four elements that must

be proven:

    (1)    an act of direct infringement;
    (2)    the defendant knowingly induced infringement with the intent to encourage the infringement;
    (3)    the defendant must have intended to cause the acts that constitute the direct infringement;
    (4)    the defendant must have known or should have known that its action would cause the direct infringement.

As the Court concluded with respect to Dell's motion, since there is no direct infringement by Dell's Axim® line of PDAs, there is no inducement of infringement with respect to these devices.  Therefore, with respect to Dell's Axim® line of PDAs, the Court **GRANTS** Microsoft's motion.

With respect to the remaining accused devices, Microsoft argues that Lucent has failed to provide any evidence that Microsoft encouraged anyone to use its operating systems with a rear mounted digitizer or that Microsoft had the required specific intent for inducing infringement.  In response, Lucent offers evidence of encouragement by Microsoft for developers and vendors to incorporate its software and evidence of specific assistance by Microsoft for the use of the software with the accused devices. Additionally, according to Lucent, Microsoft was aware of the '295 patent at least as of January 13, 2003 and yet continued these actions.

Lucent's evidence demonstrates more than mere knowledge of another's acts, it supports Lucent's theory that Microsoft actively encouraged those acts.  Moreover, coupled with Microsoft's knowledge of the '295 patent, this leads to an inference that Microsoft possessed the requisite intent.  While it is by no means definitive proof, it is sufficient under the standard here, with all reasonable inferences drawn in favor of the non-moving party, to raise a genuine issue of material fact and preclude summary judgment. Microsoft's motion on this ground is therefore **DENIED**.

//

//

//

## IV. CONCLUSION

For the reasons herein, the Court rules on Microsoft's motion for summary judgment of no indirect infringement of the '295 patent as follows:

<u>No Contributory Infringement by Microsoft:</u>

|  |  |
|---|---|
| As to Windows Mobile OS | **GRANTED** |
| As to the Windows Tablet OS | **DENIED** |

<u>No Inducing Infringement by Microsoft:</u>

|  |  |
|---|---|
| As to Dell's Axim® line of PDAs | **GRANTED** |
| As to all other accused devices | **DENIED** |

**IT IS SO ORDERED**

DATED: March 21, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
    United States Magistrate Judge

    All Counsel of Record

6