1

2 **UNITED STATES DISTRICT COURT**

3 **SOUTHERN DISTRICT OF CALIFORNIA**

4

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervenor and Counter-claimant, <br><br> ——————————————— <br><br> MICROSOFT CORPORATION, <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant and Counter-claimant <br><br> ——————————————— <br><br> LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC., <br><br> Defendant. <br><br> ——————————————— | **Civil No:** 02CV2060-B(CAB) <br> consolidated with <br> **Civil No:** 03CV0699-B (CAB) and <br> **Civil No:** 03CV1108-B (CAB) <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART LUCENT'S MOTION FOR SUMMARY JUDGMENT REGARDING U.S. PATENT NO. 4,763,356** |

**I.     INTRODUCTION**

On January 26, 2007, Lucent moved the Court for summary judgment regarding U.S. Patent No. 4,763,356 ("the '356 patent") on the following grounds: (1) no anticipation by Home Accountant, Apple Lisa and Xerox Star; (2) dismissal of Defendants'[1] affirmative defenses which lack evidentiary support including laches, equitable estoppel/implied license/waiver, exhaustion, prior settlements, patent misuse, and unclean hands; and (3) a determination of the actual date of notice of infringement to Microsoft. This motion was deferred along with the remaining motions on the '356 patent, pending a supplemental claim construction hearing. Having resolved the claim construction issue, the Court now rules on the pending motions. The instant order addresses grounds (2) and (3) above; the motion pertaining to no anticipation is addressed in a separate order in conjunction with Microsoft's cross-motion on anticipation.

**II.    DISCUSSION**

**A.     Affirmative Defenses**

Lucent moves the Court to dismiss Defendants' affirmative defenses which it claims lack evidentiary support: laches; equitable estoppel/implied license/waiver; exhaustion; prior settlements; patent misuse; and unclean hands. Defendants do not oppose the motions as to laches, patent misuse, unclean hands and prior settlements.[2]

Under the Federal Rules of Civil Procedure, if an adverse party does not respond to a motion for summary adjudication, the Court may enter judgment against the adverse party if it is appropriate. Fed. R. Civ. P. 56(e) (West 2006). Here, Defendants have chosen not to oppose a number of issues presented by Lucent for summary adjudication. Having considered these unopposed motions, the Court finds it appropriate and **GRANTS** summary adjudication in Lucent's favor on the following unopposed motions: laches;

---

[1] Microsoft, Dell and Gateway are referred to collectively herein as "Defendants."

[2] The affirmative defense of prior settlements is asserted only by Gateway; the defense of patent misuse is asserted only by Microsoft and Gateway (not Dell).

1 patent misuse; unclean hands; and prior settlements.

2 Regarding the affirmative defenses of equitable estoppel, implied license, waiver
3 and exhaustion, the parties raise the same issues as set forth in Lucent's motion for
4 summary adjudication regarding U.S. Patent No. 5,347,295 ("the '295 patent") and the
5 oppositions thereon. Thus, these defenses stand or fall based on their determination with
6 respect to the '295 patent.

7 On March 8, 2007, the Court granted summary adjudication on the '295 patent as
8 follows: no equitable estoppel, waiver and any implied license arising therefrom as to all
9 Defendants, no exhaustion and any implied license arising therefrom as to Microsoft, and
10 no have-made rights. The Court denied summary adjudication as to no exhaustion and any
11 implied license arising therefrom as to Gateway. Therefore, the Court now rules identically
12 with regard to these defenses as they apply to the '356 patent.

13 **B.     Date of Notice**

14 Lucent moves the Court for summary adjudication that its date of actual notice of
15 infringement to Microsoft is January 13, 2003. Lucent's arguments are based on the same
16 grounds as provided in Lucent's motion for '295 patent. In its Order of March 8, 2007, the
17 Court denied Lucent's motion on the date of actual notice with regard to the '295 patent.
18 For the reasons therein, the Court now **DENIES** Lucent's motion on the date of actual
19 notice as it pertains to the instant '356 patent, based on a material issue of fact.

20 **IV.    CONCLUSION**

21 For the reasons herein, the Court **GRANTS** summary adjudication on the following
22 grounds:

23     1.    No laches;
24     2.    No unclean hands;
25     3.    No patent misuse as to Microsoft and Gateway;
26     4.    No prior settlements as to Gateway;
27     5.    No equitable estoppel, waiver and any implied license arising

28

3

therefrom (as to all Defendants);

6. No exhaustion and any implied license arising therefrom (as to Microsoft);

7. No have-made rights.

The Court **DENIES** summary adjudication on the following grounds:

1. No exhaustion and any implied license arising therefrom (as to Gateway);

2. Date of actual notice.

**IT IS SO ORDERED**

DATED: May 15, 2007

*[signature]*

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
    United States Magistrate Judge

    All Counsel of Record

4