# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>    Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>    Intervenor and Counter-claimant,<br>_____<br><br>MICROSOFT CORPORATION,<br><br>    Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>    Defendant and Counter-claimant<br>_____<br><br>LUCENT TECHNOLOGIES INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DELL, INC.,<br><br>    Defendant.<br>_____ | **Civil No:** 02CV2060-B(CAB)<br>consolidated with<br>**Civil No:** 03CV0699-B (CAB) and<br>**Civil No:** 03CV1108-B (CAB)<br><br>**ORDER GRANTING LUCENT'S MOTION TO STRIKE AND DENYING GATEWAY'S MOTION FOR SUMMARY JUDGMENT FOR INVALIDITY OF U.S. PATENT NO. 4,763,356.** |

Gateway moves the Court for summary judgment that claims 19 and 21 are invalid as obvious in view of prior art. In response, Lucent has filed a motion to strike Gateway's motion, the prior art article and Gateway's fourth supplemental response to Lucent's interrogatory no. 1. For the reasons herein, the Court **GRANTS** the motion to strike and **DENIES** Gateway's motion for summary judgment.

## I.   BACKGROUND

Lucent has asserted the '356 patent against Defendants Dell, Gateway and Microsoft. This patent relates to a form entry system for filling out computerized forms using on-screen tools.

In early March 2007, the Court heard summary judgment motions on the Group 4 patents. With respect to the '356 patent, because a dispute over one of the claim terms ("concurrently displaying"), the Court deferred the summary adjudication motions until April 27, 2007. The Court informed the parties that they could file claim construction briefs and additional summary judgment motions based thereon.[1]

Gateway then filed the instant motion. The motion concerns a piece of prior art not raised in any of the previous motions,"Touch screens: Big deal or no deal" authored by Michael Tyler (hereinafter "the Tyler article"). The article at issue was published in 1984 in a magazine entitled "Datamation." Lucent contends that this piece of prior art was not disclosed during the discovery period and should not be considered. Lucent has filed a motion to strike this prior art as well as Gateway's motion thereon.

## II.   MOTION TO STRIKE

### A.   Standard of Law

The Federal Rules of Civil Procedure provide a remedy for failure to follow discovery rules and orders pertaining thereto. Under Fed. R. Civ. P. 37(c)(1):

---

[1] On April 17, 2007, the Court ruled on the claim construction issue, determining that the definition of "concurrently displaying" would remain as originally defined and would not be amended to include "automatically" within the definition.

2

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

A trial court is given broad discretion in applying this rule. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). The application of sanctions precluding the use of evidence has been upheld even when an entire cause of action or defense may be precluded by such exclusion. Id.

There are two exceptions to the exclusion of documents not disclosed: if the failure to disclose was harmless or it was substantially justified. Id. The burden falls to the party facing the sanctions to show that either of these two exceptions apply. Id.

**B.     Analysis**

Fact discovery in the instant case closed over one year ago, on February 24, 2006. At such time, the Tyler article had not been disclosed. Lucent had no knowledge of the article. It was not until March 29, 2007, when Gateway filed its summary judgment motion, that Gateway disclosed the article to Lucent and put Lucent on notice that it would predicate an invalidity defense based thereon.

Gateway claims that this 1984 article was just "recently discovered" on March 20, 2007. Its only justification for this late discovery is the Court's reconsideration of the claim construction as to the term "concurrently displaying." According to Gateway, it initiated a search to look for prior art software that performed the "displaying" step automatically in case the Court were to rule that "concurrently displaying" would be limited to "automatic." Thus, Gateway argues that the article should not be stricken for two reasons: (1) it did not violate any discovery rules; and (2) even if it did, Ninth Circuit law favors the admission of the article. However, both of these arguments fail.

First, although Gateway contends that it did not violate any discovery rule because it had substantial justification for searching for new prior art, this rings hollow. The Court did not reopen discovery when it deferred the summary adjudications motions on the '356

3

patent. To the extent Gateway wished to have discovery reopened, it made no such request. Gateway also fails to explain why this piece of prior art could not have been discovered earlier, nor why it would have only been relevant and hence, discoverable, if the Court were to have amended its claim construction of "concurrently displaying"- "displaying at the same time" - to include "automatically."[2]

Second, the Circuit law does not favor the admission of the evidence in these circumstances. The Ninth Circuit gives district Court's wide latitude to impose sanctions for discovery violations. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Where the sanction is less than a dismissal of the case, a finding of "willfulness, fault, or bad faith" is not required. Id. Moreover, since Rule 37(c)(1) was amended in 1993, the imposition of sanctions is harsher and more automatic. Unless the party offering the newly discovered evidence can show substantial justification or harmlessness, it is not permitted to use the evidence at all. Id.[3]

Here, Gateway has not shown that this late disclosure is either substantially justified or harmless. Gateway's oversight in not finding this reference during the discovery period does not rise to the level of substantial justification. Furthermore, the introduction of the Tyler article at this juncture would not be harmless. Providing an article purportedly invalidating a patent for the first time at summary judgment gives the other party insufficient time to prepare a response. Gateway's untimely production offers no opportunity for expert review of the article to demonstrate how one of ordinary skill in the art would view the disclosure or whether secondary considerations of non-obviousness

---

[2] Notably, the addition of "automatically" would narrow the claim. Thus, any art that would be relevant to this narrower claim also would have been relevant to the original broader definition.

[3] While Gateway relies on Wendt v. Host Intern., Inc., 125 F.3d 806, 814 (9th Cir. 1997) for the premise that exclusion is not automatic and it is considered under a five-factor test, this case relies on a pre-1990 decision, which predates the 1993-amended Rule 37. Hence, Wendt is no longer controlling. As Yeti points out, under the current rules, harsh sanctions even where an entire claim or defense is precluded will stand. Id. Moreover, even if this Court applies the test in Wendt, it does not support the admission of Gateway's untimely evidence.

might come into play.

Therefore, Lucent's motion to strike the Tyler article, Gateway's supplemental interrogatory response and Gateway's summary judgment motion pertaining to the Tyler article is **GRANTED**.

**II.     Gateway's Motion for Summary Judgment of Invalidity**

In light of the above ruling on Lucent's motion to strike, any further analysis of Gateway's motion for summary judgment on the invalidity of the '356 patent based upon the Tyler article is unnecessary. The Court therefore **DENIES** Gateway's motion.

**IT IS SO ORDERED**

DATED: May 15, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
    United States Magistrate Judge

    All Counsel of Record