**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervenor and Counter-claimant, <br><br>———————————————————— <br><br> MICROSOFT CORPORATION, <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant and Counter-claimant <br><br>———————————————————— <br><br> LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC., <br><br> Defendant. <br><br>———————————————————— | **Civil No:** 02CV2060-B(CAB) <br> consolidated with <br> **Civil No:** 03CV0699-B (CAB) and <br> **Civil No:** 03CV1108-B (CAB) <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT CONCERNING INFRINGEMENT OF U.S. PATENT NO. 4,763,356** |

02CV2060-B (CAB)

Lucent moves the Court for summary judgment that Microsoft's software products Microsoft Money, Intuit Quicken, Microsoft Outlook, Windows Mobile/Pocket PC and Word Mobile infringe claims 19 and 21 of U.S. Patent No. 4,763,356 ("the '356 patent").[1] Microsoft has filed a cross-motion for summary judgment of non-infringement only as to Microsoft Outlook.[2]  For the reasons herein, the Court **DENIES** both motions.

## I. BACKGROUND

Lucent has asserted the '356 patent against Defendants Dell, Gateway, and Microsoft.  The '356 patent relates to a form entry system for filling out computerized forms using on-screen tools, rather than using a physical keyboard.  Lucent contends that Gateway's and Dell's computers infringe the '356 patent when the computers are programmed with Microsoft Money, Microsoft Outlook, Intuit Quicken and Microsoft Windows Mobile and Pocket PC operating software.

Defendants initially brought two summary judgment motions on the '356 patent - one for non-infringement and the other for invalidity-anticipation.  Lucent also brought motions for summary adjudication on no invalidity by anticipation and on the Defendants' affirmative defenses.  On March 7, 2007, the Court granted the motion for non-infringement on the mean-plus-function claims at issue in the '356 patent (independent claims 1 and 10 and dependent claims 2, 4, 6, 7, 11-13 and 16) on the ground that Lucent had failed to provide any evidence that the corresponding structures (particular algorithms) were present in the accused devices.  The Court did not consider or rule as to the remaining methods claims, independent claim 19 and dependent claim 21.

During the hearing on the summary judgment motions, a dispute came to light on the term "concurrently displaying."  To resolve the dispute, the Court set a Markman hearing to construe this term. Additionally, the Court permitted the parties to file additional summary

---

[1] Lucent's motion also addresses invalidity issues; these have been ruled on in a separate order.

[2] Dell joined Microsoft's motion.

judgment motions based on the potential new claim construction. On April 17, 2007, the Court ruled that the definition of "concurrently displaying" would remain unchanged and the original claim construction would stand unamended. The Court now rules on the summary judgment motions concerning infringement of claims 19 and 21.

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In considering the motion, the court must examine all the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). If the Court is unable to render summary judgment upon an entire case and finds that a trial is necessary, it shall if practicable grant summary adjudication for any issues as to which, standing alone, summary judgment would be appropriate. Fed. R. Civ. P. 56(d).

When the moving party does not bear the burden of proof, summary judgment is warranted by demonstration of an absence of facts to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Summary judgment must be granted if the party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323.

## III. ANALYSIS

### A.   Microsoft Outlook

Microsoft Outlook ("Outlook") is a software program which allows the user to schedule appointments and manage a calendar (as well as other functions not related to the motions herein). At issue is the software's appointment window, which provides fields for the user to fill-in the type of appointment, its date, time and other information. Lucent contends that this feature of Outlook meets each and every limitation of independent claim 19 of the '356 patent.

Claim 19 sets forth "[a] method for use in a computer having a display" which comprises a number of elements. The parties do not dispute that Outlook encompasses the first two claimed elements: "displaying on said display a plurality of information fields" and "identifying for each field a kind of information to be inserted therein." The parties also do not dispute the last element: "inserting in said one field information that is derived as a result of said user operating said displayed tool." The heart of the dispute lies with the third element of the claim.

The first part of the third element reads:

> indicating a particular one of said information fields into which information is to be inserted and for concurrently displaying a predefined tool associated with said one of said fields, said predefined tool being operable to supply information of the kind identified for said one field.

Microsoft argues that this limitation is not met because when the two parts of the element are read together, the software must concurrently display the tool and the indicator, i.e. the field must remain highlighted while the tool is displayed. Microsoft contends that because the highlighting on the field disappears when Outlook shows the tool, it is therefore not displayed concurrently. Lucent asserts that Outlook meets this limitation because it provides a calendar and drop-down tools that overlay the appointments page and provides the appropriate kind of information for the field. It contends that so long as the highlighting appears in the associated tool (e.g., if "reminder" is the active field, one option on the list of reminder times remains highlighted), the element is satisfied. Hence, there remains an issue of facts as to whether this type of highlighting in Outlook satisfies the step of indicating a field and concurrently displaying in the context of the '356.[3]

The parties also dispute whether the second part of the third element is met by

---

[3] Microsoft also argues that this claim element is not met because the tool is not automatically displayed by Outlook. However, in the supplemental claim construction, the Court determined that "automatically" is not required for "concurrently displaying." Thus, this argument does not prevail.

4

Outlook. It reads:

> said tool being selected from a group of predefined tools including a tool adapted to supply an individual entry from a menu of alternatives and at least a tool adapted to allow said user to compose said information.

Lucent argues that this element is met because Outlook has a menu of alternatives such as the reminder menu with a drop-down menu of a list of times and it also has a composition tool which is the calendar display for inputting the date. Lucent claims the calendar display (also called date-picker) is a specialized number pad and thus is a type of composition tool or an equivalent thereof described by the '356 patent.

Microsoft disputes that the calendar is literally a composition tool. The '356 patent classifies only a few tools as "composition tools," the on-screen keyboard, a number pad and a calculator. ('356 patent; col. 16:12-14.) All of these tools allow the user to input numbers or letters into a field, rather than a defined choice (such as a menu item). Microsoft refers to Outlook's calendar tool as a "date-picker" because it offers a display of dates (as a mini-calendar displaying a month of dates) and the user simply clicks on the desired date. Microsoft points out that the user cannot compose the date such as by typing a date or by choosing the format of how the date is displayed - it is always displayed as dd/mm/yyyy when the date is inserted into the field. Microsoft also notes that even Lucent's expert Mr. Tognazzini could not definitively state that the date-picker of Outlook was a composition tool, but instead stated that it was both a composition tool and a menu of alternatives. Thus, at minimum there remains a question of fact as to whether Outlook's date-picker literally meets the composition tool limitation of the claim.[4] Therefore, both

---

[4] Microsoft additionally contends that this claim element should be interpreted so that "selected from a group of predefined tools" means that each field must have more than one option of a tool that could be used to fill in that particular field, whereas Outlook provides only a single tool applicable to each field. This argument is a strained construction of this claim element. The '356 patent provides examples where a single type of tool is brought up by the system. (See '356 patent, col. 3:41-4:41.) While Microsoft's expert Mr. Buscaino opines that the claim should be construed otherwise, neither he nor Microsoft point to any support in the '356 patent for such a strained interpretation. Since claim interpretation is a question of law, not a question of fact for the experts, Mr. Buscaino's strained claim interpretation cannot be used to raise an issue of fact on this point.

Lucent's motion for summary judgment of infringement and Microsoft's summary judgment motion for no infringement are **DENIED** as they pertain to literal infringement by the accused product Microsoft Outlook.

Microsoft also argues that Lucent cannot meet the composition tool element under the doctrine of equivalents because its expert did not provide any evidence on this issue.  See AquaTex Industries, Inc. v. Techniche Solutions, 479 F.3d 1320, 1328 (Fed. Cir. 2007) (particularized testimony and linking argument on a limitation-by-limitation basis are required to substantiate a doctrine of equivalents analysis).  While Lucent argues that such evidence was provided, an examination of Mr. Tognazzini's report reveals only a statement that Outlook's calendar tool is a "specialized number pad."  The report does not allude to the doctrine of equivalents, nor does it describe any function, way, result analysis or how the date-picker is insubstantially different from the numbers pad of the '356 patent.  Moreover, when asked if he had performed any such analysis, Mr. Tognazzini testified at his deposition that other than equivalence for the means-plus-function claims (not at issue here), he had performed no other doctrine of equivalence analysis for the '356 patent.  The only evidence Lucent presents for rebuttal on this topic is a declaration obtained from Mr. Tognazzini in preparation for the instant motion.  This declaration is too little-too late and in contradiction to Mr. Tognazzini's prior assertion that he had no such opinions on equivalence.  Therefore, Lucent has not raised an issue of fact with the declaration alone to preclude Microsoft's motion for no infringement and Lucent offers no other evidence to refute Microsoft's motion on this ground.  Therefore, Microsoft's motion as to no infringement by Outlook under the doctrine of equivalents is **GRANTED**.

**B.    Other Accused Devices**

Lucent's motion (but not Microsoft's cross-motion) addresses the additional accused products Microsoft Money, Intuit Quicken, Windows Mobile/Pocket PC and Word Mobile.  Again, the parties' dispute focuses on whether each of the accused products meets the third element of claim 19.

Lucent identifies the third element in each of the products by identifying a number of tools available within the software (e.g. calendar, number pad, on-screen keyboard and/or drop down menu), where a particular tool is displayed as an overlay dependent on the active field. It also identifies in each accused software a highlighting or blinking cursor that indicates the active field.

In opposition, Microsoft sets forth similar arguments for these other accused products as it did for Outlook on these elements.[5] First, it argues that the tools are not automatically and simultaneously displayed as required by these elements. However, the claim construction of "concurrently displaying" does not include automatically. Second, Microsoft again raises the argument that a group of tools must be displayed, not just one tool. This argument, as explained above, is not credible based on the plain meaning of the claims in light of the '356 specification. Thus, these two arguments are unavailing.

Microsoft's third argument contends that the "indicating" and "concurrently displaying" features are not met because when the tool appears, the active field is no longer indicated in the accused products. According to its expert, Mr. Buscaino, the highlighting or indicator disappears when the tool is displayed. As explained above, whether the accused devices satisfy this element raises an issue of material fact. Therefore, Lucent's summary judgment motion as to these accused products is **DENIED**.

### C. Inducing and Contributory Infringement

Lucent also moves the Court for summary judgment that Defendants indirectly infringe the '356 patent. Liability for indirect infringement requires a showing of direct infringement. Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement. . . ."). Since, as

---

[5] Gateway's opposition sets forth similar arguments as they pertain specifically to the accused product Quicken. In addition, it argues that Quicken does not include a composition tool because the calendar and calculator tools are not graphical keyboard or graphical number keypad tools as described in the '356 patent.

7

explained herein, issues of fact remain as to direct infringement, the Court need not reach the issue of indirect infringement. However, even if direct infringement were established, questions of fact remain on indirect infringement that would still preclude summary judgment.

First, as to contributory infringement, Defendants contend that each of the accused products has substantial non-infringing uses. Defendants contend that Outlook has email and address book functions that have nothing to do with the infringement contentions put forward by Lucent. According to Defendants, Money has online banking and other financial managing capabilities that are not accused of infringement; Word Mobile has word processing functions that fall outside the realm of the '356 patent; Quicken also has features that do not involve the use of the accused feature, the checkbook register.

As to inducing infringement, Lucent's cursory treatment is insufficient to meet a preponderance of the evidence standard for infringement. Lucent has cited no evidence to meet the high "aid and abet" standard on this issue. Lucent only summarily concludes that Defendants must be liable for inducing and contributory infringement because "[d]efendants cannot deny that they intend for their customers to use the software products in the intended manner . . . ." Therefore, because Lucent presented no evidence sufficient for a prima facie showing of inducing infringement, Lucent's motion on the issue of indirect infringement is **DENIED**.[6]

//
//
//
//
//
//

---

[6] In addition, although the Court need not consider the issue further, Defendants also raised issues of fact in their oppositions that would preclude Lucent's motion as well.

## IV. CONCLUSION

For the reasons herein, Lucent's motion for summary judgement of literal infringement and Microsoft's motion for summary judgment of no literal infringement are **DENIED**. Microsoft's motion for summary judgment of no infringement under the doctrine of equivalents is **GRANTED**. Lucent's motion for summary judgement of indirect infringement is **DENIED**

**IT IS SO ORDERED**

DATED: May 16, 2007

                                                  Hon. Rudi M. Brewster
                                                  United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
     United States Magistrate Judge

    All Counsel of Record