**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>　　Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>　　Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>　　Intervenor and Counter-claimant,<br>―――――――――――――――――<br>MICROSOFT CORPORATION,<br><br>　　Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>　　Defendant and Counter-claimant<br>―――――――――――――――――<br>LUCENT TECHNOLOGIES INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>DELL, INC.,<br><br>　　Defendant.<br>―――――――――――――――――| **Civil No:** 02CV2060-B(CAB)<br>consolidated with<br>**Civil No:** 03CV0699-B (CAB) and<br>**Civil No:** 03CV1108-B (CAB)<br><br>**ORDER DENYING LUCENT'S MOTION FOR RECONSIDERATION OF THE JUDGMENT OF NO INFRINGEMENT ON U.S. PATENT NO. 5,649,131** |

02CV2060-B (CAB)

Lucent moves the Court under Fed. R. Civ P. 59(e) to reconsider the Court's entry of partial judgment following summary judgment of no infringement with respect to U.S. Patent No. 5,649,131 ("the '131 patent"). For the reasons herein, the Court **DENIES** the motion.

## II.   BACKGROUND

The '131 patent is directed to a method of operating a host processor to transmit information to a terminal device. Lucent has accused the operation of Microsoft's and Dell's web servers communicating with client computers over the internet as infringing the '131 patent. Dell and Microsoft previously filed a motion for summary judgment of no-infringement of the '131 patent. On March 8, 2007, the Court granted summary judgment of no infringement with regard to the '131 patent. The Court entered partial final judgment under Fed. R. Civ P. 54(b) on March 20, 2007.

The Court's determination of no direct infringement by the accused web servers was based on the failure of these devices to meet the limitation common to all of the claims of the '131 patent at issue, the communication of a host processor with a terminal device. The Court defined a "terminal device" as:

> a computing device such as a data terminal, workstation, portable computer, or smart phone that enables a user to communicate with a host processor. It manages its associated display itself and manages its internal memory with the assistance of the host processor.

Key to the interpretation of "terminal device" is the limitation of "manages its associated display itself." The '131 specification states in the summary of invention section:

> The terminal device, in turn and in accord with an aspect of the invention, displays the object in a form determined *solely by the terminal device* but in accordance with respective predefined policies.

('131 patent. Col. 2:19-22) (emphasis added). Furthermore, according to the '131 patent, although the host processor may provide some attributes of the objects displayed on the terminal device, such as by providing commands to hide objects, highlight, and display user

2

buttons, none of these attributes control the *location* of objects in the display. Referring to how a REGION command (from the host processor) partitions a display into regions, the specification states "[i]t is to be understood, however, that the way in which a display is actually partitioned into such regions is under the control of the station set or computer terminal. . . ." ('131 patent col.8:12-15).

At the summary judgment hearings, the Court also considered the prosecution history of the '131 patent. During prosecution, the patentee distinguished his invention from the prior art of the Busboom patent, stating:

> *a host computer does not specify where an object is to be displayed on the display of a terminal.* The reason for this is that it is the terminal and not the host computer that decides where an object is to be displayed on the terminal display.

(Dec. Micallef Supp. Dell's Opp. Br. Ex. C at 46; emphasis added.)

The Court therefore found that based on the '131 patent specification and prosecution history, that the definition of the terminal device excludes arrangements where the host processor controls the positioning of objects on the display of the terminal device. Defendants' web servers use a position attribute to display objects at certain coordinates programmed relative to the upper left hand corner of the display or upper left hand corner of items on the web page. The Court found therefore that these web servers (host processors) participates in determining the actual location of items in the display of the client's computer. In the accused devices, the client's computer does not manage its associated display itself; thus, it is not a terminal device under the Court's claim construction. The Court therefore held that there was no direct infringement and therefore, in the absence of any direct infringement, there also was no indirect infringement.

**II.   DISCUSSION**

    **A.   STANDARD OF LAW**

Under Fed. R. Civ P. 59(e), a motion to alter or amend judgment must be filed no later than 10 days after entry of the judgment. "A Rule 59(e) motion is appropriate if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or

3

1 the initial decision was manifestly unjust, or (3) if there is an intervening change in
2 controlling law." Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064 n.1 (9th Cir.
3 2005) (quoting Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263
4 (9th Cir.1993).

**B.   ANALYSIS**

Lucent contends that the Court committed clear error when it ruled on summary judgment that the definition of the terminal device excludes arrangements where the host processor controls the positioning of objects on the display of the terminal device. Lucent argues that the Court's interpretation is not supported by the prosecution history, excludes the preferred embodiment of the patent and threatens to render the patent inoperative.[1]

The Court finds on each of these grounds Lucent has failed to meet its burden to demonstrate clear error. In general, Lucent raises the same arguments presented earlier to the Court and thus provides an insufficient basis for motion for reconsideration. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989) (finding that the trial court properly denied the motion for relief from summary judgment where the motion did no more than raise arguments previously rejected by the trial court); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

Additionally, these arguments, even with further elaboration in Lucent's instant motion, are again unpersuasive. First, Lucent's reliance on the '131 patent abstract is misplaced; it is the claims, not the abstract or the specification, which control. Second, with respect to the specification, Lucent has not pointed to support for the contention that the host processor can control the location of *objects per se*. Although the specification explains that the host processor may partition the display into regions, the specification also

---

[1] Although Lucent also contends that Defendants mislead the Court by "manufacturing" a discussion at the Markman hearing, the Court finds this issue to have no bearing in the instant consideration. Dell raised the prosecution history in its opening brief to its summary judgment motion, thereby providing Lucent ample opportunity to respond and to make any points relative to this issue in its opposition brief and oral arguments. Thus, to the extent the prosecution history was at play, each party had an opportunity to present its interpretation to the Court.

4

acknowledges that it is the terminal device which determines how these regions are actually displayed. ('131 patent col 8:5-18.)

Third, as considered previously by the Court, the applicant made clear disavowals that contradict Lucent's position. To the extent the specification or abstract did support any relative positioning (and it is unclear that it did), the applicant surrendered those features when it distinguished over the prior art referred to in the prosecution history as "Busboom." While Lucent attempts to persuade the Court that the applicant's statements in the prosecution history were not meant to distinguish its claims over Busboom and/or to only distinguish the '131 patent claims over a system that specified exact positions rather than relative positioning, the applicant made statements in the prosecution history that belie Lucent's position. The applicants stated:

> Thus in contradistinction to the claimed invention, the Busboom apparatus specifies the location at which the object is to be displayed on a display. . . .
>
> In contrast, **a host computer in the claimed invention does not specify where an object is to be displayed on the display of a terminal**. The reason for this is that it is the terminal and not the host computer that decides where an object is to be displayed on the terminal device. . . . The terminal in response [to the host processor] **displays the object on the display at a location selected by the terminal itself.**

(Dec. Micallef Supp. Dell's Opposition, Ex. C at 46; emphasis added.) The applicant therefore chose to distinguish its own apparatus and methods from the prior art because the object was displayed "at a location selected by the terminal itself." While Lucent may consider in hindsight that the applicant could have chosen other manners to distinguish over the prior art, such as by attempting to distinguish one that specified an exact location versus a relative location, the applicant chose not to make this argument. Instead, the applicant disavowed all positioning of the object by the host processor.

Lucent's additional arguments, that the Court's construction excludes the preferred embodiment and/or renders the patent inoperative, are also unpersuasive. The '131 patent describes a "smart phone" device with many features and hence many embodiments of the claimed methods. To the extent that the claims are limited by the prosecution history as described, these limitations do not render many, if not most, of these embodiments

5

1  inoperative.  Furthermore, the '131 specification offers very little description of any
2  embodiments that relate to the positioning of objects within the display.  Although the
3  specification describes features which allow the processor to partition the station set's
4  display into regions, assign objects to regions (id. col. 8:5-22), and set the orientation of
5  subordinate regions or non-region objects to the left or right of one another (id. at col. 8:19-
6  32), it does not offer any description of setting the location of objects e.g., the distances
7  between objects or their particular placement within the display.

8       Moreover, while the Federal Circuit has noted that it is rare that a claim construction
9  would exclude a preferred embodiments, the prosecution history may compel such a result.
10 See North American Container, Inc. v. Plastipak Packaging, Inc., 415 F.3d 1335, 1346
11 (Fed. Cir. 2005).  Here, as explained, to the extent the '131 patent specification describes a
12 particular embodiment where the host processor could assign relative positions of regions
13 or non-region objects, the applicant chose to surrender these aspects in prosecution.

14      In sum, the Court finds that its interpretation of the term "terminal device" is
15 consistent with the specification and prosecution history of the '131 patent.

16 **IV.   CONCLUSION**

17      For the reasons herein, Lucent has failed to meet its burden to demonstrate clear
18 error in the Court's summary judgment, and therefore its motion for reconsideration should
19 be **DENIED**.

20      **IT IS SO ORDERED**

22 DATED:  May 16, 2007

24                                             Hon. Rudi M. Brewster
                                            United States Senior District Court Judge

27 cc: Hon. Cathy Ann Bencivengo
     United States Magistrate Judge
28
     All Counsel of Record