**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST TECHNOLOGIES INC., and MULTIMEDIA PATENT TRUST INC.,<br><br>Plaintiffs and Counterclaim-defendants,<br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervenor and Counter-claimant,<br>_____<br><br>AND CONSOLIDATED CASES<br>_____ | **Civil No:** 02CV2060-B(CAB)<br>consolidated with<br>**Civil No:** 03CV0699-B (CAB) and<br>**Civil No:** 03CV1108-B (CAB)<br><br><br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART SUMMARY JUDGMENT OF NO INFRINGEMENT ON U.S. PATENT NO. 4,383,272** |

**I.   INTRODUCTION**

Microsoft, joined by Dell and Gateway, move the Court for summary judgment of no infringement of U.S. Patent No. 4,383,272 ("the '272 patent"). Multimedia Patent Trust

1

Technologies, Inc. and Multimedia Patent Trust (collectively "MPT") oppose the motion.[1] For the reasons herein, Microsoft's motion is **GRANTED** as to no infringement under the doctrine of equivalents and **DENIED** as to no literal infringement.

## II.  BACKGROUND

The '272 patent is directed to techniques for video compression. Claim 13, the only claim at issue, is directed to a method of estimating the intensities of picture elements (pixels) in a picture. It was construed by the Court as follows:

> A method of **estimating** [*determining roughly the size, extent, or nature of*] the intensities of elements **(pels)** [*picture elements, also referred to as pixels*] in a **picture** [*an image that occupies a frame*] in accordance with information defining **intensities** [*values describing the different color components of a composite signal or combinations thereof*] of pels in preceding and succeeding versions of the picture including the step of
>
> **determining by interpolation intensities of pels in said picture in accordance with intensities of pels in related locations in said preceding and succeeding versions**, [*determining by intensity of pels in the picture by averaging the intensities of pels in locations at which the same object is expected to be in the preceding and succeeding versions*],
>
> characterized in that said determining step includes selecting said related locations as a function of the **displacement of objects in said picture** [*the change of position of objects between said versions of the picture*].

The accused devices are MPEG-1 and MPEG-2 video decoders: the Mediamatics MPEG-1 decoder, the Cyberlink MPEG-2 decoder and the Intervideo MPEG-2 decoder. These decoders work with encoders to achieve video compression.[2] The encoders perform the motion estimation of objects between preceding and succeeding frames of a video. The encoders generate forward and backward motion vectors; these vectors indicate the location of a moving object in the preceding and succeeding frames. The decoder fetches the appropriate blocks of pels (picture elements/pixels) from preceding and succeeding frames

---

[1] MPT is the current asserted owner of U.S. Patent No. 4,383,272. The Court recognizes that Defendants have reserved their right to challenge this ownership and to pursue any defenses that relate to MPT in this regard; the instant motions and oppositions in no way waive those rights.

[2] The encoders are not accused here.

using these motion vectors, averages them and recreates the missing image in the intervening frame.

## III.  STANDARD OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  In considering the motion, the court must examine all the evidence in the light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  If the Court is unable to render summary judgment upon an entire case and finds that a trial is necessary, it shall if practicable grant summary adjudication for any issues as to which, standing alone, summary judgment would be appropriate.  Fed. R. Civ. P. 56(d).

When the moving party does not bear the burden of proof, summary judgment is warranted by demonstration of an absence of facts to support the non-moving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Summary judgment must be granted if the party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Id. at 323.

## IV.  ISSUES FOR SUMMARY ADJUDICATION

### A.  Literal Infringement

At issue is whether the accused devices perform the final limitation of claim 13, "selecting said related locations."  Microsoft argues that the accused decoders do not perform "selecting," instead this step is performed by the encoders.  MPT responds in opposition that Microsoft's definition of "selecting" is too limited.  MPT argues that because the accused decoders use the forward and backward motion vectors to obtain the proper block of pels, this constitutes "selecting."

Microsoft sets forth several arguments in support of no infringement.  First, it argues that the '272 patent describes a "smart" decoder, one that must analyze the displacement of

objects itself rather than rely on motion vectors provided by the encoder.  Microsoft contends that the only embodiment offered by the '272 patent is one where the encoder drops whole frames which the smart decoder must reconstruct using motion estimation.  The danger in this argument is the importation of limitations of preferred embodiments into the claims.  See Golight, Inc. v. Wal-Mart Stores, Inc., 355 F.3d 1327, 1331 (Fed. Cir. 2004) ("While claims must be construed in light of the specification, . . . limitations from the specification are not to be read into the claims").  Even where a patent discloses only a single embodiment, this does not necessarily limit the scope of the claims absent a disclaimer or other evidence of intent to limit the scope of the invention.  Id. at 1331-32.  Here, Microsoft has not pointed to any disavowals in the '272 specification.  Hence, other than the absence of additional embodiments, the patent itself does not suggest that "selecting related locations" should be limited to require the decoder to perform motion estimation.

      Microsoft's second argument contends that the importance of calculating the displacement of objects by the decoder is evidenced by the USPTO examiner's characterization of the '272 invention which stated: "In order to locate the same intensity elements of an object in motion, it is necessary to know the displacement function of the object in the two transmitted fields or frames."  (Dec. Vyas. Ex. 6 at LUC 0001425.)   Even if this statement *arguendo* suggests the decoder performs motion estimation, prosecution history estoppel is created by statements of the patentee, not the examiner.  Absent a showing that patentee agreed or acquiesced to the examiner's interpretation, this statement cannot be used to limit the scope of the claims.  See Salazar v. Procter & Gamble Co., 414 F.3d 1342, 1347 (Fed. Cir. 2005) (examiner's unilateral remarks alone do not affect the scope of the claim); AquaTex Industries, Inc. v. Techniche Solutions, 419 F.3d 1374, 1383 (Fed. Cir. 2005) (stating that without patentee's agreement or disagreement to the examiner's statement, prosecution history estoppel could not be imposed);

      Microsoft's third argument depends on claim differentiation.  Dependent claim 17

reads:

> The method defined in claim 13 wherein said determining step further includes: storing the intensity values for pels in said preceding and succeeding versions, and addressing selected ones of said stored values in response to said present displacement estimate.

Microsoft argues that claim 13 and 17 must differ in scope, *i.e.* that the steps of storing and addressing in claim 17 must mean something different from the "selecting related locations" that is already defined as part of the "determining" step in claim 13. Microsoft thus concludes that because the accused decoders only perform storing and addressing, they cannot be performing the "selecting" step of claim 13.

MPT contrasts Microsoft's claim differentiation argument with one of its own, arguing that if the patentee meant for claim 13 to encompass the decoder estimating object displacement, it would have included this step in claim 13; instead, estimating displacement of objects is set out as a separate step in claim 18:

> A method of estimating the intensity values of each element (pel) of a picture being processed by interpolating between the intensity values of related pels in first and second other versions of said picture, including the steps of
> estimating the displacement of objects in said picture occurring between said other versions, and
> selecting said related pels in accordance with said displacement estimate.

As Microsoft argues, there are several differences in the overall language between claims 13 and 18 that make a direct comparison difficult (claim 13 recites "selecting related locations" whereas claim 18 contains "selecting related pels"; claim 13 selects the related locations "as a function of the displacement of objects" whereas claim 18 includes "estimating the displacement of objects" and selecting related pels according to the displacement estimate). In sum, the claim comparisons are not dispositive on the issue of non-infringement."[3]

---

[3] MPT also argues with respect to the comparison of claims 13 and 17 that the "storing" and "addressing" steps of claim 17 are just details of how related locations are selected. This argument is unsupported by the claim language. Claim 17 specifically states "wherein said determining step further includes," indicating that additional steps are added as part of the "determining step. Such

5

Microsoft's final argument contends that the plain meaning of "selecting" involves "choosing," *i.e.*, making a choice rather than simply using the selection already provided. According to Microsoft, the accused decoders do not choose the related locations, they simply use the vectors provided by the encoders, fetch the blocks of pels from the preceding and successive frames according the vectors, and average these values together. As MPT argues in response, a reasonable jury could decide otherwise - that applying the motion vectors which reflect changes in a position of an object meets the plain definition of "selecting" as it is used in the '272 patent and claims; selecting need not require that the decoder have the independence to make the selection in the absence of such information from the encoder. Given the issues of fact remaining, Microsoft's motion as to no literal infringement is **DENIED**.

### B. Doctrine of Equivalents

Microsoft also contends that MPT cannot succeed under an infringement theory based on the doctrine of equivalents. Microsoft argues that Lucent/MPT failed to put this theory forward in its infringement contentions. MPT does not dispute this point. Accordingly, Microsoft's motion for no infringement under the doctrine of equivalents is **GRANTED**.

//
//
//
//
//
//

---

language is in contrast, for example, to dependent claim 16 which states "wherein said selecting step includes," indicating that the '272 patent used other language to indicate additions to the selecting step.

**IV.  CONCLUSION**

For the reasons herein, the Defendants' joint motion is **DENIED** as to no literal infringement and **GRANTED** as to no infringement under the doctrine of equivalents.

**IT IS SO ORDERED.**

DATED:  June 27, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
United States Magistrate Judge

All Counsel of Record