**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST TECHNOLOGIES INC., and MULTIMEDIA PATENT TRUST INC.<br><br>    Plaintiffs and Counterclaim-defendants,<br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>    Intervenor and Counter-claimant,<br>_____<br><br>AND CONSOLIDATED CASES<br>_____ | **Civil No:** 02CV2060-B(CAB)<br>consolidated with<br>**Civil No:** 03CV0699-B (CAB) and<br>**Civil No:** 03CV1108-B (CAB)<br><br>**ORDER DENYING GATEWAY'S MOTIONS FOR SUMMARY JUDGMENT THAT U.S. PATENT NO. 4,383,272 IS INVALID UNDER 35 U.S.C § 102(g) AND GRANTING SUMMARY ADJUDICATION ON CERTAIN PREDICATE ISSUES PERTAINING TO THIS DEFENSE** |

**I.   INTRODUCTION**

Gateway moves the Court for summary judgment that U.S. Patent No. 4,383,272

1

("the '272 patent") is invalid under 35 U.S.C. §102(g). Multimedia Patent Trust Technologies, Inc. and Multimedia Patent Trust (collectively "MPT") oppose this motion. MPT also filed a cross-motion for summary judgment of no invalidity; the Court denied MPT's cross-motion on June 27, 2007. The Court now **DENIES** Gateway's motion as to invalidity but **GRANTS** summary adjudication on certain predicate issues related to this defense.

## II.   APPLICABLE LAW

### A.   Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In considering the motion, the court must examine all the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). If the Court is unable to render summary judgment upon an entire case and finds that a trial is necessary, it shall if practicable grant summary adjudication for any issues as to which, standing alone, summary judgment would be appropriate. Fed. R. Civ. P. 56(d).

### B.   Invalidity under 35 U.S.C. § 102(g)

Under 35 U.S.C. §102(g)(2), "a person is entitled to a patent . . . unless before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it." The determination of first to invent compares the dates of conception and reduction to practice between the patent's inventors and the alleged prior inventor. 35 U.S.C. §102(g)(2). The inquiry also considers "the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other." Id. To succeed on an affirmative defense under §102(g), defendant must show prior reduction to practice or prior conception and

reasonable diligence in reducing the invention to practice. See Mycogen Plant Science v. Monsanto Co., 243 F.3d 1316, 1332 (Fed. Cir. 2001). In proving invalidity " an inventor's testimony respecting the facts surrounding a claim of derivation or priority of invention cannot, standing alone, rise to the level of clear and convincing proof." Price v. Symsek, 988 F.2d 1187, 1194 (Fed. Cir.1993). Corroboration is assessed under a rule of reason, and may be accomplished by documentary and/or oral testimony. Id. at 1195.

### III.   GATEWAY'S MOTION FOR INVALIDITY UNDER 35 U.S.C. § 102(g)[1]

The '272 patent is directed to techniques for video compression. The patent was applied for on April 13, 1981, and issued on May 10, 1983. Claim 13, the only claim at issue between the parties, is directed to a method of estimating the intensities of picture elements (pixels) in a picture. Gateway's §102(g) defense is based upon the assertion that Dr. Jaswant Jain was the first to conceive and diligently reduce to practice the invention set forth in claim 13 of the '272 patent.

The instant summary judgment motion is predicated on two assertions by Gateway: (1) there is no dispute of material fact that Jain had reduced claim 13 to practice by September 1979; and (2) MPT cannot demonstrate reasonable diligence by the '272 inventors between September 30, 1979 (the latest date by which Jain is alleged to have reduced the invention to practice) and April 13, 1981 (the date when the '272 patent was filed).

With respect to the first assertion, questions of fact remain to preclude summary judgment. As the Court discussed with respect to MPT's cross-motion on this defense, because claim 13 is a method claim, Gateway must demonstrate that the method was actually performed to show reduction to practice by Jain. Gateway contends that the

---

[1] MPT raised a procedural objection to Gateway's motion and moved to strike the motion and Gateway's §102(g) defense. The Court addressed this issue in its Order of June 27, 2007 and denied MPT's motion to strike Gateway's motion for summary judgment and bar the invalidity defense.

3

performance of the method is evidenced by Jain's Ph.D. thesis and testimony and corroborated by two witnesses, Wang and Kazakos. As for the thesis, although MPT does not dispute that a computer executing the algorithm identified in Dr. Jain's dissertation as equation 2-17 to process video would perform all the method steps of claim 13, the thesis alone cannot show that the method was ever performed. Regarding Jain's testimony, MPT challenges whether the corroboration is sufficient to establish reduction to practice for each of the steps of the claimed method. Wang testified that he was with Jain when the video processing software was running on the university computers. Kazakos testified that he had seen parts of Jain's code for the video processing. Having considered this evidence, the Court finds that on this issue questions of fact remain and therefore summary judgment of Gateway's motion on invalidity of the '272 patent is **DENIED**.

Although summary judgment is not warranted, the Court finds that certain predicate issues to the § 102(g) defense are suitable for summary adjudication under Fed. R. Civ. P. 56(d). First, the parties agree that a computer executing the algorithm identified in Dr. Jain's dissertation as equation 2-17 to process video would perform all the method steps of claim 13.

Second, regarding diligence of the '272 patent inventors, Gateway asserted in its moving papers that MPT had no evidence that the inventors exercised reasonable diligence in reducing claim 13 to practice between September 30, 1979 and April 13, 1981. It argued that one inventor, John Robbins, did not testify as to any activities related to the invention during this period and his notebook was devoid of entries related to the invention during this period. MPT did not dispute these contentions. Gateway also pointed out that Barry Freedman, the attorney who prepared and prosecuted the '272 patent, could not offer any evidence as to activities that occurred in this period or as to any reasons for a delay in filing the application because he testified at deposition to no recollection of events pertaining to this patent application. MPT did not dispute this assertion.

Gateway also argued that there was a lack of evidence as to any invention-related activities by the other inventor of the '272 patent, Arun Netravali. In response, MPT contended that Netravali had demonstrated actual reduction of practice of the invention as of April 1979. In support, MPT offered the testimony of Netravali that a simulation model was constructed and a "Preliminary Report of Invention" which states the computer software and printouts provide evidence of his invention. This evidence is insufficient to demonstrate actual reduction to practice because Netravali's testimony is uncorroborated. See Medichem, S.A. v. Rolabo, S.L., 437 F.3d 1157, 1169 (Fed. Cir. 2006) ("sufficient evidence to corroborate an inventor's testimony" is necessary to establish actual reduction to practice); Hahn v. Wong, 892 F.2d 1028, 1032 (Fed. Cir. 1989) ("The inventor . . . must provide independent corroborating evidence in addition to his own statements and documents."). The Preliminary Report of Invention cannot act as corroboration because it is signed only by Netravali himself. See Medichem, S.A. v. Rolabo, S.L., 437 F.3d 1157, 1170 (Fed. Cir. 2006) ("an unwitnessed notebook is insufficient on its own to support a claim of reduction to practice). Aside from MPT's argument that it established actual reduction to practice as of April 1979, MPT did not offer any evidence to refute Gateway's contention that there was no evidence of reasonable diligence in the period between when Jain allegedly reduced his method to practice and when the inventors filed the application for the '272 patent.

Having considered Gateway's contentions and the evidence presented by the parties, the Court finds that on certain predicate issues underlying Gateway's § 102(g) defense MPT failed to raise an issue of fact.

The Court therefore **GRANTS** summary adjudication on the following predicate issues:

(1) A computer executing the algorithm identified in Dr. Jain's dissertation as equation 2-17 to process video would perform all the method steps of claim 13;

(2) Because MPT failed to raise an issue of fact, it is established that there was an absence of reasonable diligence in reducing claim 13 to practice by the inventors of the '272 patent or by the attorney who prepared and prosecuted the '272 patent application in the period after Dr. Jain allegedly reduced his method to practice (after September 30, 1979) and before the inventors filed the application for the '272 patent on April 13, 2007.

(3) Because MPT failed to raise an issue of fact with respect to corroboration of the inventors' actual reduction to practice, it is established that the inventors of the '272 patent did not actually reduce the invention of claim 13 to practice prior to the filing of the application for the patent on April 13, 1981.

**IT IS SO ORDERED.**

DATED:  July 12, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc:  Hon. Cathy Ann Bencivengo
     United States Magistrate Judge

     All Counsel of Record