# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST., *et al.*, <br><br> Plaintiffs & Counter-Defendants, <br><br> vs. <br><br> GATEWAY, INC, et al., <br><br> Defendants and Counter-Claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br>   Intervenor and Counter-Claimant, <br> _____ <br><br> AND CONSOLIDATED CASES | CIV. NO. 02-2060-B (CAB) <br> consolidated with <br> Civil No: 03CV0699-B (CAB) and <br> Civil No: 03CV1108-B (CAB) <br><br> **ORDER SEVERING AND TRANSFERRING PART OF CASE** |

On the Court's own motion and due to the under-signed's inactive status, the Court is severing part of this patent infringement case for transfer to another District Judge, but is retaining jurisdiction over other parts. The severed parts will be assigned a new case number and transferred to a randomly-assigned District Judge. The Court notes, however, that on March 19, 2007, when this Court was returning its docket to the draw in preparation for its quasi-retirement, District Judge Marilyn L. Huff was randomly-assigned a recent, related patent case between the same parties. *Lucent Technologies, Inc. v. Microsoft Corp*, 06-CV-

684-H (CAB); *see* Clerk's Docket No. 61 from 06-CV-684.   Thereafter, on April 6, 2007, pursuant to the Local Rule governing related cases, a second case, *Multimedia Patent Trust v. Gateway, Inc.*, 07-CV-747-H (CAB), was low-numbered to Judge Huff.   Civil Local Rule 40.1; *see* Clerk's Docket Nos. 4-6 in 07-CV-747.

As previously discussed, and pursuant to division of these consolidated cases into five groups (*See* Court's Scheduling Order [Docket Nos. 374, 377 & 388]), the under-signed will continue to retain jurisdiction over certain matters.

**Group 1**:  This group contains two patents related to compression of video coding (U.S. Patent Nos. 4,383,272 and 4,958,226).   All outstanding issues, including trial, on these two patents are severed and transferred to the new case number.

**Group 2**:  This group contains two patents related to audio coding technology (U.S. Patent Nos. 5,341,547 and RE 39,080).   The Court presided over the jury trial of these two patents as well as post-judgment motions and entered a partial judgment pursuant to Fed. R. Civ. P. 54(b). [# 1975, 1976, & 1977]  Cross appeals are pending.  [# 2027 & 2088] (Federal Circuit Docket Nos. 2007-1546 & 2007-1580).   Thus, the Court retains jurisdiction over these two patents.

**Group 3**:  This group originally contained three patents on speech coding but two were dismissed by stipulation of the parties (U.S. Patent No. 4,617,676) [# 332, 334, 348, & 437]; U.S. Patent No. 4,910,781 [# 330, 333, 343, & 578]).

As to Patent No. 4,701,954, the Court entered summary judgment of non-infringement in favor of Defendants'; ruled on certain affirmative defenses and counterclaims; and entered a Rule 54(b) partial judgment. [# 450, 844, 845, 846, 1225, & 1261]  Those matters are pending on appeal. [# 1553, 1555, & 1736. ] (Federal Circuit Docket Nos. 2007-1338, 2007-1336, & 2007-1337).   Thus, the Court retains jurisdiction of the remaining patent in this group (U.S. Patent No. 4,701,954).

**Group 4**:  This group contained four patents on computer devices and software programs (Nos. 4,763,356; 4,649,131; 5,347,295; and 4,317,956).  **This group is split**.

The Court entered summary judgment of no infringement on two of the four patents in

1  this group of patents (U.S. Patent No. 4,649,131 and 4,317,956).  As to U.S. Patent No.
2  4,317,956, the Court entered partial judgment pursuant to Rule 54(b).  [# 1253]  Although the
3  parties filed notices of appeal, they dismissed them.  [# 1554, 1701, 1723, 1735, 1827, 1996]
4  (Federal Circuit Docket Nos. 2007-1335 & 2007-1338)  Thus, there is no need to transfer
5  that closed matter.  As to U.S. Patent No. 4,649,131, the Court entered partial judgment
6  pursuant to Rule 54(b) and an appeal is pending.  [#1231, 1251, 1815, 1840] (Federal Circuit
7  Docket No. 2007-1376).  Thus, the Court retains jurisdiction over this patent.
8       All matters pertaining to the other two patents (U.S. Nos. 4,763,356 & 5,347,295),
9  including trial, are severed and transferred to the new case number.
10      **Group 5:**  This miscellaneous group contains two patents.  **This group is split.**
11      All outstanding issues, including trial, on U.S. Patent No. 4,439,759 (Fleming) are
12  severed and transferred to the new case number.
13      The Court retains jurisdiction over the other patent (U.S. Patent No. 4,582,956)
14  (Doughery).  An appeal is pending on this Court's partial judgment [# 2024, 2027, & 2078]
15  (Federal Circuit Docket No. 2007-1546), and the Court has denied the motion for attorney's
16  fees *without prejudice to renewal* depending upon the outcome of the appeal.  [# 2080 &
17  2117]
18      <u>For those parts of the case retained by this Court, the above-captioned case number
19  remains the same</u>.  The parties shall continue to contact this Court's chambers for those
20  matters on which this Court has retained jurisdiction, such as mandate hearings.
21      The Court orders that all outstanding matters as to U.S. Patent No. 4,383,272 (Group
22  1); U.S. Patent No. 4,958,226 (Group 1); U.S. Patent No. 4,763,356 (Group 4); U.S. Patent
23  No. 5,347,295 (Group 4); and U.S. Patent No. 4,439,759 (Group 5) be severed and
24  transferred for further proceedings, including trial.  **The Clerk shall assign a new case**
25  **number to the severed portion based upon this Order and shall docket a copy of this**
26  **Order as the first entry.**
27      Because the 02-CV-2060 Docket contains many documents that may affect the five
28  patents transferred to the new case number, *further Orders regarding the docketing of the*

*new case will necessarily follow* (including pending motions such as Docket Nos. 1288 (Microsoft's Motion in Limine No.12 on Group 4 patents), 2049 (Dell's Motion for Summary Judgment of No Willful Infringement on Group 1, 4, & 5 patents), 2053 (same, for Microsoft), 2056 (same, for Gateway), 2130 (equipment order), and 2136 (motion to seal)). In any event, *the parties are permitted to refer to documents previously filed and docketed in 02-CV-2060* at any time and for any purpose in future proceedings on the severed portion of this case (e.g., designation of record for appeal).

Once the Clerk has opened the new case number, the Clerk shall terminate these consolidated proceedings in the above-captioned case, 02-CV-2060, and its member cases, 03-CV-699 and 03-CV-1108.

**IT IS SO ORDERED.**

DATED:  October 16, 2007

*[signature]*

Hon. Rudi M. Brewster
United States Senior District Judge