# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST., *et al.*, <br><br> Plaintiffs & Counter-Defendants, <br><br> vs. <br><br> GATEWAY, INC, et al., <br><br> Defendants and Counter Claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervenor and Counter Claimant, <br>_____ <br> AND CONSOLIDATED CASES | CASE NO. 02-2060-B (CAB) consolidated with <br> Civil No: 03CV0699-B (CAB) and <br> Civil No: 03CV1108-B (CAB) <br><br> ORDER DENYING MICROSOFT CORPORATION'S MOTION FOR AN AWARD OF ATTORNEY'S FEES <br><br> [Group 3 Patents] <br><br> [Docket No. 2203] |

Following the Federal Circuit's decision, *Lucent v. Gateway*, 525 F.3d 1200 (Fed. Cir. 2008), Microsoft Corporation renewed its motion for an award of attorney's fees on the Alta '954 Patent (U.S. Patent No. 4,701,954) pursuant to the exceptional case patent statute.[1] The

---

[1] Microsoft originally filed this motion within fourteen days of the March 2007 summary judgment order. [# 1406] The Court deferred ruling pending the outcome of Lucent's appeal. [# 1913]. As soon as the Federal Circuit affirmed that Microsoft did not infringe Lucent's '954 patent, Microsoft renewed its motion.
  Consistent with the Court's prior rulings, the Court rejects Lucent's argument that Microsoft is not the "prevailing party" in the "case" but only one of several patents being litigated (including current proceedings in related case numbers). The Court divided the

(continued...)

Court found the motion suitable for decision on the papers. Local Civil Rule 7.1(d)(1). The Court commends counsel for the excellent, comprehensive yet concise, and cogent written briefs.

The parties are familiar with the facts, the technology, and procedural history in the patent application proceedings and in this Court.

## Discussion

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In the first step, the applicant must show clear and convincing evidence that the case is exceptional. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). Vexatious or unjustified litigation may make a case exceptional if it was objectively baseless and maintained in bad faith. *Brooks Furniture Mfg. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005); *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 455 (Fed. Cir. 1985). In the second step, the Court exercises its discretion as to whether to award attorneys' fees. *Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1273 (Fed. Cir. 2004). Awarding fees is appropriate when shifting fees will prevent a "gross injustice" but are not automatically awarded whenever a patent owner loses an attempt to protect its patents. *Forest Labs., Inc. v. Abbott Labs*, 339 F.3d 1324, 1329 (Fed. Cir. 2003).

Microsoft argues that once the Court issued the *Markman* Order, it was abundantly clear that Microsoft was not infringing Lucent's '954 patent under the Court's construction of the term "each successive iteration including the steps of." *Phonometrics Inc. v. Westin Hotel Co.*, 350 F.3d 1242 (Fed. Cir. 2003) (declaring case exceptional when patentee maintained case after claim construction order showed there could be no infringement). Microsoft's speech codecs removed pitch "outside" the pulse-forming loop – the method found in the prior art. To overcome that prior art, Lucent narrowed its pitch redundancy

---

[1](...continued)
consolidated cases into groups for case management purposes, including judgment, but finds each patent to be a separate case for purposes of costs and fees analysis. This motion concerns the sole remaining speech coding patent in Group 3, as Lucent voluntarily dismissed the other two patents in this group.

1  removal claim by adding five steps that are to be performed iteratively and inside the pulse-
2  forming loop during each pulse.  Microsoft argues that the file history conclusively showed
3  that an alleged equivalent using a method in which fewer than all the calculations were
4  performed in each pulse-forming iteration was directly at odds with Lucent's amendment that
5  "the claimed invention found and removed pitch redundancies during the formation of each
6  successive pulse in the multipulse sequence."

7  Microsoft argues the Court can infer subjective bad faith because Lucent conceded –
8  through its expert witness during the deposition and its attorney at the summary judgment
9  hearing – that Microsoft did not infringe under the Court's construction of Claim 1.  Despite
10 the Court's arguably unambiguous interpretation at the *Markman* hearing, Microsoft accuses
11 Lucent of attempting to interject confusion and to overtly abuse the alleged clear *Markman*
12 ruling.  The Court's claim construction "lef[t] no room" for Lucent's contorted theory.
13 *Union Oil Co. of Calif. v. Chevron USA Inc.*, 34 F. Supp. 2d 1222 (C.D. Cal. 1998) (tactics
14 and arguments at trial showed attempts to circumvent the claim construction order).

15 The Court finds no evidence that Lucent pursued its '954 patent against Microsoft in
16 bad faith or that its infringement claim was objectively unmeritorious.  Although Lucent's
17 arguments did not carry the day at various stages of the litigation (including the construction
18 of the phrase at issue, the summary judgment motion, and the appeal), the record shows that
19 Lucent's positions were reasonable, even though arguably weakly-supported by expert
20 testimony, if at all.  *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1260 (Fed. Cir. 2000)
21 (reasonably relying on retained experts).  Specifically as to Lucent's expert, the Court does
22 not accept Microsoft's characterization that Dr. Kabal "conceded" no literal infringement.
23 His written expert report and his declaration to the summary judgment motion outlined his
24 view that Microsoft's products literally infringed the '954 patent if the Court's *Markman*
25 ruling were correct.  Microsoft's Ex. E at 61 (Expert Report at 9-10); Lucent's Ex. 6 at 5
26 (Kabal Decl. ¶ 12 ).  More specifically, it appears to the Court that Dr. Kabal testified in his
27 deposition nonsensically as to literal infringement in his answer to Microsoft's hypothetical
28 question.  His answer contradicted itself when he said "No.  They're infringed under the

doctrine of equivalents." Microsoft's Ex. F at 70 (Kabal Depo. at p. 121, lines 11-12). That answer, to make sense, should be read as "Yes, but they're infringed under the doctrine of equivalents." There was no attempt by Microsoft to remove the inconsistency and self-contradiction of this answer, as it could have done.

Furthermore, Lucent was within its rights at the summary judgment hearing (and on appeal) to attempt to persuade the Court that the initial construction of the phrase should be modified. Microsoft's Ex. G at 82 (RT at 98); *e.g., Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002). The Court finds that Lucent presented legitimate arguments within the professional boundaries of zealous advocacy. Moreover, Lucent also challenged the construction of the phrase in its appeal to the Federal Circuit. *Lucent*, 525 F.3d at 1215 (acknowledging that District Court's construction was *not* supported by the sole embodiment described in the specification). Although Lucent's doctrine of equivalents position and its theory of literal infringement failed on the merits, there is no injustice, let alone a gross injustice, in following the usual rule that each party bears its own attorney's fees. *Forest Labs.*, 339 F.3d at 1329.

As an alternative ruling, the Court determines, in its discretion, that an award of attorney's fees is not appropriate on the '954 litigation. *Beckman*, 892 F.2d at 1552. Lucent (as well as Microsoft) did not commit any acts of misconduct and the efforts of its attorneys, at all times, were professionally presented. For example, Lucent voluntarily dismissed two other speech coding patents from Group 3 before any substantive motions were filed.

IT IS SO ORDERED.

DATED: July 17, 2008

                                                          Hon. Rudi M. Brewster
                                                          United States Senior District Judge