1   David A. Hahn, SBN 125784
David Hahn, Attorney At Law
2   501 West Broadway, Suite 1600
San Diego, California  92101-3595
3   Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101
4
5   *Attorneys for Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*
6
7
8                 **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., | Case No. 02-CV-2060-B (CAB) |
| Plaintiff, | consolidated with |
| v. | Case No. 03-CV-0699-B (CAB) |
| | Case No. 03-CV-1108-B (CAB) |
| GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | **LUCENT'S OPPOSITION TO DELL'S MOTION TO SEVER CLAIMS 2–7 AND 9 OF U.S. PATENT NO. 5,649,131 TO ACKERMAN ET AL. FOR TREATMENT IN A SEPARATE CASE** |
| Defendants, and | |
| MICROSOFT CORPORATION, | Date:        November 10, 2008 |
| Intervener. | Time:        9:30 a.m. |
| MICROSOFT CORPORATION, | Courtroom:  2 |
| Plaintiff, | Judge:       Hon. Rudi M. Brewster |
| v. | |
| LUCENT TECHNOLOGIES INC., | |
| Defendant. | |
| LUCENT TECHNOLOGIES INC., | |
| Plaintiff, | |
| v. | |
| DELL INC., | |
| Defendant. | |

1

## <u>TABLE OF CONTENTS</u>

2

3

I.     **INTRODUCTION**................................................................................................1

II.    **ARGUMENT**.................................................................................................**2**

    A.    The Federal Rules Of Civil Procedure Do Not Permit The Severance Dell Seeks ..................................................................................................2

    B.    Lucent's Infringement Claims Based On Claims 2–7 And 9 Are Well Founded....5

III.    **CONCLUSION** ................................................................................................**10**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

<u>**Cases**</u>

3

*Atari, Inc. v. JS & A Group, Inc.*,
   747 F.2d 1422 (Fed. Cir. 1984).............................................................................. 3

4

5

*Biogenex Labs., Inc. v. Ventana Med. Sys., Inc.*,
   No. C-05-860-JF, 2005 WL 1869342 (N.D. Cal. Aug. 5, 2005) ............................. 4

6

7

*BMC Res., Inc. v. Paymentech, L.P.*
   498 F.3d 1373 (Fed. Cir. 2007),...................................................................... 8, 9, 10

8

9

*Equal Rights Ctr. v. Equity Residential*,
   483 F.Supp. 2d 482 (D. Md. 2007) ........................................................................ 3

10

11

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
   No. 08-80013-CIV, 2008 WL 3833219 (S.D. Fla. Aug. 13, 2008) ................... 9, 10

12

13

*Mars Inc. v. Nippon Conlux Kabushiki Kaisha*,
   58 F.3d 616 (Fed. Cir. 1995)................................................................................. 4

14

15

*Muniauction, Inc. v. Thomson Corp.*,
   No. 2007-1485, 2008 WL 2717689 (Fed. Cir. July 14, 2008)............................ 8, 9

16

17

*Privasys, Inc. v. Visa Int'l*,
   No. C 07-03257 SI, 2007 WL 3461761 (N.D. Cal. Nov. 14, 2007)....................... 10

18

19

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
   495 F.Supp. 2d 1052 (S.D. Cal. 2007)................................................................... 5

20

21

*TGIP, Inc. v. AT&T Corp.*,
   527 F.Supp. 2d 561 (E.D. Tex. 2007) .................................................................. 10

22

23

<u>**Rules**</u>

24

Fed. R. Civ. P. 21 ................................................................................................... 1, 2

25

Fed. R. Civ. P. 42(b) ........................................................................................... 1, 2, 3

26

27

28

## I.      INTRODUCTION

Dell moves this Court to sever claims 2–7 and 9 of Lucent's Ackerman '131 patent into a separate case, while leaving claim 1 of that patent undisturbed.  Dell makes this request not in the interest of judicial economy or convenience, nor to avoid any cognizable prejudice.  Rather, Dell candidly admits that it seeks severance solely to accrue and account for attorneys' fees for Lucent's allegedly "baseless" assertions:  "Dell seeks an order severing these claims into a separate case so that Dell can later seek costs and attorneys fees incurred for the continued assertion of these baseless claims and so that there will be no question as to who the prevailing party is on these groundless claims."  (Dell Br. at 3.)  Tellingly, Dell cites no authority supporting severance in this context and, indeed, the relief that Dell seeks is unsupported by the Federal Rules of Civil Procedure and federal case law, would result in impermissible claim splitting, and is based upon a misrepresentation of Lucent's infringement contentions.

Dell cites a single rule — Federal Rule of Civil Procedure 42(b)  — as allegedly authorizing this Court to grant its motion to sever claims 2–7 and 9 of the Ackerman '131 patent for treatment in a separate case.  That rule, however, does not concern severance, but rather pertains to bifurcation of issues or causes of action into separate trials.  And while Federal Rule of Civil Procedure 21, not cited by Dell, does authorize courts to sever claims into separate cases, a party seeking severance must show that without severance the party will suffer severe prejudice and that the claims to be severed are so distinct and separable that they can proceed in a separate case without injustice.

This Dell cannot do.  Dell does not attempt to demonstrate prejudice — let alone the severe prejudice needed to justify severance — but instead admits that it seeks severance simply to multiply proceedings so that it can incur attorneys' fees that can allegedly be claimed in the future.  And Dell also fails to demonstrate that the claims it wishes to sever are distinct and separable.  Nor could it.  Federal case law deems multiple lawsuits on different claims of the same patent directed to the same infringing activity to be impermissible claim splitting and mandates that all legal theories arising out of the same patent and nucleus of facts be litigated in one action.

1   Moreover, the underlying premise of Dell's motion is based upon a misrepresentation of the

2   asserted claims and Lucent's infringement contentions.  Dell argues that Lucent's assertions of

3   infringement of claims 2–7 and 9 are "baseless" because Lucent cannot prove that Dell "control[s]

4   users of the Internet."  (*See* Dell Br. at 1.)  Contrary to Dell's characterization, the claims of the

5   patent do ***not*** recite steps that must be performed by the ***user*** of the terminal device and Lucent does

6   not contend that the ***user*** of the terminal device performs any steps of the claimed method.  And

7   while certain steps of these method claims are performed by "terminal devices" through which users

8   interact with Defendants' web servers, those terminal devices perform those steps because

9   Defendants web servers compel them to do so through website programming commands.  Thus, all

10   steps of these asserted claims occur under the direction or control of Defendants' web servers.

11   If Dell believes otherwise, it should do what it curiously refuses to do:  file a motion for

12   summary judgment.  No basis exists for its request for severance.  Therefore, Lucent respectfully

13   requests that this Court deny Dell's most recent attempt to derail this case and instead let the parties

14   proceed to trial as scheduled, with claims 1–7 and 9 of the Ackerman '131 patent in a single case.

15   **II.    ARGUMENT**

16   **A.    The Federal Rules Of Civil Procedure Do Not Permit The Severance Dell Seeks**

17   Citing Rule 42(b) of the Federal Rules of Civil Procedure, Dell "seeks an order severing

18   . . . claims [2–7 and 9] into ***a separate case*** so that Dell can later seek costs and attorneys fees

19   incurred . . .  and so that there will be no question as to who the prevailing party is . . . ."  (Dell Br. at

20   3.)  Rule 42(b), however, does not provide for ***severance*** in this or any other context.  Rather, Rule

21   42(b) authorizes bifurcation of issues or causes of action ***for separate trial in a single case***:  "For

22   convenience, to avoid prejudice, or to expedite and economize, the court may order ***a separate trial***

23   of one or more separate issues, claims, crossclaims, counterclaims, or third party claims."  Fed. R.

24   Civ. P. 42(b).

25   Although Rule 42(b) does not authorize a court to sever claims, such authority is granted by

26   Federal Rule of Civil Procedure 21:  "The court may also sever any claim against a party."  Fed. R.

27   Civ. P. 21.  As noted in *Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 1426 n.1 (Fed. Cir. 1984),

28

1  "[s]everance is obtained under Rule 21; separation for trial is obtained under Rule 42(b).  It is

2  inaccurate and misleading to speak of 'severance' and 'separation' interchangeably."  Dell does not

3  cite Rule 21, however, knowing as it must that it cannot meet the high showing necessary to obtain

4  severance under that rule.  A party moving for severance must show that it will be severely

5  prejudiced without a separate trial and that the issue to be severed is so "distinct and separable" from

6  the others that trial on that issue alone may proceed without injustice:

7          Courts have recognized a presumption in favor of the nonmoving party
           that all claims in a case will be resolved in a single trial and ***not*** be
8          severed, placing the burden on the party moving for severance to show
           that (1) it will be severely prejudiced without a separate trial; and (2)
9          the issue to be severed is ***so 'distinct and separable'*** from the others
           that a trial of that issue alone may proceed without injustice.
10

11  *Equal Rights Ctr. v. Equity Residential*, 483 F.Supp. 2d 482, 489 (D. Md. 2007) (emphasis added).

12          Dell has made no such showing.  Dell does not contend (nor could Dell plausibly do so) that

13  it would be severely prejudiced without a separate trial on claims 2–7 and 9 of the Ackerman '131

14  patent.  In fact, the only alleged ***inconvenience*** Dell mentions is the possibility that, if those claims

15  are not severed, "Dell might have to deal with arguments about who is the overall prevailing party in

16  the case" in a future attempt to obtain fees and costs.  (Dell Br. at 1.)  And even that "inconvenience"

17  is fabricated — if Lucent's successful prosecution of claim 1 defeats Dell's claim for attorneys' fees,

18  that result should hold regardless of whether the claims are litigated under one case caption or two.

19  In any event, having to face "prevailing party" arguments is hardly the "severe prejudice" a party

20  must show to support a motion to sever.

21          Moreover, Dell does not — and cannot — show that Lucent's infringement assertions of

22  claims 2–7 and 9 are "distinct and separable" from Lucent's assertion of claim 1.  Indeed, Dell's

23  requested severance would result in impermissible "claim splitting," in which Lucent would

24  prosecute infringement actions on the same patent against the same infringing activity in two

25  different actions.  However, "[i]t is well established that a party may not split a cause of action into

26  separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party

27  must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of

28

---

1  transactions that can be brought together." *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d

2  616, 619 (Fed. Cir. 1995) (citing Restatement (Second) of Judgments § 24(2) (1982) (all actions

3  arising from the same transaction or series of transactions are regarded as constituting a single cause

4  of action)).  Lucent diligently brought all of its claims related to Dell's infringing method in one

5  case.  Just as Lucent could not bring successive actions against Dell for infringement of the claims of

6  the same patent, Dell cannot sever those infringement claims into separate actions.

7       This Court's sister court in the Northern District of California considered whether a patentee

8  could bring successive actions against an accused infringer based on different claims of the same

9  patent.  In *Biogenex Laboratories, Inc. v. Ventana Medical Systems, Inc.*, No. C-05-860-JF, 2005

10  WL 1869342 (N.D. Cal. Aug. 5, 2005), the district court dismissed a second patent infringement suit

11  based on a claim of the same patent not brought in the first action.  Citing the rule against claim

12  splitting, the court rejected the theory that each patent claim confers a separate legal right upon the

13  patent holder such that the patent holder could bring successive actions on separate claims, and

14  dismissed the second action.  *Id.* at *2–4.  Citing *Biogenex,* this Court similarly dismissed a

15  plaintiff's second suit on claims it was required to bring in the first suit.  *Single Chip Sys. Corp. v.*

16  *Intermec IP Corp.*, 495 F.Supp. 2d 1052, 1059–60, 1065 (S.D. Cal. 2007).  The lack of final

17  judgment on the merits of the first case did not preclude the Court from determining that the second

18  action was barred by the doctrine against claim splitting.  *See id.* at 1059-60.  Thus, Dell cannot

19  reasonably argue that Lucent's infringement case on claim 1 is "distinct and separable" from its case

20  on claims 2–7 and 9.

21       Moreover, judicial economy strongly counsels against severance.  Lucent accuses the same

22  Internet activity of infringing claims 2–7 and 9 as it does claim 1.  The same witnesses and

23  evidentiary proof will be called upon to prove infringement of claims 2–7 and 9 as will be called

24  upon for claim 1.  Indeed, the first two steps of claim 1 are substantially the same as the first two

25  steps of claim 2, which adds one more method step performed by the terminal device:

26

27

28

1

2

3

4

5

6

7

**1.** A method of operating a host processor communicating with a terminal device, said method comprising the steps of

assigning an identifier to a respective one of a plurality of input object types, and

transmitting said identifier and its respective input object type to said device, wherein said plurality of object types includes at least two of the object types choice, entry, text, and image.

**2.** A method of operating a host processor communicating with a terminal device, said method comprising the steps of

assigning an identifier to a respective one of a plurality of input object types,

transmitting said identifier and its respective input object type to said device, and

responding to a manipulation of the object at said terminal by transmitting to said processor a) said identifier and b) data representative of said manipulation, wherein said manipulation includes at least selection of said object; entry of data; or retrieval of display data.

8   (*See* Micallef Decl. Ex. A, '131 Patent at claims 1 and 2.[1])

9          Dell does not dispute this substantial overlap.  The **only** basis for severance that Dell

10  advances is that severance would more easily permit Dell to track its costs and attorneys' fees in

11  defending against the infringement allegations based on claims 2–7 and 9.  Given that the same

12  infringing activity is at issue and that the asserted claims share many of the same method steps,

13  Dell's allegation that it will incur significant additional fees to defend against claims 2–7 and 9 if left

14  in this suit rings hollow.  In any event, Dell has cited no authority, nor is Lucent aware of any,

15  permitting a party to sever a subset of infringement claims from the same patent for treatment in a

16  separate case, let alone for the sole purpose of facilitating a party's accrual and accounting of

17  attorneys' fees.  This Court should not countenance Dell's gamesmanship.  Because Dell cannot

18  meet its burden to demonstrate that severance is warranted, its motion should be denied.

19          **B.      Lucent's Infringement Claims Based On Claims 2–7 And 9 Are Well Founded**

20          Dell seeks severance of Lucent's infringement allegations related to claims 2–7 and 9 of the

21  Ackerman '131 patent so that "if Lucent insists on pressing these groundless claims despite the

22  divided infringement defect, Lucent will have nothing to whatsoever to hide behind when Dell seeks

23  costs and attorney fees associated with Lucent's baseless assertion of these claims."  (Dell Br. at 1–

24

25  [1] References to "Micallef Decl. Ex. __" refer to the exhibits attached to the October 8, 2008

26  Declaration of Joseph A. Micallef in Support of Motion of Dell Inc. to Sever Claims 2–7 and 9 of U.S. Patent No. 5,649,131 for Treatment in a Separate Case.

27

28

1    2.)  Dell argues that Lucent's infringement claims are "groundless" and "baseless" because "Dell

2    simply does not control users of the Internet."  (*Id.* at 1.)  Dell mischaracterizes Lucent's

3    infringement contentions for purposes of its motion.

4        First, Lucent does not contend that Dell "controls users of the Internet," nor do the claims

5    require such control.[2]  While claims 2–7 and 9 do include steps that are performed by a terminal

6    device, none of those claims recites any step that is performed by a *user* of a terminal device.  (*See*

7    Micallef Decl. Ex. A, '131 Patent at claims 2–7 and 9.)  For example, claim 2 recites three steps, two

8    performed by a host processor and one performed by a terminal device:

9

10

11

12

13

14

> **2.** A method of operating a host processor communicating
> with a terminal device, said method comprising the steps of
> assigning an identifier to a respective one of a plurality of
> input object types,
> transmitting said identifier and its respective input object
> type to said device, and
> responding to a manipulation of the object at said terminal
> by transmitting to said processor a) said identifier and
> b) data representative of said manipulation, wherein
> said manipulation includes at least selection of said
> object; entry of data; or retrieval of display data.

15        The "assigning" and "transmitting" steps are performed by the host processor in the patent; in

16   the accused method, these steps are performed by Defendants' web servers.  The last step —

17   "responding to a manipulation of the object at said terminal by transmitting to said processor" — is

18   performed by the terminal device in the patent; in the accused method, it is performed by the client

19   computer.  Importantly, a *user's* manipulation of a display object is *not* itself a step required by the

20   claim.  To the contrary, the last step is directed to the terminal device's actions in response to such

21   manipulation.  Thus, a user is not required to perform any step of claim 2 and, contrary to Dell's

22   suggestions, Lucent does not contend that Dell controls such users.

23

24

25   _____

26   [2]  A review of Lucent's infringement contentions shows that Lucent does not contend that Dell
     exercises such control.  (*See* Micallef Decl. Ex. B, Lucent's Ninth Supplemental Response to
     Interrogatory No. 2 at Attachment B.)

27

28

1   Although it is true that Dell does not own the client computer (unlike the web server), the

2   client computer does respond to a user's manipulation of an object in a way that meets the claimed

3   step because Dell's web servers transmit commands to the client computer that compel that

4   behavior.  When a client computer (terminal device) sends a URL request to a Dell Web Site that

5   incorporates the HTML <FORM> tag, the Dell web server (host processor) hosting that site

6   transmits an HTML form to the client computer for display on the computer.  In doing so, the web

7   server transmits commands to the user's client computer along with the HTML form that cause the

8   client computer to respond to a manipulation by transmitting the data generated by that manipulation

9   (*e.g.*, text entered or the pull-down menu choice selected) to the web server along with the NAME of

10  the form element that was manipulated.  (*See* Micallef Decl. Ex. B at Attachment B, Claims 2-4.)

11  The client computer responds to the pressing of the Enter key by transmitting the user-entered text,

12  along with the NAME of the text entry form element, to the web server.  (*Id.*)  Defendants' web

13  servers control or direct this behavior through the use of JavaScript commands such as "onkeypress"

14  that modify the behavior of the client computer's browser.  (*Id.*; *see also* Heffernan Decl. Ex. A,

15  Polish Rep. at 9;[3] Heffernan Decl. Ex. B, Webb Dep. Tr. at 127:2–127:15, 128:3–129:13; Heffernan

16  Decl. Ex. C, Oct. 27, 2008 Polish Decl. ¶ 9.)  Defendants' web servers employ the "onkeypress"

17  JavaScript feature to detect the pressing of an Enter key in a form element and cause the client

18  computer to submit a form to the web server on that basis.  (Micallef Decl. Ex. B at Attachment B,

19  Claims 2-4; Heffernan Decl. Ex. A, Polish Rep. at 9; Heffernan Decl. Ex. C, Oct. 27, 2008 Polish

20  Decl. ¶ 9.)  Absent such commands from the web server, the client computer would not behave in

21  this fashion.  (Heffernan Decl. Ex. C, Oct. 27, 2008 Polish Decl. ¶ 9; *see also id.* ¶¶ 7–13.)  Thus,

22  Dell, through its web servers, directs or controls the performance of every step in the claim.  *See*

23  *Muniauction, Inc. v. Thomson Corp.*, No. 2007-1485, 2008 WL 2717689, *8 (Fed. Cir. July 14,

24  2008).

25  _____

    [3] References to "Heffernan Decl. Ex. __" refer to the exhibits attached to the Declaration of Jeanne
26  M. Heffernan in Support of Lucent's Opposition to Dell's Motion to Sever Claims 2–7 and 9 of U.S.
    Patent No. 5,649,131 for Treatment in a Separate Case, filed concurrently herewith.
27

28

1    In *Muniauction*, the Federal Circuit held that "where the actions of multiple parties combine

2  to perform every step of a claimed method, the patent claim is directly infringed only if one party

3  exercises 'control or direction' over the entire process such that every step is attributable to the

4  controlling party, i.e., the 'mastermind.'"  *Id.*  The Federal Circuit in *Muniauction* cited often, and

5  with approval, to its precedent in *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed.

6  Cir. 2007), which also noted that infringement would be found if sufficient direction or control by

7  one entity were demonstrated, such as instructions or directions provided by one entity to another.

8  *Id.* at 1381–82.

9    Although the plaintiffs in *Muniauction* and *BMC Resources* did not ultimately prevail on

10  their infringement claims, Lucent does not face the kind of hurdles faced by those plaintiffs.  Claims

11  2–7 and 9 of the Ackerman '131 patent are different from the claims of the patents in *Muniauction*

12  and *BMC Resources* in key respects.  Notably, the claims of the Ackerman '131 patent do not recite

13  a step that must be carried out by a user, so Lucent need not show direction or control by Defendants

14  over the user.  Although claims 2–7 and 9 do require the activity of the terminal device (*e.g.*,

15  "responding to a manipulation . . . by transmitting to said host processor"), as discussed above,

16  Defendants' web servers control or direct the behavior of the client computer through programming

17  commands.  For example, Defendants' web servers employ the "onkeypress" JavaScript feature to

18  detect the pressing of an Enter key in a form element and direct the client computer to submit a form

19  on that basis.  Thus, Defendants exercise sufficient control over every step of the asserted claims.

20  (*See also* Heffernan Decl. Ex. C, Oct. 27, 2008 Polish Rep. ¶¶ 7–13.)

21    In its supplemental memorandum, Dell argues to the contrary, citing a district court case,

22  *Global Patent Holdings, LLC v. Panthers BRHC LLC*, No. 08-80013-CIV, 2008 WL 3833219 (S.D.

23  Fla. Aug. 13, 2008 for the proposition that "the provision of Javascript commands by a web server

24  cannot support an allegation of the kind of 'direction or control' required by *Muniauction* . . . ."

25  (Dell Supp. Mem. at 1–2.)  Notably, however, the patent in *Global Patent Holdings* required the

26  participation of a *user* to carry out the first step of the asserted method.  *Global Patent Holdings*,

27  2008 WL 3833219, at *3 ("The parties agree that the '341 patent requires two individuals or entities

28

1   to complete all of the method's steps . . . —a remote computer **user**, and the website server."

2   (emphasis added)).  As the court explained, "[t]he initial step of the '341 patent calls for action on

3   the part of the remote computer **user**." *Id.* (emphasis added)  (*See also* Heffernan Decl. Ex. D, U.S.

4   Patent No. 5,253,341 to Rozmanith et al. at claim 17.)  The plaintiff in that case claimed that the

5   defendant "controlled" the **user's** action by virtue of the defendant's use of Javascript programs,

6   which when executed invited the user to enter certain information.  The district court found such use

7   of Javascript to be insufficient direction or control **over the user** to enter such information and

8   thereby meet the initial step of the asserted claim.  *Global Patent Holdings*, 2008 WL 3833219, at

9   *3.  That situation is unlike the facts here, where execution **by the client computer** of a JavaScript

10  command provided to it by the web server itself meets the claimed method step.

11         Moreover, while the result in *Global Patent Holdings* largely rested on that court's view that

12  "direction or control" required "a contractual relationship or other relationship that gives rise to

13  vicarious liability," *id.* at *3, other district courts have not read the Federal Circuit precedent in this

14  area so narrowly.  For example, in *Privasys, Inc. v. Visa International*, No. C 07-03257 SI, 2007 WL

15  3461761 (N.D. Cal. Nov. 14, 2007), the district court held that the plaintiff had evidence of the kind

16  that was absent in *BMC Resources*; namely that the defendant "provides instructions or directions

17  regarding the use of" the patented process to the other entities involved in carrying out the steps of

18  that process.  *Id.* at *2 (internal quotations omitted).  In addition, in *TGIP, Inc. v. AT&T Corp.*, 527

19  F.Supp. 2d 561 (E.D. Tex. 2007), the district court upheld a verdict of infringement on a motion for

20  judgment as a matter of law because the plaintiff presented evidence that the defendant controlled or

21  directed the activities of the other entities by, *e.g.*, "provid[ing] specifications to each of its retailers

22  directing the retailers on the processes for sending an activation message," "indicating what

23  'requirements' were necessary in order for [defendant] to provide its services to retailers."  *Id.* at

24  578.

25         In sum, sufficient evidence exists that Defendants direct or control the performance of each

26  step of the asserted claims.  Accordingly, Dell's assertions that Lucent's infringement allegations are

27

28

1  "baseless" and "groundless" do not withstand scrutiny.  Dell's motion should be denied on this basis

2  as well.

3  **III.      CONCLUSION**

4          For the foregoing reasons, Lucent respectfully requests that this Court deny Dell's motion to

5  sever and allow the claims of the Ackerman '131 patent to proceed to trial in one case as scheduled.

6

7  Dated:  October 27, 2008

8                                                      By:  _____s/David A. Hahn_____
                                                           John M. Desmarais (admitted *pro hac vice*)
9                                                          Robert A. Appleby (admitted *pro hac vice*)
                                                           Jeanne M. Heffernan (admitted *pro hac vice*)
10                                                         KIRKLAND & ELLIS LLP
                                                           153 East 53rd Street
11                                                         New York, New York  10022
                                                           Telephone:  (212) 446-4800
12                                                         Facsimile:  (212) 446-4900

13                                                         David A. Hahn, SBN 125784
                                                           DAVID HAHN, ATTORNEY AT LAW
14                                                         501 West Broadway, Suite 1600
                                                           San Diego, California  92101-3595
15                                                         Telephone:  (619) 235-2100
                                                           Facsimile:  (619) 235-2101
16
                                                           Attorneys for *Lucent Technologies Inc.*
17

18

19

20

21

22

23

24

25

26

27

28