UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GATEWAY, INC.; GATEWAY COUNTRY STORES LLC; MICROSOFT CORPORATION; and DELL, INC.,<br><br>    Defendants. | Civil No.   02cv2060-B (CAB)<br><br>**ORDER REGARDING LUCENT MOTIONS TO COMPEL AND FOR A PROTECTIVE ORDER [Doc. No. 2282; Doc. Filed under seal pursuant to Doc. No. 2281 and 2288] AND VACATING EXISTING DEADLINES FOR EXPERT REPORT EXCHANGES AND EXPERT DISCOVERY** |

On November 14, 2008, the Court held a telephonic discovery conference on Lucent's Motions to Compel Production of Documents from Microsoft [filed under seal pursuant to Doc. Nos. 2281 and 2288] and for a Protective Order to preclude Dell from proceeding with subpoenas to third parties [Doc. No. 2282].  Paul Bondor, Esq., and Eric Hayes, Esq., appeared for Lucent.  Lara Garner, Esq., and Joe Reed, Esq., appeared for Microsoft.  Jim Blackburn, Esq., appeared for Dell.  Having considered the submissions of the parties and the arguments of counsel, the Motion for Production of Documents [filed under seal pursuant to Doc. Nos. 2281 and 2288] is **GRANTED** and the Motion for Protective Order [Doc. No. 2282] is **DENIED**.

Lucent moved for an order compelling Microsoft to produce certain reports by PricewaterhouseCoopers regarding licensing policies.  Microsoft objected on the grounds that the reports are not relevant to the issues in this litigation.  Lucent contends that at least portions of the reports contain information about theories for calculating royalties employed by Microsoft and such

information is relevant to the damages issues in this case. Microsoft's objection is overruled. The motion is **GRANTED** and the documents should be produced no later than **November 21, 2008.** Nothing in this order precludes Microsoft from challenging the admissibility of reports at trial.

Lucent also moved for a protective order to preclude Dell from proceeding with the depositions of third parties International Business Machines ("IBM") and LL. Bean, Inc. ("LL Bean"). The parties were subpoenaed to depositions on October 31, 2008, the last day of fact discovery, and Lucent was not given notice of the subpoenas until October 27, 2008, allowing it insufficient time to prepare for and attend the depositions. Although Dell does not appear to have exercised the utmost diligence in identifying the need for and noticing these third-party depositions, and the notice to Lucent was inadequate, Lucent's motion is **DENIED**. The conclusion of fact discovery in this matter has been extended beyond October 31, 2008, to accommodate the schedules of all the parties, witnesses and counsel. Trial is not scheduled until June and these additional depositions will cause no undue hardship. Lucent's request that it be given leave to do reasonable followup discovery if needed following these third party depositions is **GRANTED.**

Having considered the representations of counsel regarding the status of discovery, the good faith efforts of counsel to prepare this matter for trial and the current scheduling order, the Court finds good cause to **VACATE** the existing deadlines for expert report exchanges and the expert discovery deadline. The parties are instructed to meet and confer and provide the Court with a proposed schedule, no later than **December 15, 2008**, that will provide for the orderly conclusion of fact discovery, and the efficient exchange of expert reports.

**IT IS SO ORDERED.**

DATED: November 14, 2008

CATHY ANN BENCIVENGO
United States Magistrate Judge