UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LUCENT TECHNOLOGIES, INC., and MULTIMEDIA PATENT TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>GATEWAY, INC, et al.,<br><br>Defendants,<br><br>and<br><br>MICROSOFT CORPORATION,<br>Intervening Defendant,<br>_____<br><br>and related counterclaim. | Case Number: 02-CV- 2060-B (CAB)<br>*consolidated with*<br> 03-CV-0699-B (CAB) and<br> 03-CV-1108-B (CAB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SEVER CLAIMS 2-7 AND 9 OF U.S. PATENT NO. 5,649,131 FOR TREATMENT IN A SEPARATE CASE**<br><br>[Docket Nos. 2258 & 2261] |
|---|---|

Defendant Dell Inc.'s motion seeks "to Sever Claims 2-7 and 9 of U.S. Patent No. 5,649,131 to Ackerman et al. for Treatment in a Separate Case" and Defendant Microsoft Corporation joined it. Having heard and considered the arguments of counsel, the Court denies the motion.

Dell cites Rule 42(b) of the Federal Rules of Civil Procedure, which provides in pertinent part: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims,

or third-party claims." Dell's motion has both procedural and substantive aspects.

Addressing the latter issue first, Dell argues that the asserted method claims 2-7 and 9 are defective as a matter of law pursuant to the "divided infringement" principle because Dell does not control the users who access Dell's website over the Internet. <u>Muniauction, Inc. v. Thomson Corp.</u>, 532 F.3d 1318, 1329 (Fed. Cir. 2008) ("where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises 'control or direction over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'").[1] Dell seeks a separate case for these allegedly baseless patent claims, not for reasons of expediency, economy, or prejudice, but rather so that Dell will be in a position to seek costs and exceptional case attorneys' fees in the event it becomes the prevailing party on only Claims 2-7 and 9, even if it lost the case as to Claim 1. Dell does not seek bifurcation of patent claims for separate trial in the same case to the same jury. Lucent opposes the motion and presented its substantive analysis that Dell is directly infringing each step of the method claims in suit.

As to the procedural aspect of Dell's request, this Motion has all the earmarks of a summary adjudication motion of non-infringement of Claims 2-7 and 9; however, Dell expressly states that it is not seeking summary adjudication and the court will not treat it as such. Obviously, if summary adjudication on Claims 2-7 and 9 were granted, Claim 1 would remain in the case. If Dell then lost the verdict on Claim 1, it would not be the prevailing party, and would not be entitled to any court costs, let alone exceptional case relief. Only if Dell prevailed on all claims of the '131 patent here in dispute would it have standing to request exceptional case relief in addition to court costs. See <u>Manildra Milling Corp. v. Ogilvie</u>

---

[1] On a housekeeping note, Dell filed its motion on October 8, 2008. [#2257] Dell's separate motion for summary judgment was scheduled to be heard on October 14th, and a clerk mistakenly noticed the newly-filed motion for that same date. [# 2260] Before the clerk clarified the confusion, Dell submitted a supplemental brief because it was under the impression that it would not have time to file a reply brief. Because Dell's opening brief was only six pages, the Court will consider the six-page supplemental brief. Local Civ. R. 7.1(h) (limiting brief to 25 pages). Lucent had adequate time to consider the supplemental brief before filing its opposition on October 27th, and Dell thereafter filed a reply brief.

1  Mills, Inc., 76 F.3d 1178, 1182-83 (Fed.Cir. 1996).

2     The basis for Dell's motion is to create the possibility for Dell to become the prevailing party in one case on part of the '131 patent, even if Lucent is the prevailing party on the other part of the patent.  That basis is not only fraught with additional issues of res judicata, bar, and duplication of effort and expense, but sets up the potential for accomplishing indirectly that which is not permitted directly.

     The Court finds that Dell's motion under Federal Rule of Civil Procedure 42(b) is not meritorious for all the reasons stated above, and accordingly the Court DENIES Defendants' Motion to Sever [#2258], and GRANTS the Motion for Leave to File a Supplemental Memorandum [#2261].

     IT IS SO ORDERED.

DATED:  November 17, 2008

Hon. Rudi M. Brewster
United States Senior District Court Judge