James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Joseph A. Micallef (Admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Joel M. Freed (Admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Attorneys for *Dell Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff and Counterclaim-defendant, <br><br> v. <br><br> GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener and Counter-claimant, | Case No. 02-CV-2060 B (CAB) consolidated with Case No. 03-CV-0699 B (CAB) and Case No. 03-CV-1108 B (CAB) <br><br> **MEMORANDUM IN SUPPORT OF MOTION OF DELL INC. FOR SUMMARY JUDGMENT OF CLAIMS 2-7 AND 9 OF U.S. PATENT NO. 5,649,131 TO ACKERMAN ET AL.** <br><br> Judge Rudi M. Brewster <br><br> Hearing: January 12, 2009, at 2:00 p.m. <br> Location: 4th Floor, Courtroom 2 |

| | |
|---|---|
| MICROSOFT CORPORATION, | ) |
| Plaintiff and Counter-defendant, | ) |
| v. | ) |
| LUCENT TECHNOLOGIES, INC., | ) |
| Defendant and Counter-claimant, | ) |
| LUCENT TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| DELL INC., | ) |
| Defendant. | ) |

## I. INTRODUCTION

The asserted method claims 2-7 and 9 of U.S. Patent No. 5,649,131 to Ackerman et al. ("the Ackerman patent") require the combined activity of multiple actors to perform the claimed methods. Lucent's infringement contentions implicate the use of both Dell web servers (the accused "host processor") and client computers operated and owned by the general public and accessing Dell web pages over the Internet (the accused "terminal devices"). Lucent must therefore proceed on a theory of joint infringement, which requires it to show that Dell's web servers "control or direct" the activity at the terminal device such that the law would traditionally hold Dell vicariously liable for that activity.

> Under *BMC Resources*, the control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method.

*Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1330 (Fed. Cir. 2008).

Here, Lucent alleges that at least some of the requirements of the asserted claims are met by functionality occurring at a client computer and initiated by the user of that computer. Dell does not control or direct the activity of such Internet users. Rather, Dell web servers merely transmit certain computer commands to the user's client computer. At most, those commands can be said to cooperate with the client computer to make the functionality accused by Lucent *available* to the user, but it is the user who chooses to trigger that functionality, not Dell. Dell does not therefore "control or direct" each step of the claimed process and certainly could not have traditionally been held vicariously liable for sending such computer commands over the Internet. Accordingly, Dell cannot be held liable for infringement of these claims as a matter of law even assuming Lucent's factual allegations are correct, and respectfully requests summary judgment on that basis.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Each of the asserted claims 2-7 and 9, requires steps performed at a "host processor" and at least one step performed at a "terminal device."[1]  Independent claims 2-4, for example, require the

---

[1] A "host processor," as construed by this Court, refers to "a computer that communicates with one or more users to provide services such as transaction processing or database access." Ex. A at 6
(Footnote Cont'd on Following Page)

- 1 -

step of a terminal device transmitting information to a "host processor" in response to the manipulation of certain information at the terminal device. Claim 2 is exemplary:

> 2. A method of operating <u>a host processor communicating with a terminal device</u>, said method comprising the steps of
>
> assigning an identifier to a respective one of a plurality of input object types,
>
> **transmitting** said identifier and its respective input object type **to said device**, and
>
> **responding to a manipulation of the object <u>at said terminal</u> by transmitting <u>to said processor</u>** a) said identifier and b) data representative of said manipulation, wherein said manipulation includes at least selection of said object; entry of data; or retrieval of display data.

Ex. B at 36 (Ackerman pat. at 17:54-17:65) (emphasis added) [2]. Independent claim 5 and its dependent claims 6-7 and 9 also require steps performed at both the host processor and the terminal device:

> 5. A method of operating <u>a host processor communicating with a terminal device</u>, said method comprising the steps of
>
> assigning an identifier to a respective one of a plurality of predefined presentation data types, said host being the originator of said identifier and said presentation data types,
>
> transmitting said identifier and its respective presentation data type to said device, and
>
> further **transmitting to said device at least a first datum**, and
>
> **providing <u>at said device</u> a second datum that is a function of said first datum.**

*Id.* at 37 (Ackerman pat. at 19:11-22) (emphasis added).

---

(Footnote Cont'd From Previous Page)

(Second Amended Order Construing Claims for U.S. Patent Number 5,649,131 (Following Remand)). A "terminal device," as here relevant, refers to "a computing device such as data terminal, workstation, portable computer, or smart phone that enables a user to communicate with a host processor." *Id.*

[2] Unless otherwise noted, "Ex. ___" refers to the corresponding exhibit attached to the Declaration of Joseph A. Micallef in Support of Motion of Dell Inc. for Summary Judgment of Claims 2-7 and 9 of U.S. Patent No. 5,649,131 to Ackerman et al. filed concurrently herewith.

- 2 -

CASE NO. 02-CV-2060-B (CAB) consolidated with CASE NO. 03-CV-0699-B (CAB) and CASE NO. 03-CV-1108-B (CAB)
MEMORANDUM IN SUPPORT OF MOTION OF DELL INC. FOR SUMMARY JUDGMENT
OF CLAIMS 2-7 AND 9 OF U.S. PATENT NO. 5,649,131 TO ACKERMAN ET AL

1   According to Lucent, these claims are satisfied by the combined activity of Dell web servers
2   and "client computers" operated by users on the Internet who seek to access Dell's website. *See,*
3   *e.g.,* Ex. C at 80-81 (Lucent's Ninth Supplemental Response To Interrogatory No. 2 From Microsoft
4   And Dell). The host processor of the claims, as alleged by Lucent, is met by "each web server
5   hosting a Dell Web Site" allegedly because each web server "communicates via the Internet ***with***
6   ***the user*** by transmitting information to the user's computing device . . . ." *Id.* at 81 (emphasis
7   added). Lucent says the claims are met when "***[u]sers access a web server*** hosting a Dell Web Site
8   through a computing device, typically a desktop or portable computer, running an Internet browser
9   such as Microsoft Internet Explorer." *Id.* (emphasis added).

10   To supposedly exemplify the "responding to a manipulation of the object at said terminal by
11   transmitting to said processor" step of claims 2-4, Lucent describes "entering text in a text box and
12   ***then pressing the Enter key*** [*i.e.*, by the user] results in the user-entered text, along with the NAME
13   of the text entry form element, being transmitted from the terminal device to the web server." *Id.* at
14   84, 89-96 (emphasis added). Similarly, regarding claim 5 and the claimed "*providing at said*
15   *[terminal] device* a second datum that is a function of said first datum", Lucent points to
16   documentation according to which Dell's Web site requests a "cookie" be saved at the client
17   computer and the user can press an "Allow Cookie" button displayed on the screen of the client
18   computer:

Ex. D at 108 (Documents Produced by Lucent in Support of Lucent's Ninth Supplemental Response to Interrogatory No. 2 from Microsoft and Dell, produced with Bates range LUC1302396 - LUC1302418).   There is thus no dispute that the allegedly infringing activity does not occur until the user of the client computer takes action (*e.g.*, pressing the Enter key or Allow Cookie key ) to trigger that activity.

### III.   APPLICABLE LEGAL STANDARD

Summary judgment should be granted where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The federal rules mandate summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is upon the moving party to establish the absence of genuine issues of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where, as here, the nonmoving party has the burden of proof at trial, the moving party need only point to a lack of evidence and has no burden to disprove the nonmoving party's claim. *See Celotex*, 477 U.S. at 325.

The non-moving party must then come forward with evidence demonstrating a genuine issue as to a material fact, and such evidence must consist not merely of denials or assertions that a fact is challenged. *See id.* at 324. If the non-moving party fails to make a sufficient factual showing as to any element of its case on which it bears the burden of proof at trial, the "plain language of Rule 56(c) mandates the entry of summary judgment." *Id.* at 322. "Summary judgment is as appropriate in a patent case as it is in any other case." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 672 (Fed. Cir. 1990).

Lucent has the burden of proving infringement. *See Under Sea Indus., Inc. v. Dacor Corp.*, 833 F.2d 1551, 1557 (Fed. Cir. 1987). And it is axiomatic that direct infringement of a method claim required a single party to perform every limitation of the asserted claim. *Warner-Jenkinson Co. v. Hilton Davis Corp.*, 520 U.S. 17, XXX (1997); *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993). In *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) and

- 4 -

*Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008), the Federal Circuit explained that liability cannot be avoided by having a third party perform certain steps. But more than just arms-length cooperation is required. The plaintiff must show that the accused infringer would be "vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." *Id.* at 1330.

## IV.   ARGUMENT

### A.   Lucent Cannot Establish the Requirements For Joint Infringement

Here, it is the user of the client computer who ultimately chooses to trigger the functionality required for infringement under Lucent's allegations. "Courts faced with a divided infringement theory have also generally refused to find liability where one party did not control or direct each step of the patented process." *BMC Resources,* 498 F.3d at 1381. Moreover, Lucent has no evidence that the law would traditionally hold Dell liable for sending commands to a client computer over the Internet and giving the user the option to press Enter or Allow Cookie keys. But that is the burden the Federal Circuit has placed on Lucent, *Muniauction*, 532 F.3d at 1330, and failure to provide any evidence even remotely relevant to that standard requires entry of judgment against Lucent. *Id.*; *see also Emtel, Inc. v. Lipidlabs, Inc.* 2008 WL 4450310, *19 (S.D. Tex. Sept. 30, 2008) ("[F]or liability to attach, a defendant must direct or control the third party in its performance of the claimed steps of the patented method, such that the defendant could be vicariously liable for the third party's performance. . . . Giving instructions or prompts to the third party in its performance of the steps necessary to complete infringement, or facilitating or arranging for the third-party's involvement in the alleged infringement, are not sufficient.").

This same conclusion—that the relationship between website providers and website users is insufficient to satisfy the "control or direction" standard for a finding of joint infringement—was reached by a Florida District Court considering facts virtually identical to those presented here. In *Global Patent Holdings, LLC, v. Panthers BRHC, LLC*, 2008 WL 3833219 (S.D. Fla. Aug. 13, 2008), just as here, the plaintiff's infringement allegations accused the activity of the defendant's web servers along with the activity of users on the Internet through the operation of client computers. *Id.* at *1. The patentee alleged, just as Lucent does here, that the "direction or control" required by

- 5 -

CASE NO. 02-CV-2060-B (CAB) consolidated with CASE NO. 03-CV-0699-B (CAB) and CASE NO. 03-CV-1108-B (CAB)
MEMORANDUM IN SUPPORT OF MOTION OF DELL INC. FOR SUMMARY JUDGMENT
OF CLAIMS 2-7 AND 9 OF U.S. PATENT NO. 5,649,131 TO ACKERMAN ET AL

*Muniauction*, *supra*, was satisfied by the web server sending computer commands—Javascript commands, just as here—to the client computers on the Internet. *Id*. The defendant in Global Patent Holdings moved to dismiss the complaint for failure to state a claim for which relief can be granted on the ground that such "control" was not the kind of control that could satisfy *Muniauction*. *Id*. The district court agreed, noting that the Federal Circuit's standard described in *Muniauction* required a contractual obligation or other relationship that gives rise to vicarious liability in order for a court to find "direction or control." *Id*. at *3.

> Plaintiff claims that this action is "controlled" by Defendant because Defendant puts JavaScript programs on the remote user's computer to allow the process to begin. Nevertheless, the Court does not believe this "control" is sufficient "direction or control" over the remote computer user. **Plaintiff has, in no way, alleged that remote users are contractually bound to visit the website, it has not alleged that the remote users are Defendant's agents who visit the website within the scope of their agency relationship nor has it alleged any facts which would render Defendant otherwise vicariously liable for the acts of the remote user.**

*Id.* (emphasis added).

Here, as in *Global Patent Holdings*, Lucent has in no way advanced evidence, or even alleged that remote Internet users are contractually bound to interact with the Dell website, that they are Dell's agents who visit the website within the scope of their agency relationship or any facts which would render Dell otherwise vicariously liable for the acts of the Internet user. Dell is therefore entitled to summary judgment as a matter of law, and respectfully requests entry of such judgment.

## V. CONCLUSION

For the reasons stated above, Dell respectfully requests this Court grant summary judgment for Dell on claims 2-7 and 9.

December 3, 2008

ARNOLD & PORTER LLP

McDERMOTT WILL & EMERY LLP

By: ____s/Joseph A. Micallef____
Joseph A. Micallef
joseph.micallef@aporter.com
Attorneys for Dell Inc.